UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAHER CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY, and NORTH RIVER INSURANCE COMPANY,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Danaher Corporation ("Danaher" or "Plaintiff") as and for its Complaint against Defendants, alleges as follows:

## NATURE OF ACTION

1. This action is for a declaration as to the Defendants' obligations, under certain insurance policies, to defend and/or indemnify past and future silica- and asbestos- related claims asserted against Danaher, in relation to liabilities arising from its former subsidiary, Chicago Pneumatic Tool Company (the "Underlying Claims"); for compensatory and consequential damages sustained by Plaintiff; and for extra-contractual and/or punitive damages.

## THE PARTIES

**Plaintiff:**

2.  Danaher is a Delaware corporation with its principal place of business at 2099 Pennsylvania Avenue, NW, Washington, D.C.

**Defendants**:

3.  Defendant The Travelers Indemnity Company ("Travelers Indemnity") is an insurance company incorporated in the State of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut.

4.  Defendant Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company ("Travelers C&S") is an insurance company incorporated in the State of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut.

5.  Defendant North River Insurance Company ("North River") is an insurance company incorporated in the State of New Jersey, with its principal place of business at 305 Madison Avenue, Morristown, New Jersey.

6.  The foregoing Defendant insurance companies are hereinafter collectively referred to as "Defendants." Travelers Indemnity and Travelers C&S may be hereinafter collectively referred to as the "Travelers Defendants."

## CORPORATE HISTORY

7.  Pursuant to an April 22, 1987 "Stock Purchase Agreement," on June 4, 1987, Danaher conveyed 100% of the stock of Chicago Pneumatic Tool Company ("Chicago Pneumatic") to Atlas Copco North America, Inc. ("Atlas Copco").

8.  Under the terms of the Stock Purchase Agreement, Danaher retained liability for products liability losses arising from products manufactured by Chicago Pneumatic prior to June 4, 1987, and obtained rights to receive the proceeds of insurance policies covering any such losses.

## JURISDICTION AND VENUE

9. This Court possesses subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332. This action is brought by Danaher, a Delaware corporation with its principal place of business in Washington, D.C., against Defendants, all residents of other states. The amount in controversy exceeds the jurisdictional amount.

10. Venue properly lies in this district, under 28 U.S.C. § 1391, because the insurance policies at issue in this matter were sold to Chicago Pneumatic while it had its principal place of business in New York, New York.

## THE INSURANCE POLICIES

11. Between January 1, 1936 and January 1, 1970, Travelers C&S issued and/or sold primary comprehensive general liability ("CGL") policies to Chicago Pneumatic. Between January 1, 1970 and April 1, 1987, Travelers Indemnity issued and/or sold such CGL policies to Chicago Pneumatic and/or Danaher Corporation.

12. Between April 1, 1979 and April 1, 1982, North River issued and/or sold to Chicago Pneumatic various umbrella and excess insurance policies including, without limitation, the following: policy number JU 0649 (policy period 4/1/1979 to 4/1/1980); policy number JU 0649 (policy period 4/1/1980 to 4/1/1981); policy number JU 0649 (policy period 4/1/1981 to 4/1/1982).

13. The insurance policies set forth in the foregoing paragraphs are hereinafter collectively referred to as the "Policies."

## THE UNDERLYING CLAIMS

14. Chicago Pneumatic has been named as a defendant in silica- and asbestos-related liability claims, defined herein as the "Underlying Claims," throughout the United States. The Underlying Claims have required Danaher to incur defense and/or indemnity costs that Defendants have not reimbursed and/or for which Defendants otherwise have unreasonably refused to provide insurance coverage in accordance with their contractual obligations.

15. The Underlying Claims allege third-party bodily injury due to silica and/or asbestos exposure.

16. The majority of the Underlying Claims have been asserted by individuals who allege that they sustained lung injuries due to exposure to air compressors manufactured by Chicago Pneumatic.

17. Danaher has incurred losses as a result of settlements of certain Underlying Claims. Additionally, Danaher has incurred, and is likely to incur in the future, defense costs, including but not limited to counsel fees and other litigation costs, in connection with the Underlying Claims.

18. Each of the Underlying Claims alleges or allegedly involves third-party bodily injury caused by an "accident" or caused by or resulting from an "occurrence" within the meaning of the Policies.

19. Each of the Underlying Claims alleges or allegedly involves third-party bodily injury taking place during one or more of the policy periods set forth in each of the Policies.

20. Defendants are liable to indemnify and/or defend Danaher for the Underlying Claims under their respective insurance policies.

21. Danaher has given timely notice of the Underlying Claims in accordance with its obligations under the Policies, and has otherwise complied with all conditions precedent to coverage therein.

22. Coverage for the Underlying Claims is not barred under the Policies by any policy exclusion, condition or other provision.

