Robert W. Mauriello, Jr.
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
rmauriello@GrahamCurtin.com
Attorneys for Defendants
The Travelers Indemnity Company
Travelers Casualty and Surety Company
(f/k/a The Aetna Casualty and Surety Company)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAHER CORPORATION, | Civil Action No. 10 CIV 0121 |
| Plaintiff, | Honorable Barbara S. Jones, U.S.D.J. |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY, and NORTH RIVER INSURANCE COMPANY, | ANSWER, SEPARATE DEFENSES, COUNTERCLAIM AND CROSSCLAIM TO COMPLAINT AND THIRD PARTY COMPLAINT |
| Defendants. | |
| THE TRAVELERS INDEMNITY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY, | |
| Third Party Plaintiffs, | |
| v. | |
| ATLAS COPCO NORTH AMERICA, INC. (as successor to CHICAGO PNEUMATIC TOOL COMPANY), | |
| Third Party Defendant. | |

923637_1

Defendants The Travelers Indemnity Company and Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company (collectively, "Travelers"), by way of Answer to the Complaint of Plaintiff Danaher Corporation ("Danaher"), say:

## NATURE OF ACTION

1. Paragraph 1 merely contains statements to which no responsive pleading is required. To the extent that a responsive pleading is required, Travelers denies the allegations contained in paragraph 1.

## THE PARTIES

Plaintiff:

2. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

Defendants:

3. Travelers denies the allegations contained in paragraph 3, except it admits that The Travelers Indemnity Company is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

4. Travelers denies the allegations contained in paragraph 4, except it admits that Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company, is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford Connecticut.

5. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Paragraph 6 merely contains statements to which no responsive pleading is required. To the extent a responsive pleading is required, Travelers denies the allegations contained in paragraph 6.

## CORPORATE HISTORY

7. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9. Travelers neither admits nor denies the legal conclusions contained in paragraph 9. To the extent a responsive pleading is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Travelers neither admits nor denies the legal conclusions contained in paragraph 10. To the extent a responsive pleading is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

## THE INSURANCE POLICIES

11. Travelers denies the allegations contained in paragraph 11, except it admits that it issued certain policies of insurance to the named insureds identified therein ("Travelers Policies") and refers to the Travelers Policies for their precise terms, conditions and exclusions.

12. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Paragraph 13 merely contains statements to which no responsive pleading is required. To the extent a responsive pleading is required, Travelers denies the allegations contained in paragraph 13.

## THE UNDERLYING CLAIMS

14. Travelers denies the allegations asserted against it in paragraph 14, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 14.

15. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Travelers denies the allegations asserted against it in paragraph 18 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 18.

19. Travelers denies the allegations asserted against it in paragraph 19 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 19.

20. Travelers denies the allegations asserted against it in paragraph 20, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 20.

21. Travelers denies the allegations asserted against it in paragraph 21 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 21.

22. Travelers denies the allegations asserted against it in paragraph 22 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 22.

23. Travelers denies the allegations asserted against it in paragraph 23 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 23.

## FIRST CAUSE OF ACTION

### (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

24. Travelers incorporates by reference its responses to the allegations contained in paragraphs 1 through 23 as if set forth at length herein.

25. Travelers denies the allegations asserted against it in paragraph 25 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 25.

26. Travelers denies the allegations asserted against it in paragraph 26 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 26.

27. Travelers denies the allegations asserted against it in paragraph 27, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 27.

28. Travelers denies the allegations asserted against it in paragraph 28 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 28.

29. Travelers denies the allegations asserted against it in paragraph 29 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 29.

30. Travelers denies the allegations asserted against it in paragraph 30, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 30.

SECOND CAUSE OF ACTION

(BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

31. Travelers incorporates by reference its responses to the allegations contained in paragraphs 1 through 30 as if set forth at length herein.

32. Travelers denies the allegations asserted against it in paragraph 32 and refers to the Travelers Policies for their precise terms, conditions and exclusions. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 32.

