```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
DANAHER CORPORATION,                 :  10 Civ. 0121 (JPO) (JCF)
                                     :
            Plaintiff,               :       REPORT AND
                                     :     RECOMMENDATION
    - against -                      :
                                     :
THE TRAVELERS INDEMNITY COMPANY,     :
et al.,                              :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE J. PAUL OETKEN, U.S.D.J.:

    Third-party defendant Atlas Copco North America, LLC[1] ("Atlas Copco") moves for partial summary judgment against defendant and third-party plaintiffs The Travelers Indemnity Co. and Travelers Casualty and Surety Co. (collectively, "Travelers"), seeking the attorneys' fees Atlas Copco incurred while litigating a prior motion for partial summary judgment on the issue of Travelers' duty to defend Atlas Copco in certain asbestos- and silica-related actions (the "underlying actions"). For the reasons that follow, I recommend granting the motion.

Background

    This action, filed on January 7, 2010, is a dispute about insurance coverage for silica-exposure and asbestos-exposure claims against Chicago Pneumatic Tool Co. ("Chicago Pneumatic"), a company

---

[1] This entity was erroneously sued as "Atlas Copco North America, Inc." (Answer, Affirmative Defenses and Counterclaim of Third-Party Defendant Atlas Copco North America LLC (as Successor to Chicago Pneumatic Tool Company) to Third-Party Complaint of the Travelers Indemnity Company and Travelers Casualty and Surety Company and Cross Claim against North River Insurance Company ("Atlas Copco Ans."), attached as Exh. B to Certification of Robert W. Mauriello, Jr. dated Nov. 30, 2012 ("Mauriello Cert."), at 1).

1

that was acquired in 1986 by the plaintiff, Danaher Corp., and sold in 1987 to Atlas Copco. (Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and for Declaratory Relief, attached as Exh. A to Mauriello Cert., ¶¶ 1, 8; Amended Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Declaratory Relief ("Am. Compl."), ¶¶ 1, 16). Danaher sued certain of Chicago Pneumatic's insurers, including Travelers, seeking, among other things (1) a declaration of the insurers' obligations to defend and indemnify it for claims arising from products manufactured by Chicago Pneumatic prior to June 4, 1987, for which Danaher retains liability and (2) damages, including punitive damages, for Travelers' breach of the covenant of good faith and fair dealing. (Am. Compl., ¶¶ 1, 17, 45-48).

On February 26, 2010, Travelers, which issued primary comprehensive general liability policies to Chicago Pneumatic (the "Travelers Policies"), filed a third-party complaint against Atlas Copco "as successor to Chicago Pneumatic," seeking a declaration "as to the respective rights and obligations of Chicago Pneumatic and Travelers under the Travelers Policies," as well as an allocation of defense and indemnity payments, should it be determined that the Travelers Policies required coverage for the underlying claims against Chicago Pneumatic. (Answer, Separate Defenses, Counterclaim and Crossclaim to Complaint and Third Party Complaint ("Travelers Ans."), attached as Exh. A to Certification of Paul Breene dated Oct. 26, 2012 ("Breene Cert."), at 16-19).

Danaher and Atlas Copco eventually filed a motion for partial summary judgment arguing that Travelers had a duty to defend in the

2

underlying actions.  (Brief in Support of Motion for Partial Summary Judgment on the Duty to Defend ("Atlas Copco Duty to Defend Br."), attached as Exh. B to Breene Cert.).  In response, Travelers filed a cross-motion for partial summary judgment seeking dismissal of Danaher's bad faith cause of action and claim for attorneys' fees, as well as denial of the motion for partial summary judgment filed by the Danaher and Atlas Copco.  (Notice of Cross-Motion for Partial Summary Judgment, attached as Exh. C to Breene Cert.).

On September 6, 2012, the Honorable J. Paul Oetken, U.S.D.J., ruling from the bench, granted the motion for summary judgment on the duty to defend.  Specifically, he held that Travelers' duty to defend "flow[s] to Atlas Copco," which "stands in the shoes of Chicago Pneumatic and is the insured" under the Travelers Policies.  (Excerpts of Oral Argument Transcript dated Sept. 6, 2012 ("Tr."), attached as Exh. D to Breene Cert., at 57).  This made it irrelevant that Danaher, which also brought the motion, is not the insured.  (Tr. at 57).  Likewise, any "arrangement[]" between Danaher and Atlas Copco as to which company receives the money owed by Travelers is also irrelevant.  (Tr. at 57).

