UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANAHER CORPORATION,

    Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY, and NORTH RIVER INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, UNIGARD MUTUAL INSURANCE COMPANY, n/k/a SEATON INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, CONTINENTAL CASUALTY COMPANY, EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, n/k/a ONEBEACON AMERICA INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY, n/k/a TIG INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., and ALLIANZ UNDERWRITERS INSURANCE COMPANY,

    Defendants.

Civil Action No.10-CIV-0121 (JPO) (JCF)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF THIRD PARTY DEFENDANT ATLAS COPCO NORTH AMERICA LLC (AS SUCCESSOR TO CHICAGO PNEUMATIC TOOL COMPANY) TO AMENDED THIRD PARTY COMPLAINT OF THE TRAVELERS INDEMNITY COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY AND CROSS CLAIM AGAINST NORTH RIVER INSURANCE COMPANY**

**JURY TRIAL DEMANDED**

---

THE TRAVELERS INDEMNITY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY,

    Third Party Plaintiffs,

v.

ATLAS COPCO NORTH AMERICA INC. (as successor to CHICAGO PNEUMATIC TOOL COMPANY), AIU INSURANCE COMPANY, CENTURY INDEMNITY COMPANY

(individually and as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA), LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, TRYGG-HANSA INSURANCE COMPANY, LTD., and INDUSTRIA INSURANCE COMPANY LTD.

    Third Party Defendants.

Third Party Defendant Atlas Copco North America LLC, improperly named herein as Atlas Copco North America Inc. (as successor to Chicago Pneumatic Tool Company) (together with all past and present parents, subsidiaries, and affiliates "Atlas Copco" or "Third Party Defendant") as and for its Answer to the Amended Third Party Complaint filed by Travelers Indemnity Company and Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company (collectively hereafter "Third Party Plaintiff" or "Travelers"), alleges as follows:

1. Paragraph 1 of the Amended Third Party Complaint contains statements to which no responsive pleading is required. To the extent that a responsive pleading is required, Atlas Copco denies the allegations contained in paragraph 1.

2. Admitted.

3. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Amended Third Party Complaint. This paragraph purports to characterize a statement made by plaintiff Danaher Corporation ("Danaher") in its complaint in this matter. Atlas Copco denies the allegations of paragraph 3 of the Amended Third Party Complaint except refers to the allegations of Danaher's complaint which speak for themselves.

4. Atlas Copco denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph 4 of the Amended Third Party Complaint. This paragraph purports to characterize a statement made by Plaintiff Danaher in its complaint in this matter. Atlas Copco denies the allegations of paragraph 4 of the Amended Third Party Complaint except refers to the allegations of Danaher's complaint which speak for themselves.

5. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Amended Third Party Complaint.

## JURISDICTION AND VENUE

6. Atlas Copco denies the allegations of paragraph 6 of the Amended Third Party Complaint in that it fails to state the basis for either jurisdiction or venue before this Court.

## PARTIES

7. Denied.

8. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Third Party Complaint.

9. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Amended Third Party Complaint.

10. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Amended Third Party Complaint.

11. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Amended Third Party Complaint.

12. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Amended Third Party Complaint.

13. Denied to the extent that Atlas Copco has knowledge or information and, as to the remainder of paragraph 13, Atlas Copco denies knowledge or information sufficient to form a belief.

## FIRST COUNT

### (Declaratory Judgment as to Chicago Pneumatic/Atlas Copco)

14. Atlas Copco repeats and realleges each and every allegation contained in paragraphs 1-13 above as if fully set forth herein.

15. Admitted.

16. Denied, except admit that the Travelers Insurance Policies described in the Amended Third Party Complaint provide insurance coverage for the Underlying Claims in accordance with their terms and such Travelers Insurance Policies speak for themselves. In addition, to the extent that complete copies of certain of the Travelers Insurance Policies are not available, secondary evidence of the existence and terms of such Travelers Insurance Policies establish the coverage provided thereunder.

