# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DANAHER CORPORATION,

        Plaintiff,

  vs.

THE TRAVELERS INDEMNITY
COMPANY, et al.,

        Defendants.

**Case No. 10-CIV 0121 (BSJ) (JCF)**

---

**MEMORANDUM OF LAW IN SUPPORT OF INDUSTRIA
INSURANCE COMPANY LTD.'S MOTION TO DISMISS
TRAVELERS INDEMNITY COMPANY AND TRAVELERS
CASUALTY & SURETY COMPANY, F/K/A THE AETNA
CASUALTY & SURETY COMPANY'S AMENDED THIRD-PARTY
COMPLAINT**

---

**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Phone: 212.521.5400
Fax: 212.521.5450
*Attorneys for Third-Party Defendant,
Industria Insurance Company Ltd.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ..........................................................2

ARGUMENT ............................................................................................................3

I. THE AMENDED THIRD-PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER INDUSTRIA ...................3

   A. Travelers Has Failed To Satisfy Its Burden To Make a Prima Facie Case of Personal Jurisdiction Over Industria .......................................................................4

   B. The Statutory Bases for Establishing Personal Jurisdiction ...................................6

      1. General Jurisdiction Under CPLR § 301.........................................................6

      2. Specific Jurisdiction Under CPLR § 302(a) .....................................................7

      3. Personal Jurisdiction Under Insurance Law § 1213.........................................8

      4. The Due Process Clause of the Fourteenth Amendment ................................9

II. TRAVELERS' AMENDED THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED..............................................................10

   A. Travelers' Amended Third-Party Complaint Does Not Set Forth Facts Sufficient To Establish A Right To Contribution or Allocation. ...........................................12

      1. Travelers Fails To Allege That Industria is a Co-Insurer................................12

      2. Travelers Fails To Allege That It Has Paid Any Defense Costs.....................14

   B. New York Law Does Not Recognize A Cause of Action For Subrogation Between Co-Insurers, and Thus Travelers' Subrogation Claim Should Be Dismissed ......15

CONCLUSION...........................................................................................................16

## TABLE OF AUTHORITIES

### Cases

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,
98 F.3d 25 (2d Cir. 1996) ............................................................................3

Am. Dredging Co. v. Federal Insurance Co.,
309 F. Supp. 425 (S.D.N.Y 1970) ..............................................................15

Ashcroft v. Iqbal,
556 U.S. 662 (2009).............................................................................5, 11

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
902 F.2d 194 (2d Cir. 1990) ........................................................................6

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
305 F.3d 120 (2d Cir. 2002) ........................................................................3

Beacon Enterprises, Inc. v. Menzies,
715 F.2d 757 (2d Cir. 1983) ........................................................................8

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)..................................................................................11

Bensusan Restaurant Corp. v. King,
937 F. Supp. 295 (S.D.N.Y. 1996) ..............................................................4

Bohn v. Bartels,
620 F. Supp. 2d 418 (S.D.N.Y. 2007) ..........................................................2

Capitol Records, LLC v. VideoEgg, Inc.,
611 F. Supp. 2d 349 (S.D.N.Y. 2009) ..........................................................4

Cohen v. Vaughan Bassett Furniture Co.,
495 F. Supp. 849 (S.D.N.Y 1980) ...............................................................6

Dotson v. Griesa,
398 F.3d 156 (2d Cir. 2005)......................................................................10

Consolidated Edison of New York, Inc. v. Allstate Insurance Co.,
774 N.E.2d 687 (N.Y. 2002).......................................................................12

Federal Insurance Co. v. Atlantic National Insurance Co.,
250 N.E.2d 193 (N.Y. 1969).......................................................................12

Grand River Enterprises Six Nations, Ltd. v. Pryor,
425 F.3d 158 (2d Cir. 2005) ........................................................................8

Hanson v. Denckla,
357 U.S. 235 (1958)....................................................................................7

Hishon v. King & Spalding,
467 U.S. 69 (1984)....................................................................................10

International Shoe Co. v. Washington,
326 U.S. 310 (1945)..................................................................................4, 9

Iqbal v. Hasty,
490 F.3d 143 (2d Cir. 2007)..........................................................................14

Jazini v. Nissan Motor Co. Ltd.,
148 F.3d 181 (2d Cir. 1998)............................................................................4

