UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DANAHER CORPORATION,

    Plaintiff,

v.

THE TRAVELERS INDEMNITY
COMPANY, *et al.*,

    Defendants.

Civil Action No. 10-CIV-0121 (JPO) (JCF)

---

### BRIEF OF THE TRAVELERS INDEMNITY COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY IN OPPOSITION TO THIRD PARTY DEFENDANT INSURERS' MOTIONS TO DISMISS THE AMENDED THIRD PARTY COMPLAINT

---

Stephen V. Gimigliano, Esq.
Robert W. Mauriello, Jr., Esq.
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

450 Park Avenue South, Eighth Fl.
New York, New York 10006
(646) 794-1354

Attorneys for Defendants/Third Party Plaintiffs
The Travelers Indemnity Company and
Travelers Casualty and Surety Company
(f/k/a The Aetna Casualty and Surety Company)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ...................................................................................................................... 10

I.  THE COURT SHOULD DENY THE THIRD PARTY DEFENDANT INSURERS'
    MOTIONS TO DISMISS THE AMENDED THIRD PARTY COMPLAINT
    PURSUANT TO RULE 12(B)(6) ................................................................................ 10

    A.  The Amended Third Party Complaint Contains Sufficient Facts to Apprise
        Third Party Defendant Insurers of the Nature of Travelers Claims
        Against Them ...................................................................................................... 11

    B.  Travelers Has Pled A Valid Claim for Contribution Against The
        Third Party Defendant Insurers .......................................................................... 13

    C.  The Amended Third Party Complaint States A Valid Claim Under
        New York Law For Pro Rata Allocation Of Indemnity Payments ..................... 16

II. THIS COURT HAS PERSONAL JURISDICTION OVER INDUSTRIA AND
    TRAVELERS IS NOT REQUIRED TO ARBITRATE ITS CLAIMS AGAINST
    INDUSTRIA OR TRYGG-HANSA IN SWEDEN ...................................................... 17

    A.  This Court Has Jurisdiction Over Industria .......................................................... 17

    B.  Any Forum Selection Or Arbitration Clauses In The Industria Policies
        Or Trygg-Hansa Policies Are Not Binding On Travelers ..................................... 20

CONCLUSION .................................................................................................................... 22

# TABLE OF AUTHORITIES

Cases                                                                                               Page

*Armada Supply Inc. v. Wright,*
858 F.2d 842 (2d Cir. 1988)..................................................................................18

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)............................................................................................10

*Bank of Am. Corp. v. Braga Lemgruber,*
385 F. Supp. 2d 200 (S.D.N.Y. 2005)...................................................................5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)............................................................................................10

*Brass v. American Film Tech., Inc.,*
987 F.2d 142 (2d Cir. 1993).................................................................................5

*Chloé v. Queen Bee of Beverly Hills, LLC,*
616 F. 3d 158 (2d Cir. 2010)..............................................................................19

*Consol. Edison Co. of N.Y. v. Allstate Ins. Co.,*
98 N.Y.2d 208 (2002).........................................................................................16

*Continental Cas. Co. v. Marshall Granger & Co., LLP,*
2013 U.S. Dist. LEXIS 13541 (S.D.N.Y. Jan. 31, 2013)........................................5

*Deutsche Bank Sec., Inc. v. Montana Bd. of Inv.,*
7 N.Y.3d 65 (2006),
*cert. denied,* 2006 U.S. LEXIS 9475 (U.S. Dec. 11, 2006)....................................18

*Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York,*
375 F.3d 168 (2d Cir. 2004)................................................................................10

*Fulton Boiler Works v. Am. Motorists Ins. Co.,*
828 F. Supp. 2d 481 (N.D.N.Y. 2011).................................................................17

*Ins. Co. of N. Am. v. Pyramid Ins. Co. of Bermuda Ltd.,*
1994 U.S. Dist. LEXIS 2994 (S.D.N.Y. Mar. 16, 1994).................................. 17-20

*Ins. Co. of State of Pa. v. CIGNA Prop. & Cas. Ins. Co.,*
162 A.D.2d 390 (1st Dep't 1990)........................................................................18

*Marsh & McLennan Cos., Inc. v. GIO Ins. Ltd.,*
2012 U.S. Dist. LEXIS 125343 (S.D.N.Y. Aug. 31, 2012) .......................................20

*Md. Cas. Co. v. W.R. Grace & Co.,*
218 F.3d 204 (2d Cir. 2000)...................................................................... 13-14, 21

*Max Impact, LLC v. Sherwood Group, Inc.,*
2012 U.S. Dist. LEXIS 126293 (S.D.N.Y. Aug. 16, 2012) ..................................10

*National Casualty Co. v. American Safety Casualty Ins. Co.,*
2010 U.S. Dist. LEXIS 130675 (S.D.N.Y. 2010) .................................................15

*Nat'l Cas. Co. v. Vigilant Ins. Co.,*
466 F. Supp. 2d 533 (S.D.N.Y. 2006).................................................................. 13-14

*Sierra Rutile Ltd. v. Katz,*
1994 U.S. Dist. LEXIS 7254 (S.D.N.Y. 1994) ....................................................19

*Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.,*
73 F.3d 1178 (2d Cir. 1995).................................................................................. 16-17

*Twin City Fire Ins. Co. v. Harel Ins. Co. Ltd.,*
2011 U.S. Dist. LEXIS 87217 (S.D.N.Y. Aug. 5, 2011) .............................. 17-19, 21

*Wabtec Corp. v. Faiveley Transport AB,*
525 F.3d 135 (2d Cir. 2008)....................................................................................21

