UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :
DANAHER CORPORATION,                        :
                         Plaintiff,       :
                                                :       10 Civ. 121 (JPO) (JCF)
              -against-                   :
                                                :       MEMORANDUM AND
THE TRAVELERS INDEMNITY COMPANY,  :             ORDER
*et al.*,                                                  :
                                     Defendants.  :
                                                   :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       This is a dispute about insurance coverage for silica-exposure and asbestos-exposure claims. Third-party defendant Atlas Copco North America, LLC ("Atlas Copco") has moved for partial summary judgment against defendants and third-party plaintiffs The Travelers Indemnity Co. and Travelers Casualty and Surety Co. (collectively "Travelers"), seeking the attorney's fees that Atlas Copco incurred in litigating a prior motion for partial summary judgment regarding Travelers' duty to defend Atlas Copco in certain asbestos- and silica-related actions ("the underlying actions"). On January 31, 2013, Magistrate Judge James C. Francis IV issued a Report and Recommendation, advising that Atlas Copco's motion should be granted. (Dkt. No. 131 ("the Report"); more specifically, it recommends that Atlas Copco be awarded "the attorneys' fees it expended in procuring the ruling that Travelers has a duty to defend." (*Id*. at 14.) For the reasons set forth below, Travelers objections are overruled and the Report is adopted in full.

I.       **Standard of Review**

       Pursuant to 28 U.S.C. § 636(b)(1), a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district

court reviews a magistrate judge's report "strictly for clear error when no objection has been made," as well as "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments." *Coach, Inc v. O'Brien,* No. 10 Civ. 6071(JPO) (JLC), 2012 WL 1255276, at * 1 (S.D.N.Y. Apr. 13, 2012) (*citing Crowell v. Astrue,* No. 08 Civ. 8019(LTS)(DF), 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011)).  In contrast, the district court reviews *de novo* the conclusions in the magistrate judge's report about which substantive objections have been made. *See McDonaugh v. Astrue,* 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

The Report at issue concerns a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Pursuant to Rule 56, summary judgment "is appropriate when the evidence 'show[s] that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262, 265-66 (S.D.N.Y. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)) (alteration in original).  The Court must view all evidence and facts "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citing *Consarc Corp. v. Marine Midland Bank*, 996 F.2d 568, 572 (2d Cir. 1993)).  To prevail on a motion for summary judgment, it must be shown that "no reasonable trier of fact could find in favor of the nonmoving party."  *Id.*; *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  The nonmoving party must advance more than mere "conclusory statements, conjecture, or speculation" to successfully defeat a motion for summary judgment.  *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (citing *Matsushita*, 475 U.S. at 587); *see also Anderson*, 477 U.S. at 249-50.

## II. Travelers' Objections

Judge Francis's Report provides an exhaustive discussion of the factual and procedural background of this case, familiarity with which is assumed.

Travelers has lodged two separate objections to the Report: (1) that it "incorrectly adopts a piecemeal approach to determining Atlas Copco's alleged entitlement to attorney's fees from Travelers," and (2) that "the Report erroneously concludes that Travelers cast Atlas Copco in a defensive posture." (Dkt. No. 139 ("Travelers Obj.") at 1-2.) Because Travelers' "objections largely rehash arguments previously submitted," this Court would be on firm ground if it reviewed the Report solely for clear error. *Frankel v. City of New York,* No. 07 Civ. 3436 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb 25, 2009); *see also Vega v. Artuz,* No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (Sept. 30, 2002) (explaining that a "rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations."). Out of "an abundance of caution," however, the Court will treat Plaintiff's objections as "invit[ing] *de novo* review of the Report." *Frankel,* 2009 WL 465645, at *2.

### A. Travelers' First Objection

Travelers first "objects to the Report because, at this stage of the litigation, it would be premature for the Court to consider Atlas Copco's application for attorney's fees." (Travelers Obj. at 1.) Travelers insists that the awarding of attorney's fees would be inappropriate at this time, because "the Court has yet to resolve Atlas Copco's and Danaher's claims for breach of contract and declaratory judgment regarding the duty to indemnify or claims by Travelers and the other insurers for allocation, contribution and declaratory judgment regarding the duty to indemnify." (*Id*. at 2.) As Judge Francis correctly noted in his Report, however, "Atlas Copco's

right to attorney's fees incurred for litigating Travelers' duty to defend is not contingent on the resolution of any other cause of action." (Report at 10.) Moreover, as Travelers concedes in its brief, New York courts have "permitted application for attorney's fees prior to resolving at claims at issue . . . ." (Travelers Obj. at 1.) *See, e.g.*, *GA Ins. Co. of New York v. Naimberg Realty Assocs.*, 650 N.Y.S.2d 246, 247-48 (2d Dep't 1996) (awarding insured attorneys' fees despite the fact that the question of whether insurer had a duty to indemnify was premature). Thus, Traveler's first objection is without merit.[1]

### B. Travelers' Second Objection

Travelers next objects to the Report's determination that Travelers, rather than Danaher, cast Atlas Copco in a defensive position.

