UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAHER CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, et al.,<br><br>    Defendants. | Case No. 10-CIV 0121 (JPO) (JCF) |

**ATLAS COPCO NORTH AMERICA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR REIMBURSEMENT OF LEGAL FEES AND COSTS INCURRED TO DEFEND THE DECLARATORY JUDGMENT ACTION BROUGHT AGAINST ATLAS COPCO BY TRAVELERS INDEMNITY COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY**

REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Phone: 212.521.5400
Fax: 212.521.5450
*Attorneys for Third-Party Defendant,
Atlas Copco North America Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................... 1

PROCEDURAL HISTORY ......................................................................................... 3

ARGUMENT ............................................................................................................ 7

    I.    ATLAS COPCO IS ENTITLED TO ALL COSTS INCURRED TO DEFEND THE DECLARATORY JUDGMENT ACTION THROUGH SEPTEMBER 6, 2012, AND ON AN ONGOING BASIS THEREAFTER, NOT ONLY THE COSTS INCURRED TO MAKE ITS MOTION FOR SUMMARY JUDGMENT ON THE DUTY TO DEFEND ............................................... 7

    II.    THE FEES ATLAS COPCO HAS PAID TO DEFEND THIS ACTION ARE REASONABLE ........................................................................................... 12

CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Am. Auto. Ins. Co. v. Security Income Planners and Co.*,
   847 F. Supp.2d 454 (E.D.N.Y. 2012) .................................................................. 11

*Am. Home Assur. Co. v. Weissman*,
   79 A.D.2d 923, 434 N.Y.S.2d 410 (1st Dep't 1981) ............................................ 4, 9, 10

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
   522 F.3d 182 (2d Cir. 2008) ................................................................................ 13

*Barkan v. N.Y. Schools Ins. Reciprocal*,
   65 A.D.3d 1061, 886 N.Y.S.2d 414 (2d Dep't 2009) ........................................... 11

*Chase Manhattan Bank v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*,
   258 A.D.2d 1, 690 N.Y.S.2d 570 (1st Dep't 1999) .............................................. 4, 8

*City of Johnstown, N.Y. v. Bankers Standard Ins. Co.*,
   877 F.2d 1146 (2d Cir. 1989) .............................................................................. 9

*Frontier Insulation Contractors v. Merchants Mut. Ins. Co.*,
   690 N.E.2d 866 (N.Y. 1997) ................................................................................ 9

*GA Ins. Co. of N.Y. v. Naimberg Realty Assocs.*,
   233 A.D.2d 363, 650 N.Y.S.2d 246 (2d Dep't 1996) ........................................... 4, 11

*Hester v. Navigators Ins. Co.*,
   No. 12-cv-04033, 2012 WL 4747003 (S.D.N.Y. Aug. 3, 2012) ............................. 13

*Liberty Surplus Ins. Corp. v. Segal*,
   420 F.3d 65 (2d Cir. 2005) .................................................................................. 9

*Mighty Midgets v. Centennial Ins. Co.*,
   47 N.Y.2d 12, 389 N.E.2d 1080, 416 N.Y.S.2d 559 (1979) ............................ passim

*Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*,
   597 F. Supp. 2d 842 (E.D. Wis. 2009) ................................................................. 13

*Specialty Nat. Ins. Co. v. English Bros. Funeral Home*,
   606 F.Supp.2d 466 (S.D.N.Y. 2009) .................................................................... 8

*TSG Water Res., Inc. v. D'Alba & Donovan Certified Pub. Accountants*,
   366 F. Supp. 2d 1212 (S.D. Ga. 2004) ................................................................ 13

*U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*,
   822 N.E.2d 777(2004) ......................................................................................... 3

*Underwriters Ins. Co. v. City Club Hotel*,
   369 F.3d 102 (2d Cir. 2004) ................................................................................ 7

*Westport Ins. Corp. v. Hamilton Wharton Group, Inc.*,
   No. 10 Civ. 2188(RMB)(THK), 2011 WL 724737 (S.D.N.Y. Feb. 23, 2011) ......... 10, 11

