UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAHER CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, et al.,<br><br>    Defendants. | Case No. 10-CIV 0121 (JPO) (JCF) |

**REPLY BRIEF IN FURTHER SUPPORT OF DANAHER CORPORATION'S AND ATLAS COPCO NORTH AMERICA LLC'S MOTION FOR REIMBURSEMENT OF LEGAL FEES AND COSTS INCURRED AS A RESULT OF TRAVELERS' BREACH OF ITS DUTY TO DEFEND AND FOR PRE-JUDGMENT INTEREST**

**McCARTER & ENGLISH, LLP**
245 Park Avenue, 27th Floor
New York, NY 10167
Phone: 212.609.6800
Fax: 212.609.6921
Attorneys for Plaintiff
Danaher Corporation

**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Phone: 212.521.5400
Fax: 212.521.5450
Attorneys for Third-Party Defendant
Atlas Copco North America LLC

ME1 18806255v.7

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 2

POINT I     TRAVELERS HAS NOT REBUTTED THE PRESUMPTION
THAT THE DEFENSE FEES AND COSTS ARE REASONABLE ...................... 2

         A.     Travelers Has Not Proven Defense Counsel's Hourly Rates
Are Unreasonable ........................................................................................ 2

         B.     Travelers Presents No Basis for Reductions Based on
Alleged Block Billing ................................................................................. 3

         C.     Travelers Has Not Proven Defense Counsel Overstaffed the
Claims ......................................................................................................... 4

         D.     The Court Should Not Make the Percentage Based
Reductions Sought by Travelers ................................................................. 4

POINT II     THE COURT SHOULD CONSIDER THE
DECLARATION OF TERESA BOHNE-HUDDLESTON ..................................... 5

POINT III     TRAVELERS OWES PRE-JUDGMENT INTEREST FROM THE
DATES MOVANTS INCURRED DEFENSE COSTS ........................................... 8

         A.     Pre-Judgment Interest is Mandatory Under New York Law ..................... 8

         B.     Travelers Must Pay Pre-Judgment Interest From the Dates
Movants Incurred Defense Fees and Costs ................................................ 9

CONCLUSION .......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*In re "Agent Orange" Prod. Liab. Litig.*,
  818 F.2d 226 (2d Cir. 1987) ........................................................................................5

*Am. Home Assur. Co. v. Merck & Co., Inc.*,
  462 F. Supp. 2d 435 (S.D.N.Y. 2006) ..........................................................................7

*Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*,
  No. 04 Civ. 3600 (SWK), 2005 WL 3099592 (S.D.N.Y. Nov. 17, 2005) .....................4

*Harrington Haley LLP v. Nutmeg Ins. Co.*,
  39 F. Supp. 2d 403 (S.D.N.Y. 1999) ............................................................................4

*In re Rezulin Products Liability Litigation*,
  309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) ..................................................................5

*Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*,
  638 F.Supp. 714 (S.D.N.Y. 1986) ..............................................................................10

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
  542 F.3d 290 (2d Cir. 2008) ........................................................................................6

*Mattoon v. City of Pittsfield*,
  980 F.2d 1 (1st Cir. 1992) ............................................................................................8

*McNally Wellman Co. v. New York State Elec. & Gas Corp.*,
  63 F.3d 1188 (2d Cir. 1995) ....................................................................................9, 10

*Paddington Partners v. Bouchard*,
  34 F.3d 1132 (2d Cir. 1994) ........................................................................................9

*Precision Stone, Inc. v. Arch Insurance Co.*,
  No. 04 Civ. 9996 (RWS), 2007 U.S. Dist. LEXIS 49274 (S.D.N.Y. July 6, 2007) ..9, 10

*Travelers Indem. Co. v. Northrop Grumman Corp.*,
  No. 12 Civ. 3040 (KBF), 2014 U.S. Dist. LEXIS 14981 (S.D.N.Y. Jan. 28, 2014) ......6

*Varda, Inc. v. Ins. Co. of N. Am.*,
  45 F.3d 634 (2d Cir. 1995) ..........................................................................................8