23. Defendants unreasonably have failed to recognize or have otherwise disputed their obligations to fully defend Danaher and to pay Danaher's defense costs in connection with the Underlying Claims; and/or unreasonably have failed to recognize or otherwise have disputed their obligations to indemnify fully Danaher for its liabilities in connection with the Underlying Claims; and/or unreasonably have failed to perform their obligations under the Policies.

## FIRST CAUSE OF ACTION

### (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

24. Danaher repeats and realleges the allegations contained in the foregoing Paragraphs 1 through 23, as if fully set forth at length herein.

25. Under the terms of the Policies, the Defendants are obligated to defend Danaher and pay for Danaher's defense costs in connection with the Underlying Claims.

26. In breach of their respective obligations under the Policies, Defendants wrongfully have refused to defend and/or indemnify Danaher fully for all costs and damages incurred in connection with the Underlying Claims.

27. As a direct and proximate result of the Defendants' breaches, Danaher has incurred, and is likely in the future to incur, substantial actual costs and damages, and such damages are continuing.

28. Danaher has performed properly all of the obligations required of it under the Policies.

29. Danaher has complied with all conditions, including any conditions precedent, under the Policies.

30. An actual controversy of a justiciable nature presently exists between Danaher and the Defendants regarding the Defendants' coverage obligations for the Underlying Claims under the Policies, as to which declaratory relief is proper pursuant to 28 U.S.C. § 2201.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

31. Danaher repeats and realleges the allegations contained in the foregoing Paragraphs 1 through 30, as if fully set forth at length herein.

32. The Defendants have breached their respective obligations under the Policies by wrongfully refusing to defend and/or indemnify Danaher fully for all costs and damages incurred in connection with the Underlying Claims.

33. As a direct and proximate result of the Defendants' breaches, Danaher has incurred, and is likely to incur in the future, substantial actual costs and compensatory and consequential damages, and such costs and damages are continuing.

## THIRD CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST THE TRAVELERS DEFENDANTS)

34. Danaher repeats and realleges the allegations contained in the foregoing Paragraphs 1 through 33, as if fully set forth at length herein.

35. The Defendants owe Danaher a duty of good faith and fair dealing. Implied in each of the policies issued by Defendants is a covenant by the insurer by which it would: (1) act in good faith and deal fairly with Danaher; (2) do nothing to interfere with the right of Danaher to receive the benefits of the policies, including a zealous defense from defense counsel; (3) give the interests of Danaher as much consideration as its own interests; (4) exercise diligence, good faith and fidelity in safeguarding Danaher's interests; (5) settle underlying claims reasonably within its policy limits; and (6) deal ethically with Danaher and fairly and adequately inform Danaher with respect to the nature and scope of Danaher's insurance coverage.

36. In breach of this implied covenant, the Travelers Defendants have unreasonably refused to recognize their respective obligations to defend and/or indemnify Danaher fully for the Underlying Claims.

37. The actions of the Travelers Defendants, as set forth above, are intentional, willful, wanton and/or in reckless disregard of Danaher's rights under the respective Policies, and/or common law.

38. As a proximate and foreseeable result of the Travelers Defendants' wrongful conduct, Danaher has sustained and will sustain substantial compensatory and consequential damages and, in addition, is entitled to an award of punitive damages against the Travelers Defendants.

WHEREFORE, Plaintiff prays for judgment as follows:

### WITH RESPECT TO THE FIRST CAUSE OF ACTION

39. That this Court enter declaratory judgment, pursuant to adjudicating the respective rights and duties of Plaintiff and the Defendants under the Policies in connection with all past and future Underlying Claims against Chicago Pneumatic; and for equitable relief directing the Defendants to comply fully with their respective defense and indemnity obligations under the Policies, and/or such relief at law as is fitting in connection with such Underlying Claims, pursuant to 28 U.S.C. §§ 2201 & 2202.

### WITH RESPECT TO THE SECOND CAUSE OF ACTION

40. That this Court enter a judgment awarding compensatory and consequential damages to Plaintiff and against the Defendants as a result of their breaches of their contractual duties to defend and/or indemnify Danaher in connection with the Underlying Claims.

### WITH RESPECT TO THE THIRD CAUSE OF ACTION

41. That this Court enter a judgment for damages against the Travelers Defendants including, but not limited to compensatory, consequential, extra-contractual and punitive damages as a result of their breach of the implied covenant of good faith and fair dealing in connection with the Underlying Claims.

## WITH RESPECT TO ALL CAUSES OF ACTION

42. For such orders, including injunctive relief, that are necessary to preserve this Court's jurisdiction over the parties and issues herein; for pre-judgment and post-judgment interest according to law; for coverage of attorneys' fees, filing fees, and costs of this suit; and for such other and further relief as the Court may deem equitable and proper.

43. Plaintiff hereby requests a trial by jury for all issues so triable.

Dated: January 7, 2010

By: *(signature)*
Gita F. Rothschild
Brian J. Osias
McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, NY 10167
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Plaintiff
    Danaher Corporation