33. Travelers denies the allegations asserted against it in paragraph 33, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 33.

### THIRD CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST THE TRAVELERS DEFENDANTS)

34. Travelers incorporates by reference is responses to the allegations contained in paragraphs 1 through 33 as if set forth at length herein.

35. Travelers denies the allegations asserted against it in paragraph 35 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

36. Travelers denies the allegations contained in paragraph 36 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

37. Travelers denies the allegations contained in paragraph 37 and refers to the Travelers Policies for their precise terms, conditions and exclusions.

38. Travelers denies the allegations contained in paragraph 38.

### WITH RESPECT TO THE FIRST CAUSE OF ACTION

39. Travelers denies any allegations asserted against it in paragraph 39, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 39.

WITH RESPECT TO THE SECOND CAUSE OF ACTION

40. Travelers denies any allegations asserted against it in paragraph 40, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 40.

WITH RESPECT TO THE THIRD CAUSE OF ACTION

41. Travelers denies the allegations contained in paragraph 41.

WITH RESPECT TO ALL CAUSES OF ACTION

42. Travelers denies any allegations asserted against it in paragraph 42, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 42.

43. Paragraph 43 merely contains statements to which no responsive pleading is required. To the extent a responsive pleading is required, Travelers denies any allegations asserted against it in paragraph 43, but is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted against any other defendant in paragraph 43.

SEPARATE DEFENSES

FIRST SEPARATE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as alleged against Travelers.

## SECOND SEPARATE DEFENSE

(Statute of Limitations)

Upon information and belief, the claims asserted in the Complaint may be barred by the applicable statute of limitations.

## THIRD SEPARATE DEFENSE

(Laches and/or Waiver)

Upon information and belief, the claims asserted in the Complaint may be barred by the equitable doctrines of laches and/or waiver.

## FOURTH SEPARATE DEFENSE

(Equitable Estoppel)

Upon information and belief, the claims asserted in the Complaint may be barred by the doctrine of equitable estoppel.

## FIFTH SEPARATE DEFENSE

(Failure to Join Necessary and Indispensable Parties)

The Complaint may be subject to dismissal for failure to join necessary and indispensable parties to this action, including parties whose identities are currently unknown to Travelers.

## SIXTH SEPARATE DEFENSE

(Failure to Particularize Claims)

The Complaint does not describe the claims made against Travelers with sufficient particularity to enable Travelers to determine all defenses (including defenses based upon the terms, conditions or exclusions of the Travelers Policies) it has in response to this suit. Travelers therefore reserves its right to assert any and all additional defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

## SEVENTH SEPARATE DEFENSE

(Failure to Disclose Material Facts)

To the extent the insured or Danaher negligently or intentionally failed to disclose or misrepresented facts that were material to the risks undertaken by Travelers, and Travelers relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Travelers Policies and would not have issued, renewed or continued in force such Travelers Policies but for the acts or omissions of the insured, Danaher's claims asserted in the Complaint are barred and the Travelers Policies are void *ab initio*.

## EIGHTH SEPARATE DEFENSE

(Failure to Perform Condition Precedent)

To the extent the insured or Danaher has failed to perform all of its obligations under the Travelers Policies, the claims asserted in the Complaint are barred, in whole or in part.

## NINTH SEPARATE DEFENSE

(Failure to Give Timely Notice)

Upon information and belief, the insured or Danaher under the Travelers Policies had notice of conditions, events or damages referred to in the Complaint and failed to give timely notice to Travelers in accordance with the terms of the Travelers Policies.  To the extent that the insured or Danaher failed to give Travelers timely notice, these failures prejudiced Travelers and caused it irreparable harm.

## TENTH SEPARATE DEFENSE

(Failure to Mitigate Damages)

To the extent that the insured or Danaher failed to mitigate, minimize or avoid any damages referred to in the Complaint, any liability of the insured or Danaher for such damage is not covered under the Travelers Policies.