Ruling on Travelers' cross-motion, Judge Oetken dismissed Danaher's bad faith claim because, in New York, "there is no separate cause of action in tort for [an] insurer's bad faith failure to perform its obligations under an insurance policy." (Tr. at 54).  He further held that Danaher could not recover attorneys' fees from Travelers because: (1) it is not the insured under the Travelers Policies and (2) a prevailing party in an insurance coverage action is not allowed attorneys' fees unless the

insured prevails in an action in which it "has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations."[2]  (Tr. at 55). However, Judge Oetken denied Travelers' cross-motion for summary judgment as to Atlas Copco's entitlement to attorneys' fees, stating:

> [T]here is an argument that when Travelers brought in Atlas Copco, which indisputably is Travelers' insured, it placed Atlas Copco in a defensive position. Thus, it would be premature to rule as a matter of law that Atlas could not obtain attorneys' fees if it ultimately prevails on its claim.

(Tr. at 56).

Atlas Copco's current motion for partial summary judgment seeks to recover the attorneys' fees it incurred "in securing this Court's decision" holding that Travelers has a duty to defend. (Brief of Atlas Copco North America Inc. in Support of its Motion for Partial Summary Judgment that Travelers Indemnity Company Must Pay Atlas Copco's Attorney's Fees Incurred in Securing the Decision Granting Atlas Copco's Motion for Partial Summary Judgment on the Duty to Defend ("Atlas Copco Br.") at 1).  Travelers opposes the motion on two grounds.  First, it contends that an award of attorneys' fees is "premature" because the case includes disputes which remain unresolved, such as "allocation, contribution and declaratory judgment causes of action on the duty to indemnify." (Brief of The Travelers Indemnity Company and Travelers Casualty and Surety Company in Opposition to Atlas Copco North America,

---

[2] Judge Oetken was quoting from U.S. Underwriters Insurance Co. v. City Club Hotel, LLC, 369 F.3d 102, 111 (2d Cir. 2004).

4

Inc.'s Motion for Partial Summary Judgment as to Attorneys' Fees ("Travelers Opp.") at 6-7). Second, Travelers disputes Atlas Copco's entitlement to any attorneys' fees. Travelers argues that its third-party complaint did not place Atlas Copco in a defensive posture because Atlas Copco is a necessary plaintiff to this litigation and thus would have had to be joined even in the absence of the third-party complaint -- that is, Danaher's complaint, not Travelers' third-party complaint, required Atlas Copco's presence. (Travelers Opp. at 7-9).

Discussion

A.   Governing Law

Courts applying New York law[3] have recognized "a narrow exception to the general American rule that a prevailing party cannot recover attorneys' fees." U.S. Underwriters Insurance Co., 369 F.3d at 110 (internal quotation marks omitted). The exception allows recovery of attorneys' fees when an insured "has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." Mighty Midgets, Inc. v. Centennial Insurance Co., 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 564 (1979) (citing Johnson v. General Mutual Insurance Co., 24 N.Y.2d 42, 298 N.Y.S.2d 937 (1969), and Glens Falls Insurance Co. v. United States Fire Insurance Co., 41 A.D.2d 869, 342 N.Y.S.2d 624 (1973)). "The reasoning behind [this rule] is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a

---

[3] The parties agree that New York law applies to this coverage dispute. (Atlas Copco Duty to Defend Br. at 8).

5

defense against an insurer's declaratory judgment action." <u>U.S. Underwriters Insurance Co. v. City Club Hotel, LLC</u>, 3 N.Y.3d 592, 597-98, 789 N.Y.S.2d 470, 473 (2004) (answering question certified by Second Circuit). Thus, it is not so much an exception to the American rule that litigants pay their own fees and expenses, as it is a right that "arises from th[e] contractual duty" to defend. <u>Chase Manhattan Bank v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005</u>, 258 A.D.2d 1, 5, 690 N.Y.S.2d 570, 573 (1st Dep't 1999). Two corollaries follow: (1) the exception applies only in cases where the insurer has a duty to defend and (2) "recovery of counsel fees 'may not be had in an affirmative action by [the insured] to settle its rights.'" <u>Id.</u> at 4, 690 N.Y.S.2d at 573 (quoting <u>Mighty Midgets</u>, 47 N.Y.2d at 21, 416 N.Y.S.2d at 564) (alteration in original).