17. Denied.

18. Denied.

## SECOND COUNT

### (Allocation of Defense and Indemnity Payments as to Chicago Pneumatic/Atlas Copco)

19. Atlas Copco repeats and realleges each and every allegation contained in paragraphs 1-18 above as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## THIRD COUNT

**(Equitable Subrogation and Contribution Claim for Defense Costs Against Third Party Defendant Insurers)**

24. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 24-29 of the Amended Third Party Complaint

## FORTH COUNT

**(Allocation of Indemnity Payments as to Third Party Defendant Insurers)**

25. Atlas Copco denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 30-34 of the Amended Third Party Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Amended Third Party Complaint fails to state a claim upon which relief can be granted as alleged against Atlas Copco.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Upon information and belief, the claims asserted in the Amended Third Party Complaint may be barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Laches and/or Waiver)

Upon information and belief, the claims asserted in the Amended Third Party Complaint may be barred by the equitable doctrines of laches and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

(Equitable and/or Judicial Estoppel)

Upon information and belief, the claims asserted in the Amended Third Party Complaint may be barred by the doctrines of equitable and/or judicial estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Incorporation of Counterclaim and Cross claim)

Atlas Copco incorporates by reference, as though set forth herein at length, each and every allegation of its counterclaim and cross claim.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands/Bad Faith)

Travelers' claims are barred in whole or in part because it has unclean hands and has acted in bad faith.

## SEVENTH AFFIRMATIVE DEFENSE

(Tortious Interference with Contract)

Travelers' and North Rivers' conduct in refusing fully to defend and indemnify Danaher and Atlas Copco with respect to the Underlying Claims is in tortious interference with Atlas Copco's contractual rights under the Stock Purchase Agreement, as hereinafter defined, and specifically, the indemnification provisions thereof.

## COUNTERCLAIM AND CROSS CLAIM

Atlas Copco hereby asserts its counterclaim against Travelers and cross claim against Defendant North River Insurance Company as follows:

## NATURE OF ACTION

26. This action is for a declaration as to Travelers' and North River's obligations under certain Insurance Policies, as hereinafter defined, to defend and/or indemnify past and future silica- and asbestos- related claims asserted against Atlas Copco, in relation to liabilities arising from its subsidiary, Chicago Pneumatic Tool Company (the "Underlying Claims"); for compensatory and consequential damages sustained by Atlas Copco; and for extra-contractual and/or punitive damages.

## THE PARTIES

27. Atlas Copco is a Delaware LLC with its principal place of business at 34 Maple Avenue Pine Brook, New Jersey.

28. On information and belief, both entities that make up the defined party, Travelers, are insurance companies incorporated in the State of Connecticut, with their principal place of business at One Tower Square, Hartford, Connecticut.

29. On information and belief, North River Insurance Company ("North River") is an insurance company incorporated in the State of New Jersey with its principal place of business at 305 Madison Avenue, Morristown, New Jersey.

30. The foregoing insurance companies are hereinafter sometimes collectively referred to as the "Insurance Companies."

## CORPORATE HISTORY

31.  Pursuant to an April 22, 1987 "Stock Purchase Agreement," on June 4, 1987, Danaher conveyed 100% of the stock of Chicago Pneumatic Tool Company ("Chicago Pneumatic") to Atlas Copco.

32.  Under the terms of the Stock Purchase Agreement, Danaher retained liability for products liability losses arising from products manufactured by Chicago Pneumatic prior to June 4, 1987, and obtained rights to receive the proceeds of insurance policies covering any such losses.

## THE INSURANCE POLICIES

33.  Between January 1, 1936 and April 1, 1987, Travelers sold primary comprehensive general liability ("CGL") insurance policies to Chicago Pneumatic.

34.  Between April 1, 1979 and April 1, 1982, North River sold to Chicago Pneumatic various umbrella and excess insurance policies including, without limitation, the following:

Policy No. JU 0649 (policy period 4/1/1979 to 4/1/1980);
Policy No. JU 0649 (policy period 4/1/1980 to 4/1/1981);
Policy No. JU 0649 (policy period 4/1/1981 to 4/1/1982).

35.  The insurance policies set forth in the foregoing paragraphs are hereinafter collectively referred to as the "Insurance Policies."

## THE UNDERLYING CLAIMS

36.  Chicago Pneumatic has been named as a defendant in silica- and asbestos-related liability claims, defined herein as the "Underlying Claims," throughout the United States. The Underlying Claims have required Danaher to incur defense and indemnity costs that the Insurance Companies have not reimbursed and for which the Insurance Companies otherwise have unreasonably refused to provide insurance coverage in violation of their contractual

obligations. Such unreimbursed payments by Danaher have, in turn, injured Atlas Copco by artificially and improperly reducing the amount remaining of Danaher's indemnity obligation to Atlas Copco under the Stock Purchase Agreement.