L.F. Rothschild Unterberg, Towbin v. McTamney,
452 N.Y.S.2d 630 (1st Dept 1982)..................................................................7

Laufer v. Ostrow,
434 N.E.2d 427 (N.Y. 1982)........................................................................4, 6

Marine Midland Bank, N.A. v. Miller,
664 F.2d 899 (2d Cir. 1981)............................................................................4

McGowan v. Smith,
419 N.E.2d 321 (N.Y. 1981)........................................................................4, 8

Maryland Casualty Co. v. W.R. Grace & Co.,
218 F.3d 204 (2d Cir. 2000)..........................................................12, 14, 15

Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.,
84 F.3d 560 (2d Cir. 1996)..............................................................................4

Mirman v. Feiner,
10 CV 5330 (DRH) (WDW), 2012 WL 4580600 (E.D.N.Y. Sept. 28, 2012)..............5

National Casualty Co. v. Vigilant Insurance Co.,
466 F. Supp. 2d 533 (S.D.N.Y. 2006)..........................................................13

National Casualty Co. v. Vigilant Ins. Co.,
Complaint, Civ. A. No. 06 CV 784, 2006 WL 470123 (Feb. 2, 2006)..............13

National Union Fire Insurance Co. v. Hartford Insurance Co.,
677 N.Y.S.2d 105(1st Dep't 1998)..........................................................12, 14

Newman & Schwartz v. Asplundh Tree Expert Co.,
102 F.3d 660 (2d Cir. 1996)..........................................................................10

Packer v. TDI Systems, Inc.,
959 F. Supp. 192 (S.D.N.Y. 1997)..................................................................7

Simonson v. International Bank,
200 N.E.2d 427 (N.Y. 1964)............................................................................6

Stevens v. Mad River Holdings, LLC.,
No. 01 Civ. 9274 (IHB), 2002 WL 826959 (S.D.N.Y. May 1, 2002)..................3

Vigilant Insurance Co. v. Employers Insurance Co. of Wausau,
626 F. Supp. 262 (S.D.N.Y. 1986)..........................................................12, 15

World-Wide Volkswagen Corp. v. Woodson,
444 U.S. 286 (1980)....................................................................................4, 9

<u>Zurich-American Insurance Cos. v. Atlantic Mutual Insurance Co.</u>,
   531 N.Y.S.2d 911 (1st Dep't 1988) ............................................................... 12

**Statutes and Rules**

CPLR § 301 .............................................................................................. 5, 6

CPLR § 302 ................................................................................................. 5

CPLR § 302(a) .............................................................................................. 7

CPLR § 302(a)(1) ....................................................................................... 7, 8

New York Insurance Law § 1213 .................................................................. 5, 8

New York Insurance Law § 1213(b) ................................................................. 9

FED. R. CIV. P. 12(b)(2) ................................................................................ 10

FED. R. CIV. P. 12(b)(6) .......................................................................... 10, 15

Third-Party Defendant Industria Insurance Company, Ltd. ("Industria"), by and through its attorneys Reed Smith LLP, hereby submits this Memorandum of Law in Support of its Motion To Dismiss the Amended Third-Party Complaint filed against it by The Travelers Indemnity Company and Travelers Casualty and Surety Company ("Travelers"), based on (1) lack of personal jurisdiction, and (2) failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Industria moves to dismiss the Amended Third-Party Complaint on the grounds that (1) it fails to allege <u>any</u> factual or legal basis for the exercise by this Court of personal jurisdiction over Industria, thus warranting dismissal under Federal Rule of Civil Procedure 12(b)(2), and (2) it fails to state any of the facts necessary to establish a legally sufficient claim for equitable subrogation, contribution, and allocation against Industria, thus warranting dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

As discussed in detail below, Travelers has failed to allege facts to support a *prima facie* case of personal jurisdiction over Industria because there are no such facts. As set forth in the accompanying Declaration of Robert Hallberg, General Manager of Industria in Stockholm (the "Hallberg Declaration" or "Hallberg Decl."), contacts between Industria and New York do not support any finding of personal jurisdiction. Industria has not purposefully availed itself of the benefits of doing business in New York, and Industria could not reasonably expect to be required to litigate in New York. As a result, there is no basis, statutory or Constitutional, for the Court to exercise personal

jurisdiction over Industria, and the Court should dismiss Travelers' Amended Third-Party Complaint for lack of personal jurisdiction.