Statutes & Rules

Fed. R. Civ. P. 8(a) ..........................................................................................................10

Fed. R. Civ. P. 12(b)(6) ...................................................................................................10

N.Y. C.P.L.R. § 302..........................................................................................................17

## PRELIMINARY STATEMENT

Defendants and Third Party Plaintiffs The Travelers Indemnity Company and Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) (collectively "Travelers") respectfully submit this brief in opposition to Third Party Defendant Industria Insurance Company Ltd.'s ("Industria") motion to dismiss the Amended Third Party Complaint for lack of personal jurisdiction and failure to state a claim for relief and in opposition to Third Party Defendant Trygg-Hansa Insurance Company, Ltd.'s ("Trygg-Hansa") motion to dismiss the Amended Third Party Complaint for failure to state a cause of action, as joined by AIU Insurance Company ("AIU"), Century Indemnity Company (individually and as successor to CCI Insurance Company, as successor to Insurance Company of North America) ("Century"), Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company (collectively, "Liberty Mutual"). Industria, Trygg-Hansa, AIU, Century and Liberty Mutual are collectively referred to herein as "Third Party Defendant Insurers."

For the reasons discussed below, this Court should not condone the gamesmanship engaged in by the Third Party Defendant Insurers in filing what are frivolous motions to dismiss against Travelers. At best, Industria's motion to dismiss is a thinly-veiled attempt by Atlas Copco[1] (now jointly represented with Industria) to reargue the merits of its opposition papers to Travelers motion to join the Third Party Defendant Insurers to this action. Despite admitting that, as of May 1992, Industria issued primary coverage to Third Party Defendant Atlas Copco, Industria simultaneously (and incredibly) claims that, in the absence of Travelers setting forth the precise terms and conditions of the Industria Policies, Industria can only guess at the basis for Travelers claims against it. Requiring Travelers to set forth the terms

---

[1] "Atlas Copco" refers to Third Party Defendant Atlas Copco North America, LLC (as successor to Chicago Pneumatic Tool Company).

and conditions of policies that are in the possession of Industria, which Travelers has only incomplete copies of from Atlas Copco's document production in this action, goes well beyond the pleading requirements under Rule 8(a). Similarly, Trygg-Hansa's assertions, and joined by AIU, Century and Liberty Mutual, that they cannot determine what type of contractual relationship may exist between them and Atlas Copco or Chicago Pneumatic for the Underlying Claims, is belied by the Third Party Defendant Insurers' admitted familiarity with the record in this case. These Third Party Defendant Insurers' arguments are truly remarkable given the fact that Danaher and/or Atlas Copco have tendered most (if not all) of the Underlying Claims to all of the insurers and the insurers have responded to those tenders (with Century and Liberty Mutual offering to participate financially in some of those claims). More tellingly, not one of the Third Party Defendant Insurers has denied having actually issued insurance policies to Atlas Copco or Chicago Pneumatic.

Contrary to the Third Party Defendant Insurers' unsupported assertions, Travelers has alleged sufficient facts in its Amended Third Party Complaint to state causes of action against the Third Party Defendant Insurers for (1) contribution of defense costs incurred in the defense of Atlas Copco/Chicago Pneumatic in connection with the underlying asbestos and silica bodily injury claims asserted against Atlas Copco/Chicago Pneumatic (the "Underlying Claims"); and (2) for a declaration concerning the appropriate allocation of past and future indemnity payments made on behalf of Atlas Copco/Chicago Pneumatic in connection with the Underlying Claims.

Additionally, there is no merit to Industria's argument that this Court lacks personal jurisdiction over Industria. Similarly, there is no merit to Industria's or Trygg-Hansa's argument that arbitration clauses in the their respective policies would require Travelers to

arbitrate its claims against Industria and/or Trygg-Hansa in Sweden. Courts in this Circuit have already determined that forum selection clauses in foreign insurers' policies are not binding on co-insurers seeking contribution from the foreign insurer and do not prevent a New York court from exercising personal jurisdiction over that foreign insurer. Accordingly, the Third Party Defendant Insurers' motions to dismiss the Amended Third Party Complaint should be denied in their entirety.

## STATEMENT OF FACTS

As set forth in the Amended Third Party Complaint, on January 7, 2010, plaintiff Danaher Corporation ("Danaher") filed a Complaint against Travelers and defendant North River Insurance Company ("North River"), seeking declaratory relief and alleging claims for breach of contract and breach of the covenant of good faith and fair dealing, in connection with Danaher's demand for defense and indemnification for underlying asbestos and silica bodily injury claims (the "Underlying Claims") asserted against Chicago Pneumatic. (Amended Third Party Complaint, Exh. A to Declaration of Karen Asner ("Asner Decl."), at ¶ 1). In response, on February 26, 2010, Travelers filed its Answer, Separate Defenses, Counterclaim and Crossclaim to Complaint and Third Party Complaint against Third Party Defendant Atlas Copco North America, Inc. (as successor to Chicago Pneumatic Tool Company) ("Atlas Copco"). (Exh. B to Asner Decl.).

Danaher's Amended Complaint

On January 3, 2011, Danaher filed an Amended Complaint which added to this action nine other insurance companies[2] that purportedly issued various excess insurance policies

---

[2] These insurers included American Home Assurance Company, Granite State Insurance Company and National Union Insurance Company of Pittsburgh, Pa., which according to their respective Rule 7.1 Statements filed in this action are all wholly-owned subsidiaries of Chartis,

to Chicago Pneumatic prior to 1986. (Amended Third Party Complaint, Exh. A to Asner Cert., at ¶ 1). For reasons that remain unclear to Travelers, neither Danaher nor Atlas Copco joined the Third Party Defendant Insurers to this action at that time. Similarly, at that time, Atlas Copco had yet to produce its responsive documents identifying the Third Party Defendant Insurers or the documents reflecting that certain of the Third Party Defendant Insurers had offered to participate financially in the defense of Chicago Pneumatic in certain of the Underlying Claims.