"It is the rule in New York that . . . a recovery [of attorney's fees] may not be had in an affirmative action brought by an assured to settle its rights, but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979) (internal citations omitted); *see also Underwriters Ins. Co. v. City Club Hotel*, 369 F.3d 102, 111 (2d Cir. 2004) (explaining that an insured is "allowed to recover fees expended in defending against . . . a declaratory judgment action brought by an insurance company seeking to deny a duty to defend and indemnify . . . . The insured is allowed fees, that is, 'when he has been cast in a defensive posture by the legal steps an insurer takes . . .'" (citation omitted).) Importantly, then, an insurer

---

[1] In its Objections, Travelers contends that "the Report does not reconcile the Court's declaration on September 6, 2012—that it 'would be premature to rule as a matter of law that Atlas [Copco] could not obtain attorney's fees if it ultimately prevails on its claim" (Tr. At 56:21-23)—with the timing of Atlas Copco's motion for attorney's fees, which was filed less than two months after the Court's September 6 Decision." (Travelers Mem. at 1.) There was nothing, however, for the Report to reconcile. The Court's September 6 holding was simply that it would be "premature" to rule that Atlas Copco "could *not*" obtain attorney's fees. Nothing was said at that time to indicate that a motion by Atlas Copco for attorney's fees would be premature.

who "improperly disclaims coverage . . . is liable for the attorneys' fees incurred by the insured in defending a suit by the insurer to establish the insurer's nonliability for the underlying claim as well as in the liability action, but not for the fees expended in suing the insurer to establish coverage." *Chase Manhattan Bank v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 A.D.2d 1, 5 (1st Dep't 1999) (citing *Mighty Midgets*, 47 N.Y.2d at 21); *accord City of New York v. Zurich-Am. Ins. Group*, 5 Misc. 3d 1008(A), at *5 (N.Y. Sup. Ct. 2004) *aff'd*, 27 A.D.3d 609 (2d Dep't 2006) (explaining that, in New York, "attorney's fees are granted to an insured where an insurer has brought a declaratory judgment action against it, seeking to avoid its obligation to defend the insured in an underlying action").

Here, Travelers filed a third-party complaint against Atlas Copco seeking a declaration that Travelers was not required to defend or indemnify in the underlying actions. Travelers nonetheless argues that it should not be liable for Atlas Copco's attorney's fees, because "Danaher, not Travelers, cast Atlas Copco in a defensive position by commencing this declaratory action." (Travelers Obj. at 2.) In other words, Travelers would have it that, despite the fact that Atlas Copco was technically brought into this action by Travelers as a third-party defendant, Atlas Copco "should have been named, or should be realigned, as a co-plaintiff," and therefore that Atlas Copco was not, for all intents and purposes, put in a defensive position by Travelers. (*Id.* at 5; *see also* Dkt. No. 121 ("Travelers Mem") at 8-9 (arguing that "Atlas Copco is a necessary party to this coverage dispute and inevitably would have been joined by Danaher as a required party if Travelers had not done so. The fact that Travelers did so here, in lieu of Danaher, should not be held against Travelers given the necessity of Atlas Copco in this action to resolve Danaher's causes of action").)

Travelers' argument lacks merit. As the Report notes, "Travelers has provided no support for the proposition that, for the purposes of this analysis, its realignment argument . . . trumps the fact that it impleaded Atlas Copco as a third party. That is, even were Atlas to be realigned as a plaintiff, the fact would remain that Travelers voluntarily brought Atlas Copco into this litigation." (Report at 13.) Simply stated, Travelers filed a third-party complaint against Atlas Copco, thereby placing the latter in a defensive posture; thus, Atlas Copco is entitled to the attorney's fees it has incurred in procuring the ruling that Travelers had a duty to defend.[2]

### III. Conclusion

For the foregoing reasons, Travelers' Objections are OVERRULED and Magistrate Judge Francis's Report and Recommendation is ADOPTED.

The Clerk of the Court is directed to close the Motion at Docket Number 107.

SO ORDERED.

Dated: New York, New York
       April 5, 2013

_____
J. PAUL OETKEN
United States District Judge

---

[2] Travelers is correct that the Report recommends awarding Atlas Copco "the attorneys' fees it *expended* in procuring the ruling that Travelers has a duty to defend," not the attorney's fees it *will* expend in defending the action. (Dkt. No. 159.)