*Z Trim Holdings, Inc. v. Fiberstar, Inc.*,
 No. 07-cv-161-bbc, 2008 U.S. Dist. LEXIS 61514 (W.D. Wis. Aug. 12, 2008) ........... 13

Third-Party Defendant and Counter-Plaintiff Atlas Copco North America, LLC ("Atlas Copco") as successor to Chicago Pneumatic Tool Company ("Chicago Pneumatic") by and through its attorneys Reed Smith LLP ("Reed Smith"), hereby submits this Memorandum of Law in Support of Its Motion for Reimbursement of Legal Fees and Costs Incurred To Defend the Declaratory Judgment Action Brought Against Atlas Copco by Travelers Indemnity Company and Travelers Casualty and Surety Company ("Travelers").

## PRELIMINARY STATEMENT

The Court already has held that, because Travelers put Atlas Copco in a defensive position by seeking a declaration that it has no duty to defend or indemnify Atlas Copco in the underlying silica and asbestos claims, Atlas Copco is entitled to recover its defense costs for this action under the *Mighty Midgets* Rule. In *Mighty Midgets v. Centennial Insurance Co.*, 389 N.E.2d 1080, 1085 (N.Y. 1979) ("*Mighty Midgets*"), the New York Court of Appeals held that a policyholder is entitled to such fees because, under New York law, "an insurer's responsibility to defend reaches the defense of <u>Any action</u> arising out of the occurrence." More recently, in *U.S. Underwriters Insurance Co. v. City Club Hotel*, 822 N.E.2d 777, 780 (N.Y. 2004), the New York Court of Appeals, in answering a certified question from the Second Circuit, made clear that the "defense of any action" includes "a defense of an insurer's declaratory judgment action." In other words, Travelers has the same contractual obligation under the policies it sold to Atlas Copco to defend this declaratory judgment action as it has to defend any other action against Atlas Copco.

It indisputable that, under New York law, an insurance company has an obligation to defend its policyholder until it is established that there is no possibility of coverage under the policy. Travelers seeks to flip this rule on its head, arguing that it should not have to pay Atlas Copco's defense costs in this action until Atlas Copco "prevails" on coverage, *i.e.*, proves that there <u>is coverage</u>. On this basis, Travelers has argued that its only current obligation is to pay Atlas Copco's attorney's fees incurred specifically to make its successful summary judgment motion on the duty to defend (the "Duty to Defend Motion"). Travelers has never cited any authority for this position, nor do any decisions in this case support that position. There is not even a suggestion in *Mighty Midgets* or its progeny, discussed in detail below, that the "defense" triggered under *Mighty Midgets* is so limited. Moreover, consistent with New York law, both Magistrate Judge Francis, and the Court already have rejected Travelers' "prematurity" argument, and found *Mighty Midgets* applies.

In addition to its general objection to paying coverage counsel's fees not specifically related to Atlas Copco's successful Duty to Defend Motion, Travelers also has lodged vague complaints regarding changes in billing rates for certain attorneys over the life of this case, without specifying a dollar amount to which it objects. When, as here, bills are paid by a client without an expectation of reimbursement, they are presumptively reasonable. Travelers' complaints lack sufficient detail to overcome this presumption. In any case, as explained below, counsel for Atlas Copco charged the lowest rate it could charge consistent with firm policies, and thus those rates are reasonable.

Accordingly, Travelers should be ordered to pay, now, all fees Atlas Copco has incurred in defending this declaratory judgment action through the date of the duty to defend decision, plus statutory interest. In addition, consistent with clear New York law, Travelers should be directed to pay ALL of Atlas Copco's reasonable fees incurred in defending this action through today and on an ongoing forward.