ME1 18806255v.7

**STATE CASES**

*George Muhlstock & Co. v. Am. Home Assurance Co.*,
  502 N.Y.S.2d 174 (App. Div. 1986) .................................................................................. 2, 4

*Pioneer Food Stores Cooperative, Inc. v. Brokerage Surplus Corp.*,
  416 N.Y.S.2d 274 (App. Div. 1979) ................................................................................. 10, 11

**RULES**

Federal Rule of Evidence 702 .................................................................................................. 5

## PRELIMINARY STATEMENT

As stated previously, the defense fees and costs incurred and paid by Movants are presumptively reasonable. Travelers' opposition fails to rebut that presumption, choosing instead to recycle its excuses for non-payment. Travelers tries to convince the Court that its own standard rates should be the benchmark for reasonableness, argues that block billing is *per se* unreasonable, and takes issue with alleged "overstaffing" based on only two invoices among thousands. Movants have soundly refuted each of these propositions. Indeed, Travelers miraculously arrived at or near a 10% reduction, which does not appear to be the product of a rigorous analysis, but rather borne of an exercise in reverse engineering.

Travelers continues its pattern of trying to defeat Movants' application by introducing technical obstacles unrelated to substance. Instead of confronting the opinions of Movants' expert, Theresa Bohne-Huddleston, Travelers spends much effort seeking simply to exclude those opinions. Ms. Bohne-Huddleston, however, is eminently qualified, has decades of relevant experience in the insurance industry, and clearly satisfies the requirements for expert admission. Travelers' procedural objections are similarly misplaced. This is a supplemental proceeding ordered by the Court that was not contemplated by prior scheduling orders. Movants could not have anticipated Travelers' excuses for non-payment prior to its June 12, 2014 letter, making an earlier declaration impossible.

Finally, Travelers has provided no basis whatsoever for its conclusion that it should be exempt from paying pre-judgment interest as required under New York law. The cases cited by Travelers do not support its position that pre-judgment interest should run only from the dates it received the invoices. Travelers must pay from the dates when the invoices were incurred, particularly since Travelers would not have provided coverage had it received the invoices at an earlier time. Travelers has never paid anything, never exhibited an intention to pay, and vows

ME1 18806255v.7

that it will not pay absent an order from an appellate court. Travelers' continuing efforts to forestall and reduce its payment obligations should not be countenanced.

## ARGUMENT

### POINT I

### TRAVELERS HAS NOT REBUTTED THE PRESUMPTION THAT THE DEFENSE FEES AND COSTS ARE REASONABLE

As stated, Travelers' opposition fails to rebut the presumption that Movants' defense fees and costs are reasonable. In their initial submission, Movants cited binding and persuasive authority in this Circuit holding that (i) hourly rates incurred by a paying client are presumptively reasonable; and (ii) courts are loathe to reduce attorney invoices subjected to a reasonable review process. Dkt. No. 226 at 6, 9, and 10. Travelers' opposition fails to cite any opposing authority and makes no attempt to dispute Movants' payments at the hourly rates indicated or that Danaher reviewed the invoices for reasonableness before issuing payment. Dkt. No. 227-3 at 65:12-66:2.[1]

**A.   Travelers Has Not Proven Defense Counsel's Hourly Rates Are Unreasonable**

Travelers requests a $760,000 deduction based on defense counsel's use of "unapproved billing rates." Dkt. No. 233 at 6. Travelers argues that certain defense counsel's "rates exceed the comparable billing rates … which Travelers has previously approved for payment." Dkt. No. 233 at 6. New York law, however, requires only reasonable hourly rates, and the rates approved by Travelers do not set the standard. *See George Muhlstock & Co. v. Am. Home Assurance Co.*, 502 N.Y.S.2d 174, 180 (App. Div. 1986) (holding "a breach of the covenant to defend makes the insurer liable to the insured for the reasonable counsel fees and necessary expenses"). Travelers

---

[1] Movants withdraw from their request any fees and costs associated with the *Gregorio* claim. *Gregorio* was inadvertently included in Danaher's Ledger and would have been withdrawn previously had Travelers identified the claim in its June 12, 2014 letter.