## ELEVENTH SEPARATE DEFENSE

(Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Travelers Policies.

## TWELFTH SEPARATE DEFENSE

(Alleged Policies)

The claims asserted in the Complaint are barred, in whole or in part, to the extent that the insured or Danaher is unable to prove the existence, terms, conditions, exclusions, endorsements, limits and effective period of each Travelers Policy.

<u>THIRTEENTH SEPARATE DEFENSE</u>

(Events Do Not Constitute an "Occurrence" or "Accident")

Upon information and belief, the claims asserted in the Complaint are barred, in whole or in part, because the events giving rise to the damage alleged herein do not constitute an "occurrence" or "accident" within the meaning of the Travelers Policies.

<u>FOURTEENTH SEPARATE DEFENSE</u>

(No Bodily Injury or Property Damage)

Upon information and belief, the claims asserted in the Complaint are barred, in whole or in part, because the damages asserted in the Complaint do not constitute bodily injury or property damage within the meaning of the Travelers Policies.

<u>FIFTEENTH SEPARATE DEFENSE</u>

(Damage Not Within the Policy Period)

The Travelers Policies provide coverage only for damage or injury that occurs during each of the Travelers Policies' respective policy period. The claims asserted in the Complaint are barred, in whole or in part, to the extent that any of the damage or injury referred to in the Complaint occurred prior to the commencement or after the expiration of the period during which a Travelers Policy was in effect.

### SIXTEENTH SEPARATE DEFENSE

(Loss Not Sustained by Insured)

The Travelers Policies provide coverage only for liabilities arising out of acts or omissions of the insured as defined in the Travelers Policies. To the extent the Complaint asserts claims for recovery for losses sustained by or attributable to individuals or organizations that do not qualify as an insured under the terms of the Travelers Policies, those claims are barred.

### SEVENTEENTH SEPARATE DEFENSE

(Known Loss/Loss in Progress)

The Travelers Policies do not provide coverage for any loss that was in progress or that was known to the insured or Danaher at the time the Travelers Policies were issued. To the extent that any of the claims in the Complaint seek damages for a loss in progress or known to the insured or Danaher at the time of the issuance of the Travelers Policies, such claims are barred, in whole or in part.

### EIGHTEENTH SEPARATE DEFENSE

(Limits of Liability)

Any duty to Travelers to reimburse or indemnify the insured or Danaher under the Travelers Policies with respect to any of the claims or actions referred to in the Complaint is subject to the applicable deductibles, retentions, retrospective premiums and the limits of liability contained in the Travelers Policies.

## NINTEENTH SEPARATE DEFENSE

(Asbestos Exclusion)

Danaher's claims may be barred in whole or in part to the extent any applicable asbestos exclusion is contained in the Travelers Policies.

## TWENTIETH SEPARATE DEFENSE

(Pollution Exclusion)

Danaher's claims may be barred in whole or in part to the extent any pollution exclusion is contained in the Travelers Policies.

## TWENTY-FIRST SEPARATE DEFENSE

(Loss or Damage as Defined in the Policies)

Danaher's claims are barred, in whole or in part, to the extent that the underlying matters referred to in the Complaint do not arise from loss or damage as those terms are used or defined in the Travelers Policies.

## TWENTY-SECOND SEPARATE DEFENSE

(Failure to Prevent Injury or Damage)

Danaher's claims are barred, in whole or in part, to the extent that the insured or Danaher failed to take, at its own expense, all reasonable steps to prevent bodily injury and/or property damage arising out of the same or similar conditions.

## TWENTY-THIRD SEPARATE DEFENSE

(Loss Assumed by Contract or Agreement)

Danaher's claims are barred, in whole or in part, to the extent that some or all of the alleged liabilities for which it asserts coverage under the Travelers Policies have been assumed pursuant to contract or agreement.