The rule has its peculiarities. As I have noted before, "It seems anomalous for the entitlement to fees to turn on the fortuity of whether a party to an insurance contract is cast as the plaintiff or defendant." <u>Cowan v. Ernest Codelia, P.C.</u>, No. 98 Civ. 5548, 2001 WL 30501, at *3 (S.D.N.Y. Jan. 12, 2001). But courts have made clear that in certain cases the rule need not be quite so mechanically applied. In <u>City of New York v. Zurich-American Insurance Group</u>, 5 Misc. 3d 1008(A), 2004 WL 2403179, at *1 (N.Y. Sup. Ct. Oct. 22, 2004), the City filed an action seeking a declaration that its insurer was obligated to defend and indemnify it in an underlying tort action. After the court ruled, on summary judgment, that the insurer had a duty to defend and indemnify, the City's answer in the underlying tort action was

6

stricken for failure to comply with its discovery obligations.  Id. at *1-2.  The insurer then moved both to amend its answer to assert an affirmative defense that the City breached its duty of good faith and for a declaration that it was not obligated to defend in the underlying action.  Id. at *2.  The City again prevailed, and thereafter sought attorneys' fees for defending itself against the defendant's motion.  Id. at *5-6.  Notwithstanding the fact that the City had originated the action, the court granted its motion for attorneys' fees.  It reasoned that, when the insurer filed its motion after the declaratory judgment action was already resolved, it "placed the City in a defensive posture by affirmatively requiring the City to relitigate anew the declaration of coverage issue based upon a new theory."  Id. at *6.  Thus, the insurer's motion was "tantamount to an action brought by the insurer seeking to free itself from its policy obligations."  Id. (citing Mighty Midgets, 47 N.Y.2d at 21, 416 N.Y.S.2d at 564); see also Estee Lauder Inc. v. OneBeacon Insurance Group, LLC, 31 Misc. 3d 379, 388-89, 918 N.Y.S.2d 825, 832-33 (N.Y. Sup. Ct. 2011) (discussing Zurich-American).

In Hurney v. Mattson, 59 A.D.2d 934, 934, 399 N.Y.S.2d 449, 450 (2d Dep't 1977), the insureds, who were defendants in a negligence action, filed a third-party action against their insurer seeking defense and indemnity.  The insurer counterclaimed, seeking a declaration that it had no duty to defend or indemnify.  Id., 399 N.Y.S.2d at 450.  The counterclaim was tried separately, and the insureds prevailed.  Id. at 934-35, 399 N.Y.S.2d at 450.  The appellate court found that the insureds were entitled to their

attorneys' fees incurred as a result of the insurer's counterclaim, because in that separately-tried dipute, the insured's "posture in the counterclaim . . . was that of defendants." Id. at 935, 399 N.Y.S.2d at 450 (citing Johnson); see also Estee Lauder, 31 Misc. 3d at 392, 918 N.Y.S.2d at 834-35 (discussing Hurney and emphasizing that counterclaim, in which insureds were in defensive posture, was separately tried).

These cases teach that, in unusual circumstances, a court may look beyond the labels "plaintiff" and "defendant" to determine whether an insured is in an offensive or defensive position vis à vis its insurer in a dispute over the duty to defend (and indemnify).

B.  Timing of Motion

According to Travelers, Atlas Copco must wait until all claims in this action are fully decided before this motion is entertained in order to avoid an inefficient, "piecemeal approach to awarding attorneys' fees." (Travelers Opp. at 6). However, the bulk of the cases it cites stand merely for the unobjectionable proposition that, when the right to attorneys' fees depends on whether a party has prevailed or had some success on the merits in an action, that right cannot be determined until all of the constituent causes of action have been resolved.

Goldstone v. Gracie Terrace Apartment Corporation, No. 604235/07, 2012 N.Y. Misc. LEXIS 4772, at *1, 6 (N.Y. Sup. Ct. Oct. 2, 2012), a dispute between the owner of a cooperative unit and the cooperative corporation arising out of the flooding of the unit, involved fourteen separate claims. After three of those claims had

8

been decided in the plaintiff's favor (and one in the defendant's favor), the plaintiff moved for an award of attorneys' fees under a provision of state law that allows such recovery to the prevailing party in certain real property actions. Id. at *1; N.Y. Real Prop. Law § 234. The court held that the motion was premature. Noting that a "prevailing party" must "prevail on the central claims advanced, and receive substantial relief in consequence thereof," the court found that it was not possible to determine that question until all fourteen claims were resolved. Goldstone, 2012 N.Y. Misc. LEXIS 4772, at *6.