37. The Underlying Claims allege third-party bodily injury due to silica and/or asbestos exposure.

38. The majority of the Underlying Claims have been asserted by individuals who allege that they sustained lung injuries due to exposure to air compressors manufactured by Chicago Pneumatic.

39. Danaher and Atlas Copco have incurred losses as a result of settlements of certain Underlying Claims. Additionally, Danaher and Atlas Copco have incurred, and are likely to incur in the future, defense costs, including but not limited to counsel fees and other litigation costs, in connection with the Underlying Claims.

40. Each of the Underlying Claims alleges or allegedly involves third-party bodily injury caused by an "accident" or caused by or resulting from an "occurrence" within the meaning of the Insurance Policies.

41. Each of the Underlying Claims alleges or allegedly involves third-party bodily injury taking place during one or more of the policy periods set forth in each of the Insurance Policies.

42. The Insurance Companies are liable to indemnify and/or defend Danaher and Atlas Copco for the Underlying Claims under their respective Insurance Policies.

43. Danaher and Atlas Copco have given timely notice of the Underlying Claims in accordance with the requirements of the Insurance Policies, and have otherwise complied with all conditions precedent to coverage therein.

44. Coverage for the Underlying Claims is not barred under the Insurance Policies by any policy exclusion, condition or other provision.

45. The Insurance Companies unreasonably have failed to recognize or have otherwise disputed their obligations to fully defend Danaher and Atlas Copco and to pay Danaher's and Atlas Copco's defense costs in connection with the Underlying Claims; and/or unreasonably have failed to recognize or otherwise have disputed their obligations to indemnify fully Danaher and Atlas Copco for liabilities in connection with the Underlying Claims; and/or unreasonably have failed to perform their obligations under the Insurance Policies.

## FIRST CAUSE OF ACTION

## (DECLARATORY RELIEF AGAINST ALL THE INSURANCE COMPANIES)

46. Atlas Copco repeats and realleges the allegations contained in the foregoing Paragraphs 18 through 37 as if fully set forth at length herein.

47. Under the terms of the Insurance Policies, the Insurance Companies are obligated to defend Danaher and Atlas Copco and pay for Danaher's and Atlas Copco's defense costs in connection with the Underlying Claims.

48. In breach of their respective obligations under the Insurance Policies, Defendants wrongfully have refused to defend and/or indemnify Danaher fully for all costs and damages incurred in connection with the Underlying Claims.

49. As a direct and proximate result of the Insurance Companies' breaches, Danaher and Atlas Copco have incurred, and are likely in the future to incur, substantial actual costs and damages, and such damages are continuing.

50. Danaher and Atlas Copco have performed properly all of the obligations required under the Insurance Policies.

51. Danaher and Atlas Copco have complied with all conditions, including any conditions precedent, under the Insurance Policies.

52. An actual controversy of a justiciable nature presently exists between Danaher and Atlas Copco on the one hand, and the Insurance Companies regarding the Insurance Companies' insurance coverage obligations for the Underlying Claims under the Insurance Policies, as to which declaratory relief is proper pursuant to 28 U.S.C. § 2201.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT AGAINST ALL THE INSURANCE COMPANIES)

53. Atlas Copco repeats and realleges the allegations contained in the foregoing Paragraphs 18 through 44 as if fully set forth at length herein.

54. The Insurance Companies have breached their respective obligations under the Insurance Policies by wrongfully refusing to defend and/or indemnify Danaher and Atlas Copco fully for all costs and damages incurred in connection with the Underlying Claims.

55. As a direct and proximate result of the Defendants' breaches, Danaher and Atlas Copco have incurred, and are likely to incur in the future, substantial actual costs and compensatory and consequential damages, and such costs and damages are continuing.

## THIRD CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST TRAVELERS)

56. Atlas Copco repeats and realleges the allegations contained in the foregoing Paragraphs 18 through 47 as if fully set forth at length herein.