In addition, Travelers' causes of action against Industria for equitable subrogation, contribution and allocation should be dismissed for failure to state a claim upon which relief can be granted.[1] Travelers fails to allege even the most rudimentary facts necessary to establish such claims. Travelers fails to allege that it has paid more than its fair share of defense costs for the underlying claims, an essential element of a contribution claim. Indeed, Travelers fails even to allege that Industria sold an insurance policy that covers the claims at issue, an indispensable element of its claims. Even reading the allegations of the Amended Third-Party Complaint in the light most favorable to Travelers, and assuming all factual allegations are true, it fails to state a viable claim against Industria. In addition, New York does not even recognize a claim for subrogation between co-insurers, and thus, even if the Amended Third-Party Complaint set forth sufficient facts to support such a claim, which it does not, the subrogation claim should fail as a matter of law. Accordingly, this Court should dismiss Travelers' claims against Industria in their entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2012, this Court granted third-party defendant Atlas Copco North America LLC's ("Atlas Copco") motion for summary judgment on the duty to defend, finding that Travelers had a duty to defend Atlas Copco in the underlying asbestos claims (the "Underlying Claims"). (Dkt. # 98). On January 14, 2013,[2]

---

[1] The Court need not address Industria's 12(b)(6) motion if it determines that there is no personal jurisdiction over Industria. Bohn v. Bartels, 620 F. Supp. 2d 418, 427 (S.D.N.Y. 2007).
[2] The parties agreed by stipulation to extend the deadline by which Industria would answer, move or otherwise plead to Travelers' Amended Third-Party Complaint until March 15, 2013.

Travelers filed an Amended Third-Party Complaint against Industria, as well as AIU Insurance Company, Century Indemnity Company (individually and as successor to CCI Insurance Company, as successor to Insurance Company of North America), Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Trygg-Hansa Insurance Company, Ltd. (collectively, the "Third-Party Defendant Insurers"). Travelers' Amended Third-Party Complaint asserts causes of action against the Third-Party Defendant Insurers for "Equitable Subrogation" and "Contribution" with respect to the defense costs Travelers was ordered to pay, as well as for Allocation of Indemnity Payments, to the "extent that it is determined that" Travelers is obligated to make any indemnity payments. See Am. Third-Party Compl., Third Count, and Fourth Count.

## ARGUMENT

I. **THE AMENDED THIRD-PARTY COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER INDUSTRIA**

Industria moves to dismiss Travelers' complaint against Industria under Federal Rule of Civil Procedure 12(b)(2), on the ground that this Court lacks personal jurisdiction over Industria. Resolution of a motion to dismiss in the Southern District of New York for lack of personal jurisdiction requires a two-step analysis. First, the court must apply the "long arm" jurisdictional statutes of New York[3] to determine whether it has personal jurisdiction over the non-resident defendant. See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996); Stevens v. Mad River Holdings, LLC., No. 01 Civ. 9274 (IHB), 2002 WL 826959, at *2 (S.D.N.Y. May 1, 2002). Second,

---

[3] Where, as here, subject matter jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332, this Court may exercise personal jurisdiction to the same extent as the courts of general jurisdiction New York. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002).

if a statutory basis for personal jurisdiction does exist, the court must then determine whether the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Laufer v. Ostrow, 449 N.Y.S.2d 456 (N.Y. 1982); McGowan v. Smith, 419 N.E.2d 321 (N.Y. 1981). If a statutory basis for jurisdiction does not exist, then the analysis ends without need to consider the Constitutional question. As discussed below, Travelers has not pled facts sufficient to establish jurisdiction under the New York statutes, or the Constitution.

### A. Travelers Has Failed To Satisfy Its Burden To Make a *Prima Facie* Case of Personal Jurisdiction Over Industria

Under New York law, the burden of establishing that the court has jurisdiction rests with the plaintiff. See Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). A plaintiff may satisfy its burden of making a "*prima facie* showing" that jurisdiction exists, by "pleading good faith allegations sufficient, if proven, to establish jurisdiction." Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 356-57 (S.D.N.Y. 2009); Bensusan Rest. Corp. v. King, 937 F. Supp. 295, 298 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997).