Atlas Copco's Production Of Post-1987 Policy Information

From August 2011 through July 2012, the parties continued to exchange document productions and conduct depositions of fact witnesses. During this time period, Atlas Copco produced policies, policy information and correspondence which reflected that:

(1) following Atlas Copco's April 1987 acquisition of Chicago Pneumatic, Atlas Copco purchased from various insurers (including Third Party Defendant Insurers) numerous primary and excess liability insurance policies which provide coverage to Chicago Pneumatic in connection with certain, if not all, of the Underlying Claims (See, e.g., Exh. A (INA Policy); Exh. B (Industria Policy); Exh. C (Trygg-Hansa Policy) and Exh. D (Liberty Mutual Policy) to Certification of Robert W. Mauriello, Jr. ("Mauriello Cert."));

(2) certain of Atlas Copco's insurers, such as Industria and Trygg-Hansa, issued post-1987 insurance policies that either contain a sublimit for asbestos bodily

---

Inc. (collectively, the "Chartis Defendant Insurers"). (See Dkt. Nos. 27, 29 and 25 respectively). The Amended Complaint also added the following other insurers to this action: Continental Casualty Company, Unigard Mutual Insurance Company, n/k/a Seaton Insurance Company, Employers Insurance Company of Wausau, Employers Commercial Union Insurance Company, n/k/a OneBeacon America Insurance Company, International Insurance Company, n/k/a TIG Insurance Company, and Allianz Insurance Company (collectively, with North River, the "Defendant Insurers").

injury claims or provide general liability coverage without an exclusion for asbestos (See, e.g., Exh. B (Industria Policy); Exh. C (Trygg-Hansa Policy));

(3) none of the post-1987 insurance policies issued to Atlas Copco contain exclusions for silica-related product liability claims until 2004 at the earliest (See, e.g., Exh. A (INA Policy) and Exh. D (Liberty Mutual Policy) to Mauriello Cert.); and

(4) Atlas Copco received offers of financial participation from certain of these insurers, including but not limited to Century and Liberty Mutual, for the defense of certain silica-related and asbestos-related Underlying Claims. (See, e.g., Exh. E (Century Correspondence); Exh. F (Liberty Mutual Correspondence) to Mauriello Cert.).

Additionally, documents produced by Danaher and Atlas Copco suggest that AIU issued policies to Chicago Pneumatic from at least 1985 through 1987 and that such policies would provide coverage for the Silica Claims. (See, e.g., Exh. G (Chartis Correspondence); Exh. H (AIU Policy); Exh. I (Marsh Correspondence)).[3]

<u>Duty to Defend Chicago Pneumatic/Atlas Copco</u>

On August 18, 2011, Danaher and Atlas Copco jointly filed a motion for partial summary judgment against Travelers on the duty to defend, seeking a determination that

---

[3] In deciding a motion to dismiss, courts may consider certain documents outside the complaint without converting the motion to one for summary judgment. *Continental Cas. Co. v. Marshall Granger & Co., LLP*, 2013 U.S. Dist. LEXIS 13541, at *10 (S.D.N.Y. Jan. 31, 2013) (observing that courts are entitled to consider "facts alleged in the complaint and documents attached to it or incorporated in it by reference," as well as "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference"); *see also Bank of Am. Corp. v. Braga Lemgruber*, 385 F. Supp. 2d 200, 228 (S.D.N.Y. 2005) ("Courts may also consider 'documents either in plaintiff's possession or of which plaintiff [] had knowledge and relied on in bringing suit.'") (quoting *Brass v. American Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

Travelers is obligated to pay for 100% of the defense costs for the Underlying Claims. (Dkt. Nos. 53-57). Travelers cross-moved for partial summary judgment seeking the dismissal of Danaher's and Atlas Copco's bad faith claims and Danaher's claim for attorneys' fees. (Dkt. Nos. 74-76).

On September 6, 2012, this Court entered an Order granting Danaher's and Atlas Copco's motion for partial summary judgment on the duty to defend, granting Travelers cross-motion for partial summary judgment dismissing Danaher's and Atlas Copco's claims for breach of the duty of good faith and fair dealing and Danaher's claim for attorneys' fees. (Dkt. No. 98).

Motion to Join Third Party Defendant Insurers

On October 26, 2012, as a result of this Court's September 6, 2012 rulings, and based on the documents produced and testimony provided during discovery, Travelers sought leave to amend its Third Party Complaint in order to join Industria, Trygg-Hansa, AIU, Century and Liberty Mutual, the additional insurers that issued insurance policies to Atlas Copco and/or Chicago Pneumatic and against whom Travelers should be entitled to obtain contribution for the defense costs and allocation of any indemnity payments for the Underlying Claims. (Dkt. Nos. 101-103). In support of its motion, Travelers provided to the Court a copy of its proposed Amended Third Party Complaint, which specifically identified AIU, Century, Industria, Liberty Mutual and Trygg-Hansa as Third Party Defendant Insurers. (Dkt. No. 103-1).