## **PROCEDURAL HISTORY**

On September 6, 2012, the Court granted Atlas Copco's Duty to Defend Motion, and issued an order declaring that Travelers had a duty to defend the underlying asbestos and silica claims against its insured, Chicago Pneumatic Tool Company, a former Danaher and current Atlas Copco subsidiary (the "September 6 Decision"). Dkt. 98. On November 5, 2012, Atlas Copco moved for partial summary judgment seeking an order directing Travelers to also pay the attorney's fees and costs it incurred to defend the declaratory judgment, under the *Mighty Midgets* Rule. Dkt. 107. On January 31, 2013, Magistrate Judge Francis issued a Report and Recommendation granting Atlas Copco's motion (the "Report"). Dkt. 131.

The Report found that Travelers had put Atlas Copco in a defensive posture by bringing a declaratory judgment action against it, and thus that the *Mighty Midgets* Rule applied. *Id.* at 13-14. The Report specifically noted that the reasoning behind the *Mighty Midgets* Rule is that "an insurer's duty to defend an insured extends to the defense of <u>any action</u> arising out of the occurrence, <u>including a defense against an insurer's declaratory judgment action.</u>" Report at 5-6 (emphasis added), citing *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC,* 822 N.E.2d 777 (N.Y. 2004) (answering question certified by Second Circuit). The Report also specifically noted that the right to

attorney's fees "is not so much an exception to the American Rule that litigant's pay their own fees and expenses, as it is a right that 'arises from th[e] contractual duty' to defend.'" Report at 6, quoting *Chase Manhattan Bank v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 A.D.2d 1, 690 N.Y.S.2d 570, 573 (1st Dep't 1999).

The Report rejected Travelers' argument that it would be "premature" to award Atlas Copco its attorney's fees for the declaratory judgment action now, because it could not yet be determined that Atlas Copco had "prevailed" as there were outstanding coverage issues yet to be decided. The Report found that Atlas Copco's right to be reimbursed for its attorney's fees was not contingent on resolution of any other action, and noted that, in other New York cases, once the policyholder prevailed on the duty to defend, it was "not required" to "wait until all issues in the case had been resolved." Report at 6, citing *GA Ins. Co. of N.Y. v. Naimberg Realty Assocs.*, 233 A.D.2d 363, 365, 650 N.Y.S.2d 246, 247–48 (2d Dep't 1996) (awarding insured attorneys' fees when insured was cast in defensive position and leaving unresolved question of whether insurer had duty to indemnify); *Am. Home Assur. Co. v. Weissman*, 79 A.D.2d 923, 924, 434 N.Y.S.2d 410, 412 (1st Dep't 1981) (awarding insured partial summary judgment requiring insurer to defend and ruling that insured "is entitled to be compensated for legal services rendered to him from the date of retention of counsel until the date of entry of this order, as well as for legal expenses incurred to date in defense of this suit").

On February 14, 2014, Travelers objected to the Report, reiterating its original arguments, including its "prematurity" argument ("Travelers' Objection"). Dkt. 139. Atlas Copco opposed Travelers' Objection on February 28, 2013, Dkt. 142, primarily on the

ground that all the issues raised by Travelers had previously been raised, and rejected in the Report. Atlas Copco also sought clarification from the Court that the "'attorneys' fees [Atlas Copco] expended in procuring the ruling that Travelers has a duty to defend'" [referenced in the Report] includes <u>all</u> the fees Atlas Copco has incurred to date in defending against Travelers in this action." Atlas Copco Opposition, at 9.

On April 5, 2013, the Court overruled Travelers' Objections, and adopted the Report, confirming that the *Mighty Midgets* Rule applied, and rejecting Travelers' argument that it would be "premature" to determine that Atlas Copco was entitled to its attorney's fees for this action (the "April 5 Order"). April 5, 2013 Order at 4-5. Dkt. 167.

As of February 12, 2014, Travelers still had not paid Atlas Copco any part of its attorney's fees for this declaratory judgment action, and thus Atlas Copco moved for an order holding Travelers in contempt of the Court's April 5 Order. Dkts. 181, 182, 183. In opposition to the contempt motion (Dkt. 184), Travelers reiterated its position that it was only required to pay the attorney's fees specifically incurred by Atlas Copco to make its Duty to Defend Motion, and not for any other costs of defending this action. Travelers Opposition to the Contempt Motion at 6-7.