ME1 18806255v.7

argues in a conclusory fashion that Movants could have obtained lower hourly rates, not that the rates paid were unreasonable. *See* Dkt. No. 233 at 8 (stating Movants "had the opportunity and ability to obtain counsel at *more* reasonable billing rates) (emphasis added). The Court should not assume that the rates paid by Movants to defense counsel are unreasonable simply because an insurance company can extract lower rates from its panel counsel firms. Accordingly, Travelers has failed to rebut the presumption of reasonableness, and the Court should not apply the requested $760,000 deduction.

Travelers maintains that its approved rates are not "panel rates," and that they "are based on the prevailing hourly rates charged by comparable defense firms in their respective legal markets." Dkt. No. 233 at 16. Ms. Bohne-Huddleston testified that an enormous insurance company like Travelers has tremendous bargaining power to negotiate favorable rates with counsel in exchange for volumes of legal work. Dkt. No. 228 at ¶ 14. Travelers provides no evidence to contradict Ms. Bohne-Huddleston's assertion (which, as noted by Movants' initial submission, is intuitively obvious and recognized by various courts) other than the self-serving testimony of one of its employees responsible for and overseeing this litigation on behalf of Travelers. In any event, Travelers should have provided a defense, rather than breach its policies and force Movants to hire their own defense counsel, if it had wished to impose its approved rates on Movants.

**B.   Travelers Presents No Basis for Reductions Based on Alleged Block Billing**

Travelers requests a $40,000 across-the-board reduction to all defense invoices based on alleged block billing in five entries by Sidley Austin LLP, totaling $20,200.00. Dkt. No. 233 at 16-19. In its opposition, Travelers largely ignores the cases in Movants' initial submission, including one by this Court, that preclude deductions for block billing unless "the hours billed were independently unreasonable or ... the block-billing was mixing together tasks that were not

3

all compensable, or not all compensable at the same rate." Dkt. No. 226 at 12-13. Travelers does concede, however, that "block billing is not prohibited." Dkt. No. 233 at 17.

Travelers has not demonstrated that Sidley Austin's, or any other defense firm's, bills were unreasonable, not compensable, or not all compensable at the same rate. The entries excerpted in Travelers' brief reflect, among other things, motion practice, document review, deposition analysis, deposition preparation, expert discovery, correspondence and telephone communications, client updates, and preparation of medical chronologies. Dkt. No. 233 at 17-18. These activities are not unusual and do not justify reductions.[2]

## C. Travelers Has Not Proven Defense Counsel Overstaffed the Claims

Travelers, finally, seeks an $80,000 deduction for alleged overstaffing based upon arguments Movants previously addressed in their initial submission. Again, Travelers ignores Second Circuit case law cited by Movants forbidding reductions to attorney invoices that were reviewed for reasonableness. Movants reviewed and approved the invoices for payment. Dkt. No. 226 at 9-10. Courts have held that multiple attorneys may work on the same matter. *Id.* at 10-11. Travelers, therefore, has failed to prove there should be any reduction based on overstaffing.

## D. The Court Should Not Make the Percentage Based Reductions Sought by Travelers

In any event, the Court should not engage in large, percentage based reductions across all defense invoices as suggested by Travelers. In requesting such reductions, Travelers cites distinguishable cases involving fee shifting under exceptions to the American Rule. *See Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600 (SWK), 2005 WL 3099592, (S.D.N.Y. Nov. 17, 2005) (ordering plaintiff's

---

[2] Travelers vaguely suggests that Sidley Austin should not have billed for attorney conferences. Dkt. No. 233 at 18. Courts, however, have found attorney conferences compensable. *Harrington Haley LLP v. Nutmeg Ins. Co.*, 39 F. Supp. 2d 403, 411-12 (S.D.N.Y. 1999).