## TWENTY-FOURTH SEPARATE DEFENSE

(Bodily Injury to Insured's Employee)

Danaher's claims are barred, in whole or in part, to the extent that some or all of Danaher's alleged liabilities arise from bodily injury to any employee of the insured or Danaher arising out of and in the course of employment by the insured or Danaher or to any obligation of the insured or Danaher to indemnify another because of damages arising out of such injury.

## TWENTY-FIFTH SEPARATE DEFENSE

(Other Insurance)

The Travelers Policies exclude or reduce coverage to the extent that any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, is available.  The amount of coverage, if any, provided in the Travelers Policies, is reduced in whole or in part, to the extent other valid insurance is available to Danaher.

## TWENTY-SIXTH SEPARATE DEFENSE

(Allocation)

In the event that Travelers is found to be in any way liable in this matter, any coverage must be appropriately allocated to uninsured, self-insured and/or other-insured periods.

## TWENTY-SEVENTH SEPARATE DEFENSE

(Costs, Expenses and Attorneys' Fees)

Danaher is not entitled to recover from Travelers its costs, expenses and attorneys' fees in this action.

## ANSWER TO CROSSCLAIMS

Travelers hereby denies each and every allegation contained in any or all crossclaims which have been or will be filed against it in this matter.

## COUNTERCLAIM AND CROSSCLAIM

Travelers hereby asserts its counterclaim and crossclaim against all parties in this action for contribution, indemnification and/or an appropriate allocation of defense expenses and indemnity payments previously paid by and/or awarded against Travelers in connection with the subject of Danaher's Complaint.

## THIRD PARTY COMPLAINT
## AGAINST ATLAS COPCO NORTH AMERICA, INC.
## AS SUCCESSOR TO CHICAGO PNEUMATIC TOOL COMPANY

Defendants/Third Party Plaintiffs The Travelers Indemnity Company and Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company (collectively, "Travelers"), by way of Third Party Complaint against Third Party Defendant Atlas Copco North America, Inc. as successor to Chicago Pneumatic Tool Company ("Chicago Pneumatic"), say:

1. On January 7, 2010, Danaher Corporation ("Danaher") filed a declaratory judgment action in the United States District Court for the Southern District of New York against Travelers, among other defendants, seeking a determination as to the parties' respective rights and obligations under certain policies of insurance allegedly issued to Danaher's former subsidiary, Chicago Pneumatic Tool Company, in connection with the Underlying Claims (as defined in Plaintiff's Complaint), allegedly arising from Chicago Pneumatic Tool Company's historical products and/or operations.

2. Chicago Pneumatic and/or Danaher have tendered claims to Travelers seeking insurance coverage for, among other things, the Underlying Claims under the Travelers Policies.

923637_1

3. Upon information and belief, Chicago Pneumatic is a corporation organized under the laws of the State of New Jersey and maintains its principal place of business in Pine Brook, New Jersey.

4. Danaher has alleged in its Complaint that, on or about June 4, 1987, Danaher sold all of its stock in the historical Chicago Pneumatic Tool Company to Atlas Copco North America, Inc. pursuant to a stock purchase agreement.

5. Danaher has further alleged that, based on the stock purchase agreement, Danaher "obtained rights to receive the proceeds of insurance policies covering any [products liability] losses" arising from products manufactured by Chicago Pneumatic prior to June 4, 1987 and that, as a result Travelers has an obligation to provide defense and indemnity payments to Danaher under the Travelers Policies.

6. In order to fully and finally resolve the claims asserted by Danaher and Chicago Pneumatic, Travelers seeks a declaration as to the respective rights and obligations of Chicago Pneumatic and Travelers under the Travelers Policies for the Underlying Claims.

## JURISDICTION AND VENUE

7. For the reasons set forth herein, jurisdiction and venue in this Court are proper as to the parties and this Third Party Complaint pursuant to 28 U.S.C. §§1332 and 1391.