Similarly, in Siamos v. 36-02 35th Avenue Development, LLC, 54 A.D.3d 842, 843, 864 N.Y.S.2d 117, 118 (2d Dep't 2008), the court held that an award of attorneys' fees "was premature, as the prevailing party in th[e] ongoing action ha[d] yet to be determined." A similar concern led the court in Mohamed v. Sanofi-Aventis Pharmaceuticals, No. 06 Civ. 1504, 2010 WL 2836617, at *1 (S.D.N.Y. July 19, 2010), to deny an award of attorneys' fees pursuant to section 501(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(1). Because an award under that statutory provision requires a showing of "some degree of success on the merits," Hardt v. Reliance Standard Life Insurance Co., __ U.S. __, __, 130 S. Ct. 2149, 2158 (2010) (internal quotation marks omitted), the court held that it would be "premature" to determine the plaintiff's entitlement to attorneys' fees and costs "before a final determination ha[d] been made" on the merits. Mohamed, 2010 WL 2836617, at *1.

Moreover, none of the cases Travelers cites in support of its

9

position deals with an insurer's duty to defend.  See 4Kids Entertainment, Inc. v. Upper Deck Co., 797 F. Supp. 2d 236 (S.D.N.Y. 2011) (licensing, broadcasting, and production agreements); Goldstone, 2012 N.Y. Misc. LEXIS 4772 (real estate contract); Mohamed, 2010 WL 2836617 (ERISA); Siamos, 54 A.D.3d 842, 864 N.Y.S.2d 117 (commercial lease).

In this action, Atlas Copco's right to attorneys' fees incurred for litigating Travelers' duty to defend is not contingent on the resolution of any other cause of action.  After Atlas Copco prevailed on its motion for partial summary judgment on the duty to defend, its entitlement to attorneys' fees under the rule discussed in Mighty Midgets depended only on whether Travelers cast Atlas Copco in a defensive posture -- a question which is answered below. Indeed, in similar cases courts have not required the insured to wait until all issues in the case have been resolved before awarding fees incurred in procuring a ruling that the insurer has a duty to defend.  See GA Insurance Co. of New York v. Naimberg Realty Associates, 233 A.D.2d 363, 365, 650 N.Y.S.2d 246, 247-48 (2d Dep't 1996) (awarding insured attorneys' fees when insured was cast in defensive position and leaving unresolved question of whether insurer had duty to indemnify); American Home Assurance Co. v. Weissman, 79 A.D.2d 923, 924, 434 N.Y.S.2d 410, 412 (1st Dep't 1981) (awarding insured partial summary judgment requiring insurer to defend and ruling that insured "is entitled to be compensated for legal services rendered to him from the date of retention of counsel until the date of entry of this order, as well as for legal expenses incurred to date in defense of this suit").  Therefore,

this motion is not premature and may be addressed on the merits.

    C.    <u>Defensive Posture</u>

As noted above, Atlas Copco's argument proceeds from the premise that Travelers cast it in a defensive posture when Travelers impleaded it into this litigation by filing a third-party declaratory judgment complaint against it. Under that theory, Judge Oetken's ruling that Travelers owes Atlas Copco a duty to defend also means that Travelers must pay the attorneys' fees Atlas Copco incurred in achieving that result.

Travelers presents a far more complicated theory. First, it argues that Atlas Copco, as the insured under the Travelers Policies, is a necessary party to the litigation under the standards of Rule 19 of the Federal Rules of Civil Procedure. (Travelers Opp. at 7-8). Because of this, Atlas Copco would have to have been joined as a required party even if Travelers had not impleaded it as a third-party defendant. (Travelers Opp. at 8-9). Indeed, according to Travelers, Atlas Copco is a necessary <u>plaintiff</u> to this action, because it has interests in common with Danaher -- Travelers' provision of defense and indemnity in the underlying actions -- especially given Judge Oetken's ruling that Travelers' duty runs only to Atlas Copco and not to Danaher. (Travelers Opp. at 9). With Atlas Copco aligned with Danaher as a plaintiff, Travelers' third-party complaint seeking a declaration that it was not obligated to defend or indemnify Atlas Copco in the underlying actions is merely duplicative of Danaher's declaratory judgment cause of action against Travelers seeking a declaration that Travelers was so obligated. (Travelers Opp. at 9-10). Thus,

11

Travelers contends, that third-party claim is redundant and without independent force, and cannot have cast Atlas Copco in a defensive posture. (Travelers Opp. at 9-10).