57. The Insurance Companies owe Atlas Copco a duty of good faith and fair dealing. Implied in each of the Insurance Policies sold by the Insurance Companies is a covenant by the Insurance Company pursuant to which it would: (1) act in good faith and deal fairly with Atlas

Copco; (2) do nothing to interfere with the right of Atlas Copco to receive the benefits of the Insurance Policies, including a zealous defense from defense counsel; (3) give the interests of Atlas Copco as much consideration as its own interests; (4) exercise diligence, good faith and fidelity in safeguarding Atlas Copco's interests; (5) settle underlying claims reasonably within its policy limits; and (6) deal ethically with Atlas Copco and fairly and adequately inform Atlas Copco with respect to the nature and scope of Atlas Copco's insurance coverage.

58. In breach of this implied covenant, Travelers has unreasonably refused to recognize its obligations to defend and/or indemnify Atlas Copco fully for the Underlying Claims, including, without limitation, failing to conduct a complete investigation of allegedly missing or "lost" Insurance Policies for which Atlas Copco has provided adequate secondary evidence, refusing to admit the existence of Insurance Policies for which reasonable and adequate evidence has been provided, and refusing to provide a complete defense while demanding "allocation" contrary to settled New York law.

59. The actions of Travelers, as set forth above, are intentional, willful, wanton and/or in reckless disregard of Atlas Copco's rights under the respective Insurance Policies, and/or common law.

60. As a proximate and foreseeable result of Travelers' wrongful conduct, Atlas Copco has sustained and will sustain substantial compensatory and consequential damages and, in addition, is entitled to an award of punitive damages against Travelers.

### FOURTH CAUSE OF ACTION

### (PAYMENT OF COSTS OF THIS LITIGATION AGAINST TRAVELERS)

61. Atlas Copco repeats and realleges the allegations contained in the foregoing Paragraphs 18-52 as if fully set forth herein.

62. In bringing its Third-Party Complaint against Atlas Copco, Travelers has cast Atlas Copco in a defensive posture by legal steps it has taken in an effort to free itself from its policy obligations.

63. As a direct and proximate result by Travelers' conduct as described herein, Atlas Copco has expended, and will continue to expend, significant sums to defend this matter and establish Travelers' insurance coverage – both defense and indemnity – obligations under the Insurance Policies.

WHEREFORE, Atlas Copco prays for judgment as follows:

### WITH RESPECT TO THE FIRST CAUSE OF ACTION

64. That this Court enter declaratory judgment, adjudicating the respective rights and duties of Atlas Copco and the Insurance Companies under the Insurance Policies in connection with all past and future Underlying Claims against Chicago Pneumatic; and for equitable relief directing the Insurance Companies to comply fully with their respective defense and indemnity obligations under the Insurance Policies, and/or such relief at law as is fitting in connection with such Underlying Claims, pursuant to 28 U.S.C. §§ 2201 & 2202.

### WITH RESPECT TO THE SECOND CAUSE OF ACTION

65. That this Court enter a judgment awarding compensatory and consequential damages to Atlas Copco and against the Insurance Companies as a result of their breaches of their contractual duties to defend and/or indemnify Atlas Copco in connection with the Underlying Claims in an amount to be established at trial.

### WITH RESPECT TO THE THIRD CAUSE OF ACTION

66. That this Court enter a judgment for damages against Travelers, including, but not limited to compensatory, consequential, extra-contractual and punitive damages as a result of its

breach of the implied covenant of good faith and fair dealing in connection with the Underlying Claims in amounts to be established at trial.

### WITH RESPECT TO THE FOURTH CAUSE OF ACTION

67. That this Court enter judgment for damages against Travelers in the amount of the fees, disbursements and costs expended by Atlas Copco in this action, including, without limitation, compensatory, consequential and extra-contractual damages as a result of Travelers' conduct in an amount to be established at trial.

### WITH RESPECT TO ALL CAUSES OF ACTION

68. For such orders, including injunctive relief, that are necessary to preserve this Court's jurisdiction over the parties and issues herein; for pre judgment and post judgment interest according to law; for coverage of attorneys' fees, filing fees, and costs of this action; and for such other and further relief as the Court may deem just and proper.

69. Atlas Copco hereby requests a trial by jury for all issues so triable.

Dated: February 11, 2013

By: _____
Paul E. Breene
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Phone: 212.205-6023
Fax: 212.521-5450
Attorneys for Third Party Defendant,
   Counterclaimant and Crossclaimant
   Atlas Copco North America LLC

US_ACTIVE-111878077.1-540254-60001