While the threshold for making a *prima facie* case is low, and the plaintiff is entitled to a presumption that its factual allegations are true, mere conclusory statements with no supporting facts, as Travelers has presented here, simply are not enough:

> [T]he Court is not bound by conclusory statements, without supporting facts. Jazini v. Nissan Motor Co. Ltd., 148 F.3d 181, 185 (2d Cir. 1998);

see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (courts considering a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth[;][w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Mirman v. Feiner, 10 CV 5330 (DRH) (WDW), 2012 WL 4580600, at *1 (E.D.N.Y. Sept. 28, 2012).

Here, Travelers has failed to make good faith allegations sufficient to establish a *prima facie* basis for jurisdiction under any of the potential statutory bases for jurisdiction, discussed in more detail below. Travelers' Amended Third-Party Complaint fails even to allege that jurisdiction is proper under New York's long-arm statute, let alone allege any facts to support such a legal conclusion. Indeed, the <u>only</u> basis alleged in the Amended Third-Party Complaint for the Court to exercise personal jurisdiction over Industria is a single, conclusory sentence that is not even directed specifically to Industria, and is not supported by any factual allegation whatsoever. <u>See</u> Am. Third-Party Compl. ¶ 6 ("[J]urisdiction and venue are proper in this Court. . . pursuant to 28 U.S.C. §§ 1332 and 1391"). The only factual assertion with respect to Industria is the allegation, upon information and belief, that "Industria is an in-house insurance company owned by Atlas Copco AB, which is a corporation organized under the laws of Sweden and has its principal place of business in Stockholm, Sweden," <u>Id.</u> ¶ 6, which hardly supports an assertion by Travelers that this Court has personal jurisdiction over Industria. Travelers' pleading thus utterly fails to make out a *prima facie* case of personal jurisdiction.

Indeed, Industria's contacts with New York are insignificant, to the extent they exist at all, and cannot satisfy the requirements of CPLR §§ 301 and 302, or New York

Insurance Law § 1213, described below. Accordingly, this Court should dismiss Travelers' Amended Third-Party Complaint against Industria.

### B. The Statutory Bases for Establishing Personal Jurisdiction

#### 1. General Jurisdiction Under CPLR § 301

"General" jurisdiction under CPLR § 301 means that the non-domiciliary's connection to the state of New York is so pervasive that it may be subject to jurisdiction in New York even for actions that do not relate to its New York activities. Because a corporation amenable to jurisdiction under CPLR § 301 may be sued in New York on causes of action wholly unrelated to acts done in New York, see Cohen v. Vaughan Bassett Furniture Co., 495 F. Supp. 849, 850 (S.D.N.Y 1980), § 301 applies only when the defendant is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' " in the jurisdiction. Id. (quoting Simonson v. Int'l Bank, 200 N.E.2d 427, 431 (N.Y. 1964)). See also Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 198 (2d Cir. 1990); Laufer v. Ostrow, 434 N.E.2d 692, 694 (N.Y. 1982).

Travelers has not, and clearly cannot meet its burden of establishing a *prima facie* case of general jurisdiction over Industria. Travelers has made no allegation in its Amended Third-Party Complaint that Industria is "present" in New York such that it should be subject to general jurisdiction in New York. Indeed, Travelers' Amended Third-Party Complaint alleges only that Industria is owned by Atlas Copco AB, a corporation organized under the laws of Sweden, with a principal place of business in Stockholm, Sweden. Travelers' Am. Third-Party Compl. ¶ 13.

Moreover, as set forth in the accompanying Hallberg Declaration, Industria does not maintain any office, mailing address, or phone number in New York, Hallberg Decl.,

¶ 12, is not – and never has been – registered to do business in New York, id. ¶ 14, does not maintain a registered agent for service of process in New York. id. ¶ 15, does not hire or maintain employees in New York, or employ individuals living or working in New York, id. ¶ 17, and does not own or lease any real or personal property in New York. Id. ¶ 13. As such, this Court clearly has no "general jurisdiction" over Industria.