On November 30, 2012, Atlas Copco filed its opposition to Travelers motion to join the Third Party Defendant Insurers in which it admitted that:

(1)     "From May 1, 1987 to May 1, 1992, primary coverage was provided to Atlas Copco by [Insurance Company of North America ("INA")] and that "[t]he INA policies provide coverage for Silica claims." (Exh. J to Mauriello Cert. at 3-4);

(2)     "After May 1, 1992, Atlas Copco's primary coverage was provided by Industria." (Id. at 4 (citing Affidavit of John J. Henschel, dated November 29, 2012));

(3)     During certain periods, Trygg-Hansa provided excess coverage to Atlas Copco above the Industria Policies (Id. at 6); and

(4)     Liberty Mutual issued primary policies to Atlas Copco, and the Liberty Mutual Policies in effect from 2003 to 2006 provide coverage for the underlying Silica Claims. (Id.)

Atlas Copco also did not dispute that both Century and Liberty Mutual have previously offered to contribute financially to the defense of the Silica Claims under the INA Policies and Liberty Mutual Policies respectively. Additionally, Atlas Copco's counsel (who is now also Industria's counsel) attached copies of certain policies issued by INA, Industria and Liberty Mutual to its opposition papers. (See Exh. A (INA Policy No. GLP GO 9917184) (Dkt. 117-1); Exh. B (Industria Policy No. 920501-0030) (Dkt. 117-2); Exh. C (Liberty Mutual Policy No. RG2-631-004250-204) (Dkt. 117-3) to Affirmation of Paul E. Breene).

Also, none of the existing Defendant Insurers, including the Chartis Defendant Insurers, opposed joining AIU, also a wholly-owned subsidiary of Chartis, Inc., as a Third Party Defendant Insurer to this action. (See AIU's Rule 7.1 Statement, Dkt. No. 148).

On January 11, 2013, the Honorable James C. Francis IV, U.S.M.J issued a fourteen page Memorandum and Order granting Travelers motion to file its Amended Third Party Complaint against the Third Party Defendant Insurers. (Memorandum and Order, Exh. F to Asner Decl.). The Memorandum and Order concluded that joining the Third Party Defendant Insurers to this action "will promote judicial efficiency" because "Travelers already seeks contribution, indemnification or allocation from nine insurers who are currently defendants in this action" and "[r]equiring it to file a separate action to pursue such claims against the Additional Insurers is not the most rational way to proceed." (Id. at 9). As observed by the

Court, "[t]his is particularly true because, should the Court determine that Travelers is obligated to indemnify Atlas Copco, Travelers has signaled that it will seek pro rata allocation of indemnity costs among Atlas Copco's insurers." (Id.) The Court rejected Atlas Copco's arguments that the proposed Amended Third Party Complaint would be futile on the basis that the Third Party Defendant Insurers' policies may somehow exclude coverage for the Underlying Claims:

> However, Atlas Copco admits that the Insurance Company of North America and Liberty Mutual policies cover silica claims, and fails to assert that the Trygg Hansa policy has a silica exception. (Atlas Copco Opp. at 3-4, 6). Because there are silica claims in the underlying actions, Atlas Copco has not shown that the Amended Complaint is futile on this basis with respect to these insurers.

(Id. at 11). The Court also rejected Atlas Copco's argument that Travelers proposed claims against Industria would be futile based on alleged "dust exclusions" in the Industria Policies: "Atlas Copco effectively seeks a ruling on one of the ultimate issues in this litigation -- whether Trygg Hansa [and Industria] insured the claims at issue -- without a sufficient record, on the basis of opinion testimony by unidentified witnesses who have not been qualified as experts by this Court. Such a determination is inappropriate." (Id. at 12).

The Amended Third Party Complaint

As a result, on January 15, 2013, Travelers filed its Amended Third Party Complaint with the Court. On January 22, 2013, Travelers served Third Party Summonses and copies of the Amended Third Party Complaint and Amended Complaint on AIU, Century, Liberty Mutual and Trygg-Hansa through the New York State Department of Financial

Services.[4]  Thereafter, on January 28, 2013, Travelers served a Third Party Summons, the Amended Third Party Complaint and Amended Complaint on Industria.

At the beginning of February, counsel for Travelers received separate telephone calls from counsel for AIU, Century, Liberty Mutual, Industria and Trygg-Hansa in response to the Amended Third Party Complaint. (Mauriello Cert. ¶ 13).  Notably, Industria is represented by the same counsel representing Atlas Copco in this action, and AIU similarly is represented by the same counsel representing the existing Chartis Defendant Insurers, as well as defendants North River Insurance Company and Employers Commercial Union Insurance Company, n/k/a OneBeacon America Insurance Company.  Counsel for each of the Third Party Defendant Insurers requested and obtained Travelers consent for extensions of time in which to respond to the Amended Third Party Complaint. (Id. ¶ 14).  At no point during any of these telephone conversations or, as in the case of Industria and Trygg-Hansa, during an exchange of correspondence regarding proposed stipulations and orders extending time, did any Third Party Defendant Insurer request any clarification or additional information concerning the Amended Third Party Complaint or allegations contained therein.  (Id. ¶ 15).

On March 15, 2013, Industria filed a motion to dismiss the Amended Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(2) asserting that this Court lacks personal jurisdiction over Industria and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Trygg-Hansa, joined by AIU, Century and Liberty Mutual, similarly moved to dismiss the Amended Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4] In accordance with Local Rules, Travelers also served copies of the Individual Practices of Judge Oetken and the Court's ECF Instructions on each of the Third Party Defendant Insurers.