The Court denied the Contempt Motion on March 21, 2014 (Dkt. No. 189) (the "March 21 Decision"), in part because "the April 2013 Order did not enter a sum certain judgment or determine that Atlas Copco's attorney's fees were reasonable" and referred the dispute regarding the fees to Your Honor. March 21 Decision at 15.

On May 31, 2013, Atlas Copco sent Travelers copies of relevant invoices for work done by Reed Smith, its coverage counsel in this matter, and demanded that Travelers reimburse it for $ 236,378.98, the amount it had expended in defending the

declaratory judgment action from March 2010, shortly after Travelers sued Atlas Copco, until the date of the September 6 Decision.[1] *See*, Letter, dated May 31, 2013, from Paul E. Breene, to Robert W. Mauriello, Jr., with attached invoices, attached to the Affirmation of Paul E. Breene in Support of this Motion, dated August 1, 2014 ("Breene Aff."), as Exhibit A.

On June 12, 2014, Travelers sent a letter identifying its objections to the Reed Smith invoices. Travelers' primary objection to the invoices was that Atlas Copco did not limit its demand to the fees specifically incurred in connection with Atlas Copco's successful Duty to Defend motion. *See* Letter, dated June 12, 2014, from Robert W. Mauriello, Jr. to Gita F. Rothschild and Paul E. Breene, Breene Aff., Ex. B. On that basis, Travelers asserts that Atlas Copco is not entitled to any defense costs incurred prior to August 23, 2011, when work began on the Duty to Defend Motion, and thus that the fees should be "initially" reduced by at least $25,469.13. *Id.* at 7.

Travelers also objected that the defense costs were not reasonable because the hourly rates for attorneys working on the case "varied significantly from month to month," providing a few examples of such rate changes, but without specifying an amount by which it believed the defense bills should be reduced on this basis. *Id.* at 8. Travelers also asserted that any fees incurred after August 23, 2011 not specifically related solely to the Duty To Defend Motion should be subtracted from the total fees, again without providing specific details or a specific amount by which the fees should be

---

[1] Although the Report, and the April 5 Decision adopting the Report, refer only to the fees "incurred" as of the September 6 Decision, Atlas Copco asserts that, under *Mighty Midgets* and its progeny, as explained in the Report, it is entitled to <u>all</u> the reasonable costs of defending this action, and expressly requests that Travelers be directed to pay all such reasonable costs, not only through the date of the decision on the Duty to Defend Motion, but also through the present, and on an ongoing basis, until this matter is resolved or Travelers establishes that it no longer has a duty to defend. Atlas Copco will of course provide copies of all relevant invoices through the present, and on an ongoing basis. If required, Atlas Copco will make a separate motion seeking such an order.

reduced. Rather, Travelers merely asserted that "a reasonable amount of attorney's fees incurred by Atlas Copco" should be "no more than $60,000.00" of the $233,378.98 Atlas Copco has incurred. *Id.*

**ARGUMENT**

I. **ATLAS COPCO IS ENTITLED TO ALL COSTS INCURRED TO DEFEND THE DECLARATORY JUDGMENT ACTION THROUGH SEPTEMBER 6, 2012 AND ON AN ONGOING BASIS THEREAFTER, NOT ONLY THE COSTS INCURRED TO MAKE ITS MOTION FOR SUMMARY JUDGMENT ON THE DUTY TO DEFEND.**

As the Court recognized in the September 6 Decision, under the *Mighty Midgets* Rule, when an insurance company puts a policyholder in a defensive position by bringing a lawsuit against it seeking to avoid its coverage obligations, and the policyholder prevails in that lawsuit, the insurance company is obligated to pay the costs to defend the lawsuit. *Underwriters Ins. Co. v. City Club Hotel*, 369 F.3d 102, 111 (2d Cir. 2004). *See also Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979) (holding that it is the rule in New York that legal fees may be recovered when a policyholder has been "cast in a defensive posture by the legal steps an insurer takes to free itself from its policy obligations," because "an insurer's responsibility to defend reaches the defense of <u>Any action</u> arising out of the occurrence."); *Underwriters Insurance Co. v. City Club Hotel*, 822 N.E.2d 777, 780 (N.Y. 2004) (in answering certified question from Second Circuit, confirmed that "an insurer's duty to defend an insured extends to the defense of <u>any action</u> arising out of the occurrence, <u>including a defense against an insurer's declaratory judgment action</u>.") (emphasis added).