4

counsel to pay defendant's litigation costs as a result of his attempt to circumvent an earlier settlement, his litigation conduct, and his champerty); *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (awarding attorneys' fees in connection with class action settlement). In contrast, Movants seek damages as a result of Travelers' breaches of its contractual duty to defend. It is unclear why Travelers believes the fee shifting cases are persuasive here where it had an opportunity to review the invoices and identify allegedly offensive defense charges, but failed to do so. Travelers simply seeks another windfall.

## POINT II

## THE COURT SHOULD CONSIDER THE DECLARATION OF TERESA BOHNE-HUDDLESTON

Travelers argues that the Court should exclude the Declaration of Teresa Bohne-Huddleston because she allegedly fails to meet the standard for admission as an expert. Dkt. No. 233 at 20. Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Travelers selectively quotes In re Rezulin Products Liability Litigation, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004), but ignores the key principles of the standard set forth in that case:

> Certain principles that are especially pertinent to the task at hand flow from the requirement that expert testimony be "scientific, technical, or other specialized knowledge." First, the requirement of "knowledge" guards against the admission of subjective or speculative opinions. Second, in requiring that expert testimony be directed to "scientific, technical or specialized" knowledge, Rule

5

> 702 ensures that expert witnesses will not testify about "lay matters which a jury is capable of understanding and deciding without the expert's help."[3]

Ms. Bohne-Huddleston satisfies this standard. She has decades of experience in the insurance industry as both a claims-handler and coverage counsel. The subject of her testimony – the reasonableness of attorney billing practices – is not a lay matter and, therefore, expert testimony will assist the Court in resolving the question of reasonableness. To that end, Ms. Bohne-Huddleston provides specialized knowledge regarding the practice of law in mass-tort defense and industry custom and practice concerning billing methods on mass-tort claims. She does not, as Travelers contends, attempt to displace the Court's adjudicatory function with her own conclusions.

Travelers asserts that Ms. Bohne-Huddleston did not review enough legal invoices, but she reviewed all of the invoices challenged by Travelers, plus the additional invoices cited in her Declaration. To be clear, Ms. Bohne-Huddleston's opinion was not based on particular billing entries, but on the practice of block billing generally and her experience in the industry. Further, although it is unnecessary to support her testimony, she has now reviewed all of the Sidley Austin invoices cited by Travelers, as well as all of the other invoices included in the record. September 8, 2014 Declaration of Teresa Bohne-Huddleston, ¶ 2. Her opinions remain the same, including that block billing is not unreasonable *per se* and that she observed no evidence of unreasonable billing practices in the invoices cited by Travelers. *Id.* at ¶ 3; Dkt. No. 228 at ¶¶ 27-30. Whether she reviewed additional invoices only serves to elucidate how few invoices

---

[3] The other decisions cited by Travelers either build on Travelers' incomplete excerpt from *Rezulin* (*i.e.*, *Travelers Indem. Co. v. Northrop Grumman Corp.*, No. 12 Civ. 3040 (KBF), 2014 U.S. Dist. LEXIS 14981, at *12 (S.D.N.Y. Jan. 28, 2014)) or merely regurgitate boilerplate about the standard (*i.e.*, *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008)).

6

Travelers could find to complain about and certainly cannot stand as an indictment of her opinion.[4]

Ms. Bohne-Huddleston's Declaration, moreover, does not substitute personal opinions about reasonable hourly rates in place of facts. She bases her opinion on decades of insurance experience. *See, e.g.*, Dkt. No. 228 at ¶ 12.a. (stating "the rates charged by Movants' defense counsel, which are identified in Travelers' June 12, 2014, are reasonable based on my experience and the custom and practice in the industry"). Ms. Bohne-Huddleston testifies that Travelers' attempt to reduce its payment obligation by an arbitrary lump sum is not consistent with industry custom and practice and "is unreasonable." *Id.* at ¶ 17. Such testimony should be credited by this Court. *See, e.g., Am. Home Assur. Co. v. Merck & Co., Inc.*, 462 F. Supp. 2d 435, 447-53 (S.D.N.Y. 2006) (accepting testimony of multiple experts based on their decades of industry experience in various fields).