## FIRST COUNT

(Declaratory Judgment)

8. Travelers incorporates by reference each and every allegation contained in paragraphs 1 through 7 as if fully set forth herein.

9. An actual controversy exists between Travelers and Chicago Pneumatic as to the scope and extent of insurance coverage available to Danaher and/or Chicago Pneumatic under the Travelers Policies.

10. The terms, conditions and exclusions of the Travelers Policies govern who is entitled to insurance coverage and the scope and extent of insurance coverage for the Underlying Claims under the Travelers Policies.  Travelers expressly reserves its right to assert the terms, conditions and exclusions contained in the Travelers Policies, as well as the Affirmative Defenses set forth in this pleading, as defenses to coverage in connection with past and future Underlying Claims tendered by Danaher and/or Chicago Pneumatic to Travelers.

11. The Travelers Policies do not provide coverage for Underlying Claims to the extent that the claims, in whole or in part, are barred by the terms, conditions or exclusions contained in the Travelers Policies.

12. Any alleged obligation of Travelers to pay either defense or indemnity under the Travelers Policies in connection with an Underlying Claim is subject to the applicable deductibles and limits of liability set forth in the Travelers Policies and Travelers is entitled to a Declaratory Judgment in that regard that is binding upon both Danaher and Chicago Pneumatic.

<u>SECOND COUNT</u>

(Allocation of Defense and Indemnity Payments)

13. Travelers repeats each and every allegation contained in Paragraphs 1 through 12 as if set forth at length herein.

14. To the extent that it is determined that Danaher and/or Chicago Pneumatic are entitled to coverage under the Travelers Policies, an actual controversy exists between the parties concerning the parties' respective rights and obligations with respect to the allocation of

defense and/or indemnity payments made or to be made in connection with Underlying Claims, including but not limited to the obligations of Danaher and/or Chicago Pneumatic to pay amounts attributable to periods in which there is no applicable insurance coverage or where such coverage has been exhausted or is otherwise unrecoverable.

15.  To the extent that Danaher and/or Chicago Pneumatic are entitled to coverage under their respective insurance policies, Travelers is only obligated, if at all, to participate in the defense and/or indemnity of Chicago Pneumatic in the Underlying Claims for its pro-rata, time-on-the-risk share, and Danaher and/or Chicago Pneumatic and/or their other insurers are responsible for amounts attributable to periods other than the periods of the Travelers Policies.

16.  There exists between the parties a substantial, bona fide, actual and justiciable dispute regarding the parties' respective rights and obligations with respect to the allocation of defense and/or indemnity payments made or to be made in connection with Underlying Claims.

17.  Travelers is entitled to a declaration of the parties' respective rights and obligations with respect to the allocation of defense and indemnity payments made or to be made in connection with Underlying Claims, including but not limited to the obligations of Chicago Pneumatic for amounts attributable to periods in which there is no applicable insurance coverage or such coverage has been exhausted or is otherwise unrecoverable.

WHEREFORE, Travelers respectfully requests that this Court determine and enter judgment:

(a)  dismissing the Complaint, with prejudice;

(b) declaring that Travelers has no obligation with respect to any of the Underlying Claims at issue under any of the alleged Travelers Policies, as referred to in the Complaint;

(c) declaring that, to the extent Travelers has any defense or indemnity obligation under the Travelers Policies for the claims at issue, then Travelers responsibility is limited to its proportionate share of such obligations and that an appropriate allocation between and among the parties is made; and

(d) awarding Travelers such further relief that this Court deems just and proper.

> GRAHAM CURTIN, P.A.
> Attorneys for Defendants
> The Travelers Indemnity Company
> Travelers Casualty and Surety Company
> (f/k/a The Aetna Casualty and Surety Company)
>
>
> By:   s/ Robert W. Mauriello, Jr.
>         Robert W. Mauriello, Jr.

Dated: February 26, 2010