Although, as discussed above, a court may look beyond the labels "plaintiff" or "defendant" in determining a motion like this one, Travelers has not cited any case that suggests it is necessary to engage in counterfactual gymnastics in order to decide entitlement to attorneys' fees under the Mighty Midgets rule. Indeed, all the cases cited analyze the procedural events as they actually happened, not as they might have happened. Put simply, Travelers impleaded Atlas Copco as a third-party defendant, and no unusual circumstances justify ignoring that fact. Travelers has known since before it filed its third-party complaint on February 26, 2010, the factual basis upon which it now argues that Atlas Copco is a necessary party -- specifically, that Atlas Copco is successor to Chicago Pneumatic, the named insured in the Travelers Policies. (Travelers Opp. at 8-9; Travelers Ans. at 16). But Travelers has never argued, until now, that Atlas Copco must be joined under Rule 19, choosing instead to implead Atlas Copco under Rule 14. Whatever the reason for that decision -- strategic or otherwise -- Travelers' newly-minted arguments under Rule 19 are not only hypothetical, but also irrelevant. Cf. Lane v. Birnbaum, 910 F. Supp. 123, 129 n.9 (S.D.N.Y. 1995) (discounting arguments regarding party's status under Rule 19 as "misguided" when party was not joined pursuant to that rule but rather was voluntarily sued as defendant in amended complaint).

Similarly, Travelers has provided no support for the

proposition that, for the purposes of this analysis, its realignment argument -- made in a single paragraph of its opposition (Travelers Opp. at 9-10) -- trumps the fact that it impleaded Atlas Copco as a third-party defendant. That is, even were Atlas Copco to be realigned as a plaintiff, the fact would remain that Travelers voluntarily brought Atlas Copco into this litigation.[4] Therefore, the realignment argument fails to show that Atlas Copco should be treated as if it filed "an affirmative action . . . to settle its rights." Chase Manhattan Bank, 258 A.D.2d at 4, 690 N.Y.S.2d at 573.

Travelers filed a third-party complaint against Atlas Copco seeking a declaration that Travelers was not required to defend or indemnify in the underlying actions. This placed Atlas Copco in a

---

[4] It would, moreover, be unwise to realign Atlas Copco without full briefing from interested parties, since such a decision could have significant effects on this litigation. This is a diversity case, and the defendants sued in the Amended Complaint are citizens of Connecticut, New Jersey, New York, Rhode Island, Wisconsin, Illinois, Massachusetts, California, New Hampshire, and Pennsylvania. (Am. Compl., ¶¶ 3-15). However, from my review of the record, it appears that the citizenship of Atlas Copco, a limited liability company erroneously impleaded as a corporation, is unclear. Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 52 (2d Cir. 2000) (noting that for diversity purposes limited liability company is citizen of each state of which its members are citizens); see also Zambelli Fireworks Manufacturing Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (same). While there is supplemental jurisdiction over Travelers' third-party claims against Atlas Copco regardless of the citizenship of these parties, see 28 U.S.C. § 1367(a); 3 James Wm. Moore et al., Moore's Federal Practice ¶ 14.41(4)(a) (3d ed. 2012) (noting that proper impleader claim need not have independent jurisdictional basis), if, as Travelers argues, Atlas Copco is a necessary and indispensable plaintiff, its as-yet-unknown citizenship could divest this Court of jurisdiction. See, e.g., Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 621 (2d Cir. 1993) (noting in diversity action that if realignment destroys diversity, court is divested of jurisdiction).

defensive posture. Atlas Copco is now entitled to the attorneys' fees it expended in procuring the ruling that Travelers has a duty to defend. See, e.g., Mighty Midgets, 47 N.Y.2d at 21, 416 N.Y.S.2d at 564.

Conclusion

For the foregoing reasons, I recommend that Atlas Copco's motion for partial summary judgment (Docket no. 107) be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable J. Paul Oetken, U.S.D.J., Room 1950, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         January 31, 2013

Copies mailed this date:

Brian J. Osias, Esq.
Gita F. Rothschild, Esq.
McCarter & English LLP
245 Park Avenue, 27th Floor
New York, New York 10167

14

Stephen V. Gamigliano, Esq.
Robert W. Mauriello, Jr., Esq.
Graham Curtin PA
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962

Robert M. Flannery, Esq.
Mendes & Mount, LLP
750 Seventh Avenue
New York, New York 10019

Ellen G. Margolis, Esq.
Jan C. Walker, Esq.
Mound Cotton Wollan & Greengrass
One Battery Park Plaza, 9th Floor
New York, New York  10004

Claude N. Grammatico, Esq.
Epstein, Frankini & Grammatico
45 Crossways Park Drive
Woodbury, New York  11797

Andrew I. Mandelbaum, Esq.
John A. Matoon, Esq.
Ford Marrin Esposito Witmeyer
     & Gleser, LLP
Wall Street Plaza
New York, New York  10005

John T. Wolak, Esq.
Gibbons PC
One Gateway Center
Newark, NJ  07102

Jay D. Kenigsberg, Esq.
Anthony R. Gambardella, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York  11556

Paul E. Breene, Esq.
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, New York  10022