## 2. Specific Jurisdiction Under CPLR § 302(a)

Absent general jurisdiction under CPLR § 301, a plaintiff must assert and prove specific jurisdiction. "Specific" jurisdiction is jurisdiction solely over claims that arise directly out of the non-domiciliary's activities within New York. CPLR § 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state," but only for claims that arise out of those activities. Courts have held that, in order to find specific personal jurisdiction under § 302(a), "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (emphasis added), quoted in Packer v. TDI Sys., Inc., 959 F. Supp. 192, 196 (S.D.N.Y. 1997). Transacting business with a New York entity is not the equivalent of transacting business in New York. See e.g., L.F. Rothschild Unterberg, Towbin v. McTamney, 452 N.Y.S.2d 630 (1st Dept 1982), aff'd, 463 N.Y.S.2d 197 (1983). Travelers has not alleged that Industria has "purposefully availed" itself of the privilege of conducting activities within the state of New York. Indeed, Travelers has made no allegations of contacts of any nature by Industria with New York.

In addition to having to establish that the non-domiciliary "purposefully availed itself" of the benefits of the forum, the plaintiff must also establish that the cause of action arose <u>directly</u> out of that activity. The Second Circuit has held that, in order to establish specific jurisdiction, "where there is a showing that business was transacted, there must be a `substantial nexus' between the business and the cause of action." <u>Grand River Enters. Six Nations, Ltd. v. Pryor</u>, 425 F.3d 158, 166 (2d Cir. 2005) (emphasis added). <u>See also</u> <u>McGowan v. Smith</u>, 419 N.E.2d 321, 323 (N.Y. 1981) (holding that "[e]ssential to the maintenance of a suit against a nondomiciliary under CPLR 302 (subd. (a), par. 1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon"); <u>Beacon Enters., Inc. v. Menzies</u>, 715 F.2d 757, 764 (2d Cir. 1983) (holding that the "requirement of a strong nexus applies with equal force" to the exercise of jurisdiction over a defendant who " 'contracts anywhere to supply goods or services in the state.' "). Travelers has failed to allege any business activities in New York, so clearly has not alleged that its claims arise directly out of any business transacted by Industria in New York. f

### 3.    Personal Jurisdiction Under Insurance Law § 1213

In addition to New York's long-arm statute, New York statutory law provides for specific personal jurisdiction over insurance companies that engage in certain types of business in New York, for claims that arise out of that business. The predicate for jurisdiction under N.Y.Ins. L. § 1213 is proof that the defendant insurer: (1) issued or delivered an insurance policy in New York; (2) solicited insurance policies in New York; (3) collected premiums in New York; or (4) transacted business in New York. As set forth in the Hallberg Declaration, Industria engaged in none of these activities in New

York with respect to any insurance policies that could potentially apply here. See Hallberg Decl. ¶¶ 8-10. On the contrary, Industria issued insurance policies in Sweden that cover Atlas Copco AB and its affiliated companies, one of which is Atlas Copco North America. Id. ¶¶ 8, 9. Accordingly, Insurance Law § 1213(b) provides no basis for personal jurisdiction over Industria.

### 4. The Due Process Clause of the Fourteenth Amendment

The final step in any analysis of personal jurisdiction is the consideration of whether to require a non-domiciliary defendant to litigate in the forum would offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash. 326 U.S. 310, 316 (1945). In addition to consideration of the defendant's contacts with the forum, due process also requires that the "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there":

> [T]he defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there. ... The Due Process Clause ... gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted).

Here, Industria had no reason to predict that it might be haled into a New York court to litigate any disputes with respect to any insurance policies it sold to Atlas Copco AB. The insurance policies Industria sold to Atlas Copco AB require that any dispute between Industria and any insured under the policies is governed by Swedish law, and must be arbitrated in Sweden. Hallberg Decl. ¶ 11. The existence of this arbitration agreement underscores the reasonableness of Industria's expectation that it would not

be haled into court in New York. Given the lack of connection between Industria and New York, as well as Industria's reasonable expectation that any disputes regarding coverage for Atlas Copco North America would be resolved in Sweden, it would not be fair to require Industria to litigate in New York, and thus it would not comport with Due Process to require Industria to litigate in New York.

Travelers' pleading clearly is deficient, and this Court should dismiss it under Federal Rule of Civil Procedure 12(b)(2).