<u>ARGUMENT</u>

I. THE COURT SHOULD DENY THE THIRD PARTY DEFENDANT INSURERS'
MOTIONS TO DISMISS THE AMENDED THIRD PARTY COMPLAINT
PURSUANT TO RULE 12(B)(6)

Third Party Defendant Insurers' motion to dismiss the Amended Third Party

Complaint pursuant to Rule 12(b)(6) must be denied because the Amended Third Party

Complaint alleges sufficient facts to state a claim for relief against each of the Third Party

Defendant Insurers "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"). As explained by courts in this Circuit, "[a] claim is plausible when its

factual content 'allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged. The plausibility standard is not akin to a probability requirement' . . . ."

*Max Impact, LLC v. Sherwood Group, Inc.*, 2012 U.S. Dist. LEXIS 126293 at *6 (S.D.N.Y. Aug.

16, 2012)) (quoting *Iqbal*, 556 U.S. at 678); *see also Eternity Global Master Fund Ltd. v.

Morgan Guaranty Trust Co. of New York*, 375 F.3d 168, 177 (2d Cir. 2004) ("At the pleading

stage, then, 'the issue is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims.'"). A determination of "whether a complaint

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Additionally, Rule 8(a) requires that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a); *Eternity

Global*, 375 F.3d at 177 ("The indulgent standard evident in these precedents is codified in Rule

8, which requires no more than 'a short and plain statement of [a] claim showing that the pleader is entitled to relief.").

A.    The Amended Third Party Complaint Contains Sufficient Facts to Apprise Third Party Defendant Insurers of the Nature of Travelers Claims Against Them

As a preliminary matter, the Amended Third Party Complaint alleges sufficient facts to satisfy the requirements under Rule 8. The Amended Third Party Complaint, which was simultaneously served with a copy of Danaher's Amended Complaint, clearly identifies that:

(1)    Travelers issued certain insurance policies to Danaher's former subsidiary, Chicago Pneumatic (See Amended Third Party Complaint at ¶ 1);

(2)    Chicago Pneumatic and/or Danaher have tendered claims to Travelers, among other insurers, seeking insurance coverage for the Underlying Claims (as defined in Danaher's Amended Complaint as silica- and asbestos-related liability claims against Chicago Pneumatic) allegedly arising from Chicago Pneumatic's historical products and/or operations (See id. at ¶ 1-2);

(3)    On September 6, 2012, this Court determined that Travelers has a duty to defend Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims (See id. at ¶ 25);

(4)    Industria, Trygg-Hansa, AIU, Century and Liberty Mutual are Third Party Defendant Insurers and certain of these Third Party Defendant Insurers have previously offered to participate financially in the defense of Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims but have not paid any defense costs in connection with the Underlying Claims (See id. at ¶ 26);

(5)    As a result, Travelers seeks a declaration that it is entitled to contribution from the Third Party Defendant Insurers for any past or future defense costs or other sums that Travelers has paid or will pay for the defense of Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims (See id. at ¶ 27); and

(6)    In the event that this Court determines that Travelers also has a duty to indemnify Chicago Pneumatic/Atlas Copco, then Travelers also seeks a pro rata allocation of past and future indemnity payments among Travelers, the Defendant Insurers, the Third Party Defendant Insurers, Chicago Pneumatic and/or Danaher (See id. at ¶ 31-32).

Not only does the Amended Third Party Complaint sufficiently set forth the nature of Travelers claims against the Third Party Defendant Insurers, but also the Third Party Defendant Insurers' motion papers are devoid of any allegations, let alone any sworn statements, denying the fact that Industria, Trygg-Hansa, AIU, Liberty Mutual and Century actually issued insurance policies to Atlas Copco and/or Chicago Pneumatic. To the contrary, Industria admits that "Industria was formed in 1992, and is a captive insurance company of Atlas Copco AB, created for the purpose of procuring insurance for Atlas Copco AB and all of its worldwide operations" and that Third Party Defendant Atlas Copco "as a subsidiary of Atlas Copco AB is an insured under Industria insurance policies sold to Atlas Copco AB." (Declaration of Robert Hallberg ("Hallberg Decl.") ¶ 6, 9). In view of the fact that Industria and Atlas Copco are jointly represented in this action and both Industria and Atlas Copco have made abundantly clear in their respective submissions to the Court that "[a]fter May 1, 1992, Atlas Copco's primary coverage was provided by Industria" (see Atlas Copco's Opposition Brief, Exh. J to Mauriello Cert.), it is rather disingenuous for Industria to now argue that it can only "guess the basis for Travelers' claims," and that the Amended Third Party Complaint does not clarify whether Industria is a co-insurer or set forth the terms and conditions of the Industria Policies. (Industria's Opposition Brief at 13-14).

Similarly, as evidenced by Trygg-Hansa's discussion of and citation to Magistrate Judge Francis' January 11, 2013 Memorandum and Order and other Orders entered and pleadings filed in this action, Trygg-Hansa is fully familiar with the facts of this litigation as well as the nature of relief sought by Travelers. As discussed above, AIU is represented by the same counsel representing the other existing Chartis Defendant Insurers. Moreover, Century and Liberty Mutual have both offered to participate financially in certain of the Underlying Claims.

As a result, it strains credulity for Trygg-Hansa, and joined by AIU, Century and Liberty Mutual, to assert that they cannot fathom what type of relationship may exist between them and Atlas Copco/Chicago Pneumatic or the other parties in this action.  Such gamesmanship should not be permitted by this Court.