Travelers previously has argued that, because the Court has not yet resolved its coverage claims, other than the duty to defend, Atlas Copco has only "prevailed" with respect to the duty to defend, and thus Atlas Copco is only entitled to its attorney's fees

- 7 -

for bringing the motion for summary judgment on the duty to defend. Travelers' Objections at 1-2, Travelers' Opposition at 5-7. Travelers thus seeks to subtract the majority of the fees submitted to it for payment on this basis. Travelers cites no authority for its position, because there is none. Indeed, Travelers' position entirely misapprehends the *Mighty Midgets* Rule, and the rulings in this case based thereon.

The New York Court of Appeals in *Mighty Midgets* made clear that, when the *Mighty Midgets* Rule applies, the insurance company's duty to defend the declaratory judgment action is triggered. Numerous subsequent decisions have confirmed that this is the case. *See, e.g., Specialty Nat. Ins. Co. v. English Bros. Funeral Home*, 606 F.Supp.2d 466, 472 (S.D.N.Y. 2009) (holding that, under New York law, "a liability insurer's obligation to defend its policyholder includes a defense against the insurer's own declaratory judgment action").

In *Chase Manhattan Bank, N.A. v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 A.D.2d 1, 690 N.Y.S.2d 570 (1st Dept. 1999), the Appellate Division, First Department explained that, under the *Mighty Midgets* Rule, an insurance company's obligation to pay attorney's fees is <u>more than</u> just an exception to the American Rule. Rather, when the *Mighty Midgets* Rule applies, the insurance company is obligated <u>to defend the declaratory judgment action</u> on the same basis as it would be obligated to defend any other action that triggered its duty to defend:

> [W]hen an insurer casts an insured in a defensive posture the liability feature of the insurance is triggered and provides coverage for defense expenses incidental to the assertion of claims against the insured. As the court noted in *Mighty Midgets*, "[A]n insurer's responsibility to defend reaches the defense of any actions arising out of the occurrence. (47 N.Y.2d at 21, 416 N.Y.S.2d 559, 389 N.E.2d 1080.) **Thus, pursuant to the policy, defense expenses are recoverable by the insured, even if incurred in defending against an insurer seeking to avoid coverage**

- 8 -

**for a particular claim. Recovery of attorneys' fees in such a case is not an exception to the American rule; it is incidental to the insurer's duty to defend, and the right to such recovery arises from that contractual duty.**

*Id.* at 5, 690 N.Y.S.2d at 573 (emphasis added). The Report clearly notes this important aspect of the *Mighty Midgets* Rule. Report at 6. *See also Liberty Surplus Ins. Corp. v. Segal,* 420 F.3d 65 (2$^د$ Cir. 2005) (holding that all defense expenses are recoverable by the insured, even if incurred in defending <u>against an insurer</u> seeking to avoid coverage for a particular claim).

In other words, when it is determined, as it has been here, that the insurance company has put the policyholder in a defensive posture, the insurance company must, under the *Mighty Midgets* Rule, defend the declaratory judgment action as it would any other action it is obligated to defend. It is well-settled under New York law that the duty to defend is broader than the duty to indemnify such that if there is even a "possibility" of coverage, the insurance company must defend the entire action until that possibility of coverage is eliminated as a matter of law. *See Frontier Insulation Contractors v. Merchants Mut. Ins. Co.,* 690 N.E.2d 866, 869 (N.Y. 1997). *See also City of Johnstown, N.Y. v. Bankers Standard Ins. Co.,* 877 F.2d 1146, 1149 (2d Cir. 1989). By arguing that its duty to defend the declaratory judgment action is limited unless it is determined that it has a duty to indemnify, Travelers turns that rule on its head. Travelers' argument is directly contrary to settled New York law and should be rejected by this Court.