Similarly, Ms. Bohne-Huddleton's testimony is not based on any incorrect assumptions regarding Travelers' use of "panel" counsel rates. As stated, whether called "panel" rates or something else, the rates set forth in Travelers' opposition are negotiated based on volume. Travelers cannot subject Movants' defense counsel to the same rates that Travelers might otherwise pay. Movants acted in the manner that they saw fit in light of Travelers' continuing breaches. Dkt. No. 228 at ¶¶ 4, 9-10, 12.b., 13-14. Ms. Bohne-Huddleston's testimony should be allowed on this point as well.

Finally, Travelers appears to argue that Movants' submission of Ms. Bohne-Huddleton's Declaration was procedurally improper. Specifically, Travelers claims that "expert discovery

---

[4] At the time of her initial Declaration, Ms. Bohne-Huddleston had not reviewed the Sidley Austin invoices, but she had reviewed Travelers' verbatim reproduction of the only entry cited in its June 12, 2014 letter. As stated, although unnecessary, Ms. Bohne-Huddleston has now reviewed the actual invoices and her opinions have not changed.

7

ME1 18806255v.7

closed more than two years ago." That deadline, however, was mooted by Travelers' attempt to join Atlas Copco's post-1985 insurance companies to this lawsuit in January of 2013. Even putting that point aside, however, this is a supplemental proceeding ordered by the Court not contemplated in the prior scheduling orders. Movants could not have known the arguments Travelers would raise until receipt of its June 12, 2014 letter. Travelers could have retained an expert – including a rebuttal expert – regarding the reasonableness of the defense invoices, but failed to do so. Travelers, therefore, has simply failed act diligently and was not prejudiced. *See Mattoon v. City of Pittsfield*, 980 F.2d 1, 8 n.11 (1st Cir. 1992) (noting appellants "were free to submit affidavits from their own experts," but they did not).

## POINT III

## TRAVELERS OWES PRE-JUDGMENT INTEREST FROM THE DATES MOVANTS INCURRED DEFENSE COSTS

**A.    Pre-Judgment Interest is Mandatory Under New York Law**

In its opposition, Travelers casually argues that the "Movants' demand for pre-judgment interest should be rejected" in its entirety. Dkt. No. 233 at 22. Travelers presents no legal basis whatsoever to support its position. In fact, as set forth more fully in Movants' initial submission, New York law mandates an award of pre-judgment interest as a matter of right in breach of contract actions. *See, e.g., Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 640 (2d Cir. 1995) (holding "an insurance company must normally pay pre-judgment interest when it breaches an insurance contract"); Dkt. No. 226 at 16-17. Because this Court has found that Travelers breached its insurance policies by failing to provide a defense, Travelers must pay pre-judgment interest.

B.  **Travelers Must Pay Pre-Judgment Interest From the Dates Movants Incurred Defense Fees and Costs**

Travelers argues, in the alternative, that the Court should award pre-judgment interest only from the dates it received copies of the defense invoices during discovery in this litigation.[5] Dkt. No. 233 at 25. Under New York law, however, pre-judgment is calculated "from the earliest ascertainable date the cause of action existed," which, in a breach-of-contract case, occurs at the time of the breach. *McNally Wellman Co. v. New York State Elec. & Gas Corp.*, 63 F.3d 1188, 1200 (2d Cir. 1995). Here, Travelers breached its policies each time it failed to defend an underlying Claim.

The cases cited by Travelers are inapposite. In *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1141 (2d Cir. 1994), for example, the parties' agreement provided for indemnification of attorneys' fees "promptly" after "delivery of an invoice." The district court awarded pre-judgment interest from the dates the indemnitee submitted the invoices to the indemnitor. *Id.* The Second Circuit reversed on the ground that, pursuant to the agreement, indemnification was due after submission of invoices and, thus, the breach did not occur when the invoices were submitted. *Id.* As a result, pre-judgment interest could not run from that point. *Id.* Travelers' policies, in contrast, do not require delivery of invoices to trigger payment. Instead, Travelers breached the policies by failing to defend and interest should run from the date the expenses were incurred.