## II.    TRAVELERS' AMENDED THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint where the plaintiff has failed to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). A motion to dismiss will be granted if it is clear that relief cannot be granted to the plaintiff under any set of facts that could be proven consistent with the complaint's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Where pleadings are legally defective, dismissal is warranted without regard to the factual merits of the underlying claim. Dotson v. Griesa, 398 F.3d 156 (2d Cir. 2005). In considering a 12(b)(6) motion to dismiss, a district court must limit itself to the "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996) (internal quotations omitted). Here, Travelers has not attached any document (such as insurance policies) to its pleading, nor has it incorporated any documents (such as insurance policies) by reference, and thus the Amended Third-Party Complaint must be analyzed on its face.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a mere possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557. The court is not required to assume the truth of legal conclusions on a 12(b)(6) motion, and allegations comprised of "a formulaic recitation of the elements of a cause of action" are insufficient to sustain the factual pleading burden. See Iqbal, 556 U.S. at 678.

Here, Travelers' Amended Third-Party Complaint does not contain "sufficient factual matter" to plausibly state claims for contribution, subrogation and allocation against Industria. On the contrary, the Amended Third-Party Complaint contains no "factual matter" at all, and does not even attempt to recite the elements of any of the causes of action it asserts, let alone that its claims satisfy those elements. Although Travelers purports to join Industria, and the other Third-Party Defendant Insurers as co-insurers, with a legal obligation to contribute to Travelers' payment for the defense of

the Underlying Claims, Travelers has failed to plead a single factual or legal basis for these alleged obligations.

### A. Travelers' Amended Third-Party Complaint Does Not Set Forth Facts Sufficient To Establish A Right To Contribution or Allocation.

#### 1. Travelers Fails To Allege That Industria is a Co-Insurer

An obvious threshold requirement for any allocation or contribution claim is that the insurer from whom allocation or contribution is sought has an obligation to provide insurance coverage for at least some portion of the loss at issue. See, e.g., Con. Edison of N.Y., Inc. v. Allstate Ins. Co., 774 N.E.2d 687 (N.Y. 2002) (discussing allocation under New York law); Md. Cas. Co. v. W.R. Grace & Co., 218 F.3d 204, 210 (2d Cir. 2000) ("[U]nder New York law ... when one party jointly liable on an obligation pays more than its pro rata share, it may compel the co-obligors to contribute their share of the amount paid." (citation omitted)); Vigilant Ins. Co. v. Employers Ins. Co. of Wausau,, 626 F. Supp. 262, 268 (S.D.N.Y. 1986) ("[W]here two insurance policies provide primary coverage for the same risk, 'each company is obligated to share in the cost of the settlement and the expenses.' ") (quoting Fed. Ins. Co. v. Atl. Nat'l Ins. Co., 250 N.E.2d 193, 195 (N.Y. 1969)); Nat'l Union Fire Ins. Co. v. Hartford Ins. Co., 677 N.Y.S.2d 105, 110 (1st Dep't 1998), aff'd, 695 N.Y.S.2d 740 (1999) ("Where two or more insurers bind themselves to the same risk and one pays the whole loss, the paying insurer has a right of action against his co-insurers for a ratable portion of the amount paid.") (citing Zurich-Am. Ins. Cos. v. Atl. Mut. Ins. Co., 531 N.Y.S.2d 911, 916 (1st Dep't 1988), aff'd, 717 N.E.2d 1077 (N.Y. 1999))).

A glaring omission in Travelers' Amended Third-Party Complaint is Travelers' failure to allege that Industria sold insurance policies that allegedly cover the Underlying

Claims, and to identify and outline even the most basic terms of those policies. Indeed, the only basis alleged by Travelers for its purported right against any Third-Party Defendant Insurer is not directed specifically to Industria, but rather is a vague and unsupported assertion that "certain of the Third-Party Defendant Insurers have previously made offers to participate financially in the defense of Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims but either have not paid any defense costs in connection with the Underlying Claims, or have paid less than their appropriate share of such costs." Id. ¶ 26. This assertion, even if taken as true, is too vague to provide an adequate basis for Travelers' claims.