B.      Travelers Has Pled A Valid Claim for Contribution Against the Third Party Defendant Insurers

New York courts, both state and federal, recognize a cause of action for contribution where "a co-insurer pays more than its fair share for a loss covered by multiple insurers." *Nat'l Cas. Co. v. Vigilant Ins. Co.*, 466 F. Supp. 2d 533, 540 (S.D.N.Y. 2006).  The Second Circuit has explained that rights or obligations to contribution "between two or more insurance companies insuring the same event are not based on the law of contracts," but rather "flow from equitable principles." *Md. Cas. Co. v. W.R. Grace & Co.*, 218 F.3d 204, 210 (2d Cir. 2000).  Thus, "[w]here more than one insurer has issued policies covering the same risk, a court of equity will exercise jurisdiction over the entire controversy to resolve the rights of all the interested parties, particularly where the issues between the insurers and the insured are similar." *Id.* at 211.  Courts have construed the "same risk" requirement to mean that both policies are triggered by the same underlying lawsuit.  *Vigilant*, 466 F. Supp. 2d at 541.

In *Vigilant*, the court concluded that the complaint stated a cause of action for contribution where "National has alleged that it paid to defend [the policyholders] in the [underlying] litigation, that Vigilant is a co-insurer obligated to pay its pro rata share of these costs, and that Vigilant failed and refused to pay the amount it owes." *Id.* at 540.  The court also rejected Vigilant's argument that "contribution rights apply only when the insurer seeking contribution paid the *whole loss*," reasoning that "such a bright line rule would lead to

inequitable results." *Id.* at 541, n.5. Instead, a contribution claim should be permitted "whenever one co-insurer has paid 'more than its fair share.'" *Id.* at 541.

In this case, the Amended Third Party Complaint clearly states that, on September 6, 2012, this Court determined that Travelers has an obligation to fully defend Atlas Copco/Chicago Pneumatic in connection with the Underlying Claims, thus requiring Travelers to pay past and future defense costs incurred in the defense of Atlas Copco/Chicago Pneumatic in connection with the Underlying Claims. The Amended Third Party Complaint also identifies Industria, Trygg-Hansa, AIU, Century and Liberty Mutual as insurers that have not paid their appropriate share of defense costs for the defense of Atlas Copco/Chicago Pneumatic in the Underlying Claims. (See Amended Third Party Complaint ¶ 26). Thus, under *Vigilant*, and contrary to Industria's assertions, the Amended Third Party Complaint contains sufficient allegations to state a cause of action for contribution under New York law.

Additionally, there is no merit to Industria's and Trygg-Hansa's arguments that Travelers has no right to seek contribution from its co-insurers until it "has paid the defense costs it was ordered to pay by the Court." (Industria's Brief at 14). Although the Court has not made any determinations as to the amount of defense costs actually owed by Travelers, Travelers, Atlas Copco and Danaher have continued to engage in settlement discussions concerning the amount of defense costs owed by Travelers. Regardless, Industria's suggestion that Travelers should delay determining its contribution rights against the Third Party Defendant Insurers only, despite Travelers pending contribution claims against the Defendant Insurers, is illogical, inefficient and contrary to case law. *See Md. Cas. Co.*, 218 F.3d at 211 (authorizing courts to "exercise jurisdiction over the entire controversy to resolve the rights of all the interested parties, particularly where the issues between the insurers and the insured are similar" and "where more

than one insurer has issued policies covering the same risk").  Moreover, this Court has already concluded that Travelers claims for contribution, indemnification and/or allocation against the existing Defendant Insurers and the Third Party Defendant Insurers should be resolved in one action because this approach "will promote judicial efficiency," and "[r]equiring it to file a separate action to pursue such claims against the Additional Insurers is not the most rational way to proceed." (Memorandum & Order, Ex. F to Asner Decl., at 9).

Moreover, Trygg-Hansa's reliance on *National Casualty Co. v. American Safety Casualty Ins. Co.*, 2010 U.S. Dist. LEXIS 130675 (S.D.N.Y. 2010) is misplaced.  The court in *American Safety* concluded that plaintiff National Casualty Company ("National Casualty") could not proceed with its contribution claim in its amended complaint because it was "apparent from the face of the Amended Complaint that the two insurers do not insure the same risk" and that "National Casualty has no obligation to indemnify City Waste." *Id.* at *5.  More specifically, "[t]he National Casualty policy is a commercial auto policy, whereas the American Safety policy is a general liability policy limited to designated premises and containing an exclusion for auto-related losses.  Thus, the American safety policy expressly excludes from coverage the very risk insured by National Casualty." *Id.* at *5-6.  Here, there can be no dispute that Travelers and the Third Party Defendant Insurers insured the "same risk" and neither Trygg-Hansa nor any of the other Third Party Defendant Insurers have even suggested to the contrary in their moving papers.  Accordingly, for the reasons discussed above, Travelers has pled a valid claim for contribution and the Third Party Defendant Insurers' motions to dismiss must be denied.[5]

---

[5] Whether described as a claim for equitable subrogation or contribution or both, the Third Count in the Amended Third Party Complaint clearly seeks contribution for defense costs against the Third Party Defendant Insurers.

C.  The Amended Third Party Complaint States A Valid Claim Under New York Law for Pro Rata Allocation of Indemnity Payments

Although Trygg-Hansa, and joined by AIU, Century and Liberty Mutual, also contends that "Travelers' request for a declaratory judgment allocating indemnity payments should be dismissed for failure to state a claim," their brief is devoid of any relevant case law in support of their argument. (Trygg-Hansa's Brief 11). The Fourth Count[6] of the Amended Third Party Complaint seeks a determination concerning the allocation of indemnity payments made or to be made in connection with the Underlying Claims and a declaration that Travelers is only obligated, if at all, to participate in the indemnity of Atlas Copco/Chicago Pneumatic in the Underlying Claims for its pro-rata, time-on-the-risk share.  (Amended Third Party Complaint ¶30-34).