Consistent with this black-letter New York law, New York courts have allowed policyholders to recover the costs of defending a declaratory action under the *Mighty Midgets* Rule even when there are open issues regarding coverage. In *American Home Assurance Co. v. Weissman,* 79 A.D.2d 923, 434 N.Y.S.2d 410 (1st Dep't 1981), for

example, an insurance company brought an action against a policyholder seeking a declaration of no coverage for, and no duty to defend, a malpractice action. On appeal, the Appellate Division, First Department, reversed a decision by the lower court and ordered the plaintiff insurance company to defend the action, and to reimburse the policyholder for his defense costs incurred to date "including counsel fees incurred in [the coverage] action," while "holding in abeyance the balance of this action pending the outcome" of the underlying action. *Id.* at 924, 434 N.Y.S.2d at 411.

The *Weissman* court recognized that if a policyholder can "state facts which bring the injury within the coverage . . . the policy requires the insurer to defend *irrespective of the insured's ultimate liability*." *Id.* at 924, 434 N.Y.S.2d at 412. Thus, the court did not require the policyholder to wait until the resolution of the entire coverage dispute to recover its fees in the coverage action. The court also did not limit the policyholder's recovery only to the fees incurred specifically to win summary judgment on the duty to defend, as Travelers urges here, but rather, required reimbursement of <u>all</u> fees recovered "to date" to defend the declaratory judgment action.

New York courts consistently have held that, when the duty to defend is at issue, the policyholder is considered to have "prevailed" so as to trigger the *Mighty Midgets* Rule when the policyholder wins summary judgment on the duty to defend, and thereafter must pay all defense costs of the declaratory judgment action. In *Westport Insurance Corp. v. Hamilton Wharton Group, Inc.*, No. 10 Civ. 2188(RMB)(THK), 2011 WL 724737, at * 5 (S.D.N.Y. Feb. 23, 2011), for example, the Court held that the insurance company had a duty to defend, and <u>may</u> have a duty to indemnify (depending upon the resolution of related actions), and thus that the policyholder had "prevailed on

the merits for the purpose of obtaining legal fees" under the *Mighty Midgets* Rule. *See also GA Ins. Co. of N.Y. v. Naimberg Realty Assocs.*, 233 A.D.2d 363, 365, 650 N.Y.S.2d 246, 248 (2d Dep't 1996) (where policyholder cast in defensive posture, and prevailed on motion for summary judgment on duty to defend, policyholder entitled to "an award of reasonable costs and attorney's fees in defending this declaratory judgment action," even though decision regarding duty to indemnify was "premature"); *Barkan v. N.Y. Schools Ins. Reciprocal*, 65 A.D.3d 1061, 1065, 886 N.Y.S.2d 414, 419 (2d Dep't 2009) (holding that, where policyholder was cast in "defensive posture" by virtue of insurer's third-party action, and where policyholder successfully defended against insurer's summary judgment motion on the duty to defend, policyholder was entitled to recover its attorney's fee and costs incurred in the declaratory judgment action); *Am. Auto. Ins. Co. v. Security Income Planners and Co.*, 847 F.Supp.2d 454, 466 (E.D.N.Y. 2012) (holding that, where court granted policyholder summary judgment on the duty to defend, but denied summary judgment on duty to indemnify as "premature," policyholder was entitled to the "attorney's fees incurred in defending the instant action" under the *Mighty Midgets* Rule) . Not one of these cases limited the policyholder's recovery only to the costs of bringing a duty to defend motion, as Travelers has consistently urged in this case. Notably, Travelers never has cited a single case that limited application of the *Mighty Midgets* Rule only to the costs of a duty to defend motion.

Both the Report, and the Court's decision adopting that Report, have found that the *Mighty Midgets* Rule applies here. Atlas Copco thus clearly is entitled to be reimbursed for <u>all</u> the costs of defending the declaratory judgment action, not only the

costs incurred through the date of the September 6 Decision on the duty to defend. Travelers is not entitled to any reduction in the fees it must pay merely because some of those fees were not directly related to Atlas Copco's Duty to Defend Motion.