*Precision Stone, Inc. v. Arch Insurance Co.*, No. 04 Civ. 9996 (RWS), 2007 U.S. Dist. LEXIS 49274, *1 (S.D.N.Y. July 6, 2007) actually contradicts Travelers' argument. The Court

---

[5] Travelers' assertion that it "received no notice of and had no knowledge of the amounts of defense costs actually incurred" until it received the defense invoices in this litigation misleads the Court. First, Travelers received many invoices prior to this litigation. Second, as stated previously, Travelers has received claims bordereaux detailing all defense expenditures on a periodic basis since at least 2008. Dkt. No. 179 at Ex. 6; Dkt. No. 227-4 at 131:20-132:18.

9

concluded pre-judgment interest ran from the date the policyholder notified the insurers of its claim under a surety bond. *Id.* at *4. The Court never held that submission of invoices triggers pre-judgment interest. *Id.* Unlike the insurers in *Precision Stone*, Travelers had notice of the underlying Claims since the first one was filed in the early 1990s.

*Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F.Supp. 714 (S.D.N.Y. 1986), another case cited by Travelers, is distinguishable. In that case, a law firm sought to recover from its client its attorneys fees and costs. *Id.* at 718. The Court held the law firm could recover under theories of quantum meruit and an account stated. *Id.* at 721. The Court noted that, under either claim, "interest runs from the date of the demand for payment." *Id.* That rule, however, does not apply to breach-of-contract actions, and in any event fully supports an award of pre-judgment interest here. *McNally Wellman Co.*, 63 F.3d at 1200. Movants demand runs from the time when they provided notice of the Claims and requested a defense, particularly where Travelers never would have paid the invoices even if it had received them.

Similarly, *Pioneer Food Stores Cooperative, Inc. v. Brokerage Surplus Corp.*, 416 N.Y.S.2d 274 (App. Div. 1979) also did not involve a breach-of-contract. The Appellate Division explicitly noted that it awarded pre-judgment interest upon the plaintiff's equitable claim, for which it could compute interest in its discretion. *Id.* at 275. In addition, the fire insurance policy at issue required the insurer to make payment "60 days after proof of loss." *Id.* The insurer, therefore, did not breach its contract until that time. Because Travelers' policies contain no similar provisions, *Pioneer Food* is inapplicable.

Movants note Travelers' continuing hypocrisy. On the one hand, Travelers argues it should not have to pay pre-judgment interest until the dates it received the defense invoices. Dkt. No. 233 at 23-25. On the other hand, Travelers openly admits it has not reviewed the vast

majority of invoices. *See id.* at 14 (acknowledging that Travelers reviewed invoices only in connection with "approximately twenty of" the Claims and that it had not examined "each and every historical invoice"). Travelers breached its policies, has no intention of paying absent an appellate court order, and did not review all of the invoices it admits it has received, but still seeks a break on both the amount of the invoices and pre-judgment interest.[6]

## CONCLUSION

For all the foregoing reasons, the Court should order Travelers to reimburse Movants $8,720,181.85 incurred in defense of the Claims. In addition, the Court should order Travelers to pay statutory interest, which totaled $4,191,302.22 as of September 10, 2014.

By: *s/ Brian J. Osias*
    Gita F. Rothschild (GR7636)
    Brian J. Osias (BO3082)
    McCarter & English, LLP
    245 Park Avenue, 27th Floor
    New York, NY 10167
    Phone: 212.609.6800
    Fax: 212.609.6921
    *Attorneys for Plaintiff*
    *Danaher Corporation*

By: *s/ Paul E. Breene*
    Paul E. Breene (PB7989)
    Reed Smith LLP
    599 Lexington Avenue
    22nd Floor
    New York, NY 10022
    Phone: 212.521.5400
    Fax: 212.521.5450
    *Attorneys for Third-Party Defendant*
    *Atlas Copco North America LLC*

Dated: September 10, 2014

---

[6] Travelers also speculates that Movants may not have paid all defense invoices. Dkt. No. 233 at 24. As Movants have made clear, they paid defense counsel all fees and costs for which they seek reimbursement from Travelers.

11