To adequately plead its claims, Travelers would have to allege that Industria is a co-insurer also obligated to pay defense or indemnity costs for the Underlying Claims. Nat'l Cas. Co. v. Vigilant Ins. Co., 466 F. Supp. 2d 533, 540 -541 (S.D.N.Y. 2006). In Vigilant, for instance, where the Court found that National Casualty had adequately pled a contribution claim, National's complaint (1) identified the specific policies from which it sought contribution; (2) alleged that Vigilant had a duty to defend the same claims that National had a duty to defend; (3) alleged that Vigilant failed to defend; and (4) alleged that National had sought contribution from Vigilant, and Vigilant refused. Complaint in Nat'l Cas. Co. v. Vigilant Ins. Co., Civ. A. No. 06 CV 784, 2006 WL 470123, filed Feb. 2, 2006. Travelers has failed to set forth similar, or any, facts that would support its claims.

There is not a single allegation in Travelers' Amended Third-Party Complaint that can be referred to to determine that Industria is a co-insurer with Travelers for the Underlying Claims. This omission is fatal to Travelers' pleading. The parties and the

Court should not be required to guess the basis for Travelers' claims, and on this basis alone, the Amended Third-Party Complaint should be dismissed.

### 2. Travelers Fails To Allege That It Has Paid Any Defense Costs.

Even if the Court were to find that Travelers sufficiently pled that Industria has an obligation to provide insurance coverage for the Underlying Claims, Travelers' contribution claim would still be deficient because Travelers has not pled that it actually has paid the defense costs it was ordered to pay by the Court. Under New York law, an insurer may not seek contribution from another insurer liable on the same risk until payments have been made. This is so because "[c]ontribution rights, if any, between two or more insurance companies insuring the same event are not based on the law of contracts." Md. Cas. Co., 218 F.3d at 210. Rather, "whatever obligations or rights to contribution may exist between two or more insurers of the same event flow from equitable principles." Id. at 211. Specifically, "[t]he controlling inquiry under an equitable analysis is whether one party is unjustly enriched at the expense of another..." Id. at 212. Thus, "whatever contribution rights exist do so because an insurer that insures a common risk with other carriers can demonstrate that it paid more than its fair share of the relevant costs." Id. See also Nat'l Union, 677 N.Y.S.2d at 110.

The Amended Third-Party Complaint fails to satisfy the requirement to "state a claim to relief that is plausible on its face" as required. The Second Circuit has expressly recognized the Supreme Court's intent "to make some alteration in the regime of pure notice pleading" by imposing the plausibility requirement. Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007). Travelers' allegations would not even meet the low threshold of a "notice pleading" standard, let alone of the "plausibility standard" followed

by this Court.  As such, Travelers' contribution and allocations claims should be dismissed under Rule 12(b)(6).

**B.**   **New York Law Does Not Recognize A Cause of Action For Subrogation Between Co-Insurers, and Thus Travelers' Subrogation Claim Should Be Dismissed.**

The Second Circuit has specifically rejected the idea that one co-insurer seeking contribution from another co-insurer may bring a subrogation claim. Because "under New York law ... consideration of the equities of a claim for subrogation is predicated upon the insurer having satisfied its obligation to an insured who is damaged by a third-party wrongdoer," the Second Circuit explained that co-insurers cannot recover from one another on a subrogation theory because they "are not seeking reimbursement from a third-party wrongdoer." Md. Cas. Co., 218 F.3d at 211; see also Vigilant Ins. Co. v. Employers Ins. of Wausau, 626 F. Supp. 262, 268 (S.D.N.Y 1986) (rejecting argument that insurer becomes subrogee of insured when co-insurer improperly disclaims coverage and explaining that contribution claim governed dispute between both co-insurers); Am. Dredging Co. v. Fed. Ins. Co., 309 F. Supp. 425, 428 (S.D.N.Y 1970) (explaining that co-insurer cannot recover against other co-insurers based on subrogation principle because "the only right [plaintiff co-insurer] has against the co-insurers is by way of pro rata contribution").  Accordingly, even if the Court were to somehow find that Travelers had pled adequate facts to support a subrogation claim, its subrogation claim is not legally sound, and should be dismissed.

## CONCLUSION

For the foregoing reasons, Industria respectfully submits that its Motion to

Dismiss should be granted.

Dated: New York, New York
       March 15, 2013

By:   *s/ Paul E. Breene*
      Paul E. Breene (PB7989)
      Reed Smith LLP
      599 Lexington Avenue
      22nd Floor
      New York, NY 10022
      Phone: 212.521.5400
      Fax: 212.521.5450
      *Attorneys for Third-Party*
      *Defendant, Atlas Copco North*
      *America, LLC*