This Court has not made any rulings yet on the issue of the allocation of indemnity payments made or to be made on behalf of Atlas Copco/Chicago Pneumatic in the Underlying Claims; however, to the extent the Court later determines that Travelers has any obligation to indemnify Atlas Copco/Chicago Pneumatic for the Underlying Claims, Travelers has the right to seek a determination as to the appropriate pro rata, time-on-the-risk allocation of indemnity costs among all parties.  *See Consol. Edison Co. of N.Y. v. Allstate Ins. Co.*, 98 N.Y.2d 208 (2002) (upholding application of pro rata allocation methodology to allocate indemnity costs among insurers for claims involving continuous exposure and injury during multiple policy periods); *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178, 1202 (2d Cir. 1995) (stating that "each triggered policy [is] responsible for only a pro rata share [of the underlying

---

[6] Although Trygg-Hansa argues that "the request for a declaratory judgment also must be dismissed," without referencing a specific count in the Amended Third Party Complaint, Travelers assumes that Trygg-Hansa is referring to the Fourth Count and not the First Count, which is directed against Atlas Copco/Chicago Pneumatic only.

liability]"), *as modified by*, 85 F.3d 49 (2d Cir. 1996); *Fulton Boiler Works v. Am. Motorists Ins. Co.*, 828 F. Supp. 2d 481, 490 (N.D.N.Y. 2011) ("[T]he Second Circuit has favored a pro rata allocation of indemnity over a joint and several approach."). Accordingly, this Court should deny the Third Party Defendant Insurers' motion to dismiss the Fourth Count of the Amended Third Party Complaint.

II. THIS COURT HAS PERSONAL JURISDICTION OVER INDUSTRIA AND TRAVELERS IS NOT REQUIRED TO ARBITRATE ITS CLAIMS AGAINST INDUSTRIA OR TRYGG-HANSA IN SWEDEN

A. This Court Has Jurisdiction Over Industria

The Court similarly should reject Industria's argument (submitted for the second time by Atlas Copco's and Industria's joint counsel) that this Court lacks personal jurisdiction over Industria because, as discussed below, there can be no dispute that Industria issued insurance policies to Third Party Defendant Atlas Copco "with the expectation that [they] could be claimed upon for events occurring within New York" and, as a result, this Court should exercise jurisdiction over Industria. *See Ins. Co. of N. Am. v. Pyramid Ins. Co. of Bermuda Ltd.*, 1994 U.S. Dist. LEXIS 2994 at *6 (S.D.N.Y. Mar. 16, 1994) ("INA").

It is well-settled law that "[p]ersonal jurisdiction in a diversity action is determined by the law of the state in which the court sits," *INA*, 1994 U.S. Dist. LEXIS 2994 at *4, and that "[i]n New York, the question of long-arm personal jurisdiction over an out-of-state defendant is governed by N.Y. C.P.L.R. § 302." *Twin City Fire Ins. Co. v. Harel Ins. Co. Ltd.*, 2011 U.S. Dist. LEXIS 87217 at *3 (S.D.N.Y. Aug. 5, 2011). New York's long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." *CPLR* 302(a)(1).

Courts in this Circuit have consistently held that long-arm jurisdiction under CPLR 302(a)(1) exists where a foreign insurer issues a policy "with the expectation that it could be claimed upon for events occurring within New York." *See INA*, 1994 U.S. Dist. LEXIS 2994 at *6 ("I hold that by issuing in Bermuda an insurance policy with the expectation that it could be claimed upon for events occurring within New York, Pyramid 'contracted anywhere to supply goods or services in the state,' thus subjecting itself to the jurisdiction of courts in New York under CPLR § 302(a)(1)"); *Twin City*, 2011 U.S. Dist. LEXIS 87217 at *6 ("By issuing from Israel a policy 'with the expectation that it could be claimed upon for events occurring within New York,' Harel subjected itself to the jurisdiction of the courts in New York under the language of CPLR 302(a)(1). The fact that the primary insured under the Harel Policy, IDB New York's parent company . . ., is an Israeli company does not change this result"); *Armada Supply Inc. v. Wright*, 858 F.2d 842, 848 (2d Cir. 1988) (holding that jurisdiction over Brazilian underwriter was proper under CPLR 302(a)(1) where underwriter insured cargo owned by a corporation authorized to do business in New York); *see also Ins. Co. of State of Pa. v. CIGNA Prop. & Cas. Ins. Co.*, 162 A.D.2d 390, 391 (1st Dep't 1990); *Deutsche Bank Sec., Inc. v. Montana Bd. of Inv.*, 7 N.Y.3d 65, 71 (2006), *cert. denied*, 2006 U.S. LEXIS 9475 (U.S. Dec. 11, 2006).

Moreover, even at this stage, Travelers meets the "minimum contacts inquiry" and "reasonableness inquiry" for due process. *Twin City*, 2011 U.S. Dist. LEXIS 87217 at *4. Under the "minimum contacts inquiry" the court examines whether "the defendant has purposefully availed himself of the 'privilege of conducting activities in New York." *Id.* In satisfying the "reasonableness inquiry," the court must consider: "(1) the burden on the defendant, (2) the interests of the forum State, [] (3) the plaintiff's interest in obtaining relief . . . (4) the interstate

judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Id.* at *4-5 (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F. 3d 158, 173 (2d Cir. 2010)). The court in *Twin City* found that exercising jurisdiction over a foreign insurer in an action for declaratory judgment and contribution satisfied due process:

> [A]lthough the Court acknowledges that there will be some burden on Harel to litigate this case in New York, this inconvenience cuts both ways. Twin City would be equally burdened by having to litigate in Israel if the case were brought there. Moreover, this is an action for declaratory judgment and contribution which will likely be decided on written submissions and is unlikely to require a trial or hearing necessitating personal travel on the part of Harel's employees.