II. **THE FEES ATLAS COPCO HAS PAID TO DEFEND THIS ACTION ARE REASONABLE.**

Travelers vaguely asserts that Reed Smith's fees are not reasonable because the billing rates for certain attorneys changed over the course of the case, and that it should only have to pay the "lowest rate" for each attorney, providing a few examples of changed rates. Travelers' complaints are too vague and conclusory to justify a reduction in fees on this basis. Moreover, certain billing rates were changed over time as a matter of course at the firm, in the regular course of its business. When possible, counsel for Atlas Copco, as a result of internal negotiations, was able to secure permission from the firm to charge lower than standard rates. Breene Aff., ¶ 5 . For example, Ms. Clymer's rate increased from $385 per hour in the January 2012 invoice to $470 per hour in the February 2012 invoice as a result of across-the-board increases in rates at the firm. The subsequent reduction in her billing rate in the April 2012 invoice was the result of an internal negotiation to reduce her rate. Breene Aff., ¶ 6. The fact that counsel for Atlas Copco was able to secure reductions in rates should not relieve Travelers from the obligation to pay the higher rate when that rate was in effect.

Indeed, as discussed in Atlas Copco's Brief in Support of Danaher Corporation's and Atlas Copco North America LLC's Motion for Reimbursement of Legal Fees and Costs Incurred as a Result of Travelers' Breach of Its Duty to Defend and for Pre-Judgment Interest (the "Reimbursement Motion"), filed simultaneously herewith and incorporated herein by reference, the Second Circuit has held that hourly rates paid by

a client are presumptively reasonable. In *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), for example, the Second Circuit stated that "the reasonable hourly rate is the rate a paying client would be willing to pay" and that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." The Second Circuit explained that "by focusing on the hourly rate at which a client who wished to pay no more than necessary would be willing to compensate his attorney, the district court can enforce market discipline." *Id.* at 192. The Southern District considered it "axiomatic that where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Hester v. Navigators Insurance Co.*, No. 12-cv-04033, 2012 WL 4747003, 1 (S.D.N.Y. Aug. 3, 2012). Courts outside New York are in accord. *See, e.g.,TSG Water Res., Inc. v. D'Alba & Donovan Certified Pub. Accountants*, 366 F. Supp. 2d 1212, 1223 (S.D. Ga. 2004) (noting that "any rationally run business, ha[s] an economic incentive to minimize its unnecessary expenses"); *accord Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 07-cv-161-bbc, 2008 U.S. Dist. LEXIS 61514, at *5 (W.D. Wis. Aug. 12, 2008); *Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F. Supp. 2d 842, 847-48 (E.D. Wis. 2009).

Accordingly, because Atlas Copco was willing to pay the rates charged by Reed Smith for its defense of the declaratory judgment action, those rates are presumptively reasonable. Travelers has presented no basis for overcoming that presumption, and thus Atlas Copco is entitled to reimbursement of the entire $ 236,378.98 it incurred to defend the declaratory judgment action up to at least September 6, 2012. Atlas Copco also seeks reimbursement of all reasonable fees incurred up to today and into the

future, until it is determined that Travelers has no duty to indemnify, and thus no duty to defend. In addition, for the reasons set forth in the Reimbursement Motion, Atlas Copco also is entitled to interest on those fees from the date they were incurred.

**CONCLUSION**

For the foregoing reasons, the Court should order Travelers to reimburse Atlas Copco for attorney's fees and costs incurred in defense of the declaratory judgment action through September 6, 2012, in the amount of $236, 378.98, plus statutory interest of $50490.29, and in an amount to be determined for defense costs incurred from September 6, 2012 through today, and on an ongoing basis.

Dated: August 1, 2014

By: *s/ Paul E. Breene*
Paul E. Breene (PB7989)
Jean M. Farrell (JF0485)
Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Phone: 212.521.5400
Fax: 212.521.5450
*Attorneys for Third-Party
Defendant Atlas Copco North
America LLC*