*Id.* at *6; *INA*, 1994 U.S. Dist. LEXIS 2994 at *9-10 (finding that exercising jurisdiction over a foreign insurer that issues "a policy intended and known to be in continual effect throughout the country . . . does not violate the due process concepts of the United States Constitution").

In opposing a motion to dismiss based on lack of personal jurisdiction, "prior to discovery on the issue a plaintiff need only make a prima facie showing of jurisdiction, with all pleadings to be construed in a light most favorable to the plaintiff and all doubts resolved in its favor." *Sierra Rutile Ltd. v. Katz*, 1994 U.S. Dist. LEXIS 7254 at *13 (S.D.N.Y. 1994). Here, there is no dispute that the Industria Policies were issued to Atlas Copco AB and its subsidiaries and affiliates, including Third Party Defendant Atlas Copco – an alleged successor in interest to Chicago Pneumatic and a New York resident. (See Hallberg Decl. ¶ 6, 9) ("Industria was . . . created for the purpose of procuring insurance for Atlas Copco AB and all of its worldwide operations. . . . Atlas Copco North America, LLC . . . a Third Party defendant in this case . . . is an insured under Industria insurance policies sold to Atlas Copco AB."); (see also Exh. J to Mauriello Cert. (Atlas Copco's Opposition Brief) at 4 ("After May 1, 1992, Atlas Copco's primary coverage was provided by Industria"). It also cannot be disputed that certain of the

Underlying Claims for which Travelers seeks contribution of defense costs from Industria arose in or were filed in New York. Moreover, Industria's own policyholder, Third Party Defendant Atlas Copco, never contested this Court's exercise of jurisdiction over Atlas Copco nor could it credibly do so. By knowingly issuing policies to Atlas Copco "with the expectation that it could be claimed upon for events occurring within New York," Industria unquestionably subjected itself "to the jurisdiction of courts in New York under CPLR § 302(a)(1)." *INA*, 1994 U.S. Dist. LEXIS 2994 at *6.

B.  Any Forum Selection Or Arbitration Clauses In The Industria Policies Or Trygg-Hansa Policies Are Not Binding On Travelers

Industria's and Trygg-Hansa's opposition papers contain vague statements suggesting, without any support, that the Industria Policies and/or Trygg-Hansa Policies contain or may contain arbitration clauses requiring Travelers to arbitrate its claims against Industria and Trygg-Hansa in Sweden. Again, in this context, Trygg-Hansa's and/or Industria's suggestion that they do not know what the terms or conditions of their own policies may be is simply unavailing. As discussed above, although Atlas Copco produced what appear to be incomplete and uncertified copies of the Industria Policies and Trygg-Hansa Policies, Industria and Trygg-Hansa are in the best position to know the terms and conditions of their own policies (and to provide copies of them in support of their argument).

More importantly, courts in this Circuit have already held that a forum selection clause in a foreign insurer's policy (1) does <u>not</u> prevent a New York court from exercising personal jurisdiction over that foreign insurer and (2) is not even binding on the co-insurer seeking contribution from the foreign insurer. *See Marsh & McLennan Cos., Inc. v. GIO Ins. Ltd.,* 2012 U.S. Dist. LEXIS 125343 at *11 n.3 (S.D.N.Y. Aug. 31, 2012) ("To the extent [the foreign insurer] argues it had no expectation of being haled into court in New York because the

Policies require the parties to arbitrate their disputes in London, this argument is meritless.").

Similarly, the court in *Twin City* rejected the argument that a forum selection clause, "which

provides that all claims arising out of the policy must be brought in Israel, should apply to Twin

City" on the basis that Twin City "was not a party to the Harel Policy[,] [t]he clause's existence

was never communicated to it, nor did Twin City ever consent to be bound." 2011 U.S. Dist.

LEXIS 87217 at *8; *see also Md. Cas. Co. v. W.R. Grace & Co.*, 218 F.3d 204, 210 (2d Cir.

2000) ("Contribution rights, if any, between two or more insurance companies insuring the same

event are not based on the law of contracts. This follows from basic common sense because the

contracts entered into are formed between the insurer and the insured, not between two insurance

companies."); *see also Wabtec Corp. v. Faiveley Transport AB*, 525 F.3d 135, 138 (2d Cir. 2008)

("[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-

selection clause that posits not only the situs of suit but also the procedure to be used in resolving

the dispute").

   Thus, because Travelers is not a party to the Industria Policies or Trygg-Hansa

Policies and Travelers was neither notified of nor consented to be bound by any forum selection

or arbitration clauses in the Industria Policies or Trygg-Hansa Policies purportedly requiring

arbitration in Sweden, such clauses are not binding on Travelers and should not prevent this

Court from exercising personal jurisdiction over Industria and Trygg-Hansa in New York.

## CONCLUSION

For the foregoing reasons, this Court should deny the motions to dismiss filed by

the Third Party Defendant Insurers and permit Travelers to proceed with the claims in its

Amended Third Party Complaint against the Third Party Defendant Insurers.

GRAHAM CURTIN, P.A.
Attorneys for Defendants/Third Party Plaintiffs
The Travelers Indemnity Company and
Travelers Casualty and Surety Company
(f/k/a The Aetna Casualty and Surety Company)


By: _____
　　　Robert W. Mauriello, Jr.

Dated: March 28, 2013