```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DANAHER CORPORATION,                  :    10 Civ. 0121 (JPO) (JCF)
                                      :
          Plaintiff,                  :    MEMORANDUM
                                      :    AND ORDER
    - against -                       :
                                      :
THE TRAVELERS INDEMNITY COMPANY,      :
et al.,                               :
                                      :
          Defendants.                 :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In this insurance coverage action, it has already been determined that defendants and third-party plaintiffs The Travelers Indemnity Company and Travelers Casualty and Surety Company (collectively, "Travelers") have a duty to defend third-party defendant Atlas Copco North America, LLC ("Atlas Copco") in underlying actions related to asbestos and silica exposure filed in courts around the country (the "underlying actions"), as well as to pay certain attorneys' fees expended in this action.  Two motions are currently before me.  In one (the "Duty to Defend Fee Application"), Atlas Copco asks for an order calculating the attorneys' fees and costs Travelers must pay in this action in connection with the ruling that Travelers has a duty to defend the underlying actions.  In the other (the "Underlying Actions Fee Application"), plaintiff Danaher Corporation ("Danaher") and Atlas Copco seek an order calculating the costs and attorneys' fees that Travelers owes for the defense of the underlying actions.  Because I cannot resolve these disputes on the current briefing, the parties shall submit supplemental briefs on both motions.  See

Scott v. City of New York, 643 F.3d 56, 59 (2d Cir. 2011) (remanding to district court for fee applicant to submit new application for attorneys' fees where original application was deficient).

Background

The factual background of this dispute is set out in a number of earlier opinions. See Danaher Corp. v. Travelers Indemnity Co., No. 10 Civ. 0121, 2014 WL 1133472, at *1 (S.D.N.Y. March 21, 2014) ("Danaher III"); Danaher Corp. v. Travelers Indemnity Co., No. 10 Civ. 0121, 2013 WL 364734, at *1 (S.D.N.Y. Jan. 31, 2013) ("Danaher I"); Danaher Corp. v. Travelers Indemnity Co., No. 10 Civ. 0121, 2013 WL 150027, at *1 (S.D.N.Y. Jan. 10, 2013). But it is the procedural history that is particularly relevant here.

In September 2012, the Honorable J. Paul Oetken, U.S.D.J., granted a motion for partial summary judgment brought by Atlas Copco and Danaher, ruling that Travelers had a duty to defend Atlas Copco in the aforementioned underlying litigation concerning asbestos and silica exposure. (Order dated Sept. 6, 2012 ("September 6 Order"); Transcript of Oral Argument dated Sept. 6, 2012, attached as Exh. 1 to Certification of Brian J. Osias dated Aug. 1, 2014, at 57-59). Atlas Copco then made a motion, arguing that under the rule explicated in Mighty Midgets, Inc. v. Centennial Insurance Co., 47 N.Y.2d 12, 416 N.Y.S.2d 559 (1979), and U.S. Underwriters Insurance Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 789 N.Y.S.2d 470 (2004) ("City Club Hotel"), Travelers was obligated to reimburse it for attorneys' fees and expenses Atlas Copco incurred in securing that favorable decision. Danaher

2

I, 2013 WL 364734, at *2. I recommended granting the motion, id. at *6, and Judge Oetken agreed, holding that "Atlas Copco is entitled to the attorney's fees it has incurred in procuring the ruling that Travelers had a duty to defend," Danaher Corp. v. Travelers Indemnity Co., No. 10 Civ. 0121, 2013 WL 1387017, at *3 (S.D.N.Y. April 5, 2013) ("Danaher II" or the "April 5 Order").

Meanwhile, Danaher and Atlas Copco filed a motion to hold Travelers in contempt for violating the September 6 Order by failing to pay all of the verified defense costs in the underlying actions plus pre-judgment interest. Atlas Copco later filed a motion to hold Travelers in contempt for violating Danaher II by failing to pay attorneys' fees Atlas Copco expended in litigating the duty-to-defend issue. Judge Oetken denied both contempt motions, noting that neither prior order addressed the reasonableness of any claimed costs and attorneys' fees and that the September 6 Order had not addressed whether pre-judgment interest should be awarded, and referred those issues to me. Danaher III, 2014 WL 1133472, at *7-9.

Discussion

    A.   Legal Standard on Fee Applications

"Where, as here, an insured is forced to defend an action because the insurer wrongfully refused to provide a defense, the insured is entitled to recover its reasonable defense costs, including attorney's fees." U.S. Underwriters Insurance Co. v. Weatherization, Inc., 21 F. Supp. 2d 318, 326 (S.D.N.Y. 1998) ("Weatherization"). The fee applicant must "adequately document[] the request" so that the court can fulfill its "duty to determine

3

the reasonableness of the amount." Id.

The fee award must be based on the court's determination of a "presumptively reasonable fee." Sandoval v. Materia Bros. Inc., No. 11 Civ. 4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (quoting Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182, 189 (2d Cir. 2008)). This fee is calculated by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case." Sandoval, 2013 WL 1767748, at *3; see Millea v. Metro-North Railroad Co., 658 F.3d 154, 166 (2d Cir. 2011).

Determining a reasonable hourly rate involves "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted); see also Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009). The party requesting fees must "produc[e] satisfactory evidence that the requested rates are in line with those prevailing in the community." Reiter v. Metropolitan Transportation Authority of New York, No. 01 Civ. 2762, 2004 WL 2072369, at *4 (S.D.N.Y. Sept. 10, 2004). "[A]n attorney's

4

customary rate is a significant factor in determining a reasonable rate.  Indeed, as a logical matter, the amount actually paid to counsel by paying clients is compelling evidence of a reasonable market rate."  Id. at *5 (internal citations omitted).  However, the court nevertheless has some responsibility to "disciplin[e] the market."  Arbor Hill, 522 F.3d at 184.

There is a presumption that "[t]he appropriate hourly fee to be applied in calculating an award of attorneys' fees is the prevailing rate in the district in which the suit is litigated . . . ."  Atlantic States Legal Foundation, Inc. v. Onondaga Department of Drainage & Sanitation, 899 F. Supp. 84, 90 (N.D.N.Y. 1995).  However, a court may approve rates higher than those typical of the litigation forum if the fee applicant makes a "particularized showing," based on "experienced-based, objective factors," that out-of-forum counsel "would likely (not just possibly) produce a substantially better net result."  Simmons, 575 F.3d at 175-76.

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee.  "The relevant issue [] is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992); accord Mugavero v. Arms Acres, Inc., No. 03 Civ. 5724, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010).  A court should exclude from this calculation "excessive, redundant or otherwise unnecessary hours."  Quaratino v. Tiffany &

5

Co., 166 F.3d 422, 425 (2d Cir. 1997); accord Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997) ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation."). It can do so by making specific deductions or "by making an across-the-board reduction in the amount of hours." Luciano, 109 F.3d at 117; accord Vorcom Internet Services, Inc. v. L & H Engineering & Design LLC, No. 12 Civ. 2049, 2014 WL 116130, at *5 (S.D.N.Y. Jan. 13, 2014).

    B.    Duty to Defend Fee Application

        1.    Scope of Danaher II

Before discussing why supplemental briefing is needed on the Duty to Defend Fee Application, I will, for the sake of efficiency, correct Atlas Copco's misunderstanding of the scope of Danaher II.

Atlas Copco contends that it is entitled to "ALL of [its] reasonable fees incurred in defending this action through [the date of the present motion] and on an ongoing forward [basis]." (Atlas Copco North America Inc.'s Memorandum of Law in Support of its Motion for Reimbursement of Legal Fees and Costs Incurred to Defend the Declaratory Judgment Action Brought Against Atlas Copco by Travelers Indemnity Company and Travelers Casualty and Surety Company ("Atlas Copco Memo.") at 3).

In its original motion regarding the costs and attorneys' fees expended in this action, Atlas Copco sought a ruling "that . . . Travelers Indemnity Company [] must pay Atlas Copco's attorney's fees and expenses incurred in securing this Court's decision granting Atlas Copco's Motion for Partial Summary Judgment on the

6

Duty to Defend." (Brief of Atlas Copco North America Inc. in Support of its Motion for Partial Summary Judgment that Travelers Indemnity Company Must Pay Atlas Copco's Attorney's Fees Incurred in Securing the Decision Granting Atlas Copco's Motion for Partial Summary Judgment on the Duty to Defend at 1). That is precisely what it got. In Danaher I, I recommended that Atlas Copco receive from Travelers "the attorneys' fees it expended in procuring the ruling that Travelers has a duty to defend." 2013 WL 364734, at *6. Judge Oetken accepted the recommendation regarding fees Atlas Copco previously incurred, while noting that "attorney's fees it will expend in defending the action" were excluded from my recommendation and, consequently, his order. Danaher II, 2013 WL 1387017, at *3 & n.2. Judge Oetken thereafter referred to me the issues raised in Atlas Copco's motion to hold Travelers in contempt of that order, Danaher III, 2014 WL 1133472, at *9 -- a motion in which Atlas Copco asserted:

> The April 5 Order granted Atlas Copco['s] motion for partial summary judgment that Travelers was required to pay Atlas Copco's attorney's fees incurred in procuring a duty to defend underlying silica and asbestos claims. The April 5 Order specifically noted that "Atlas Copco is entitled to attorney's fees it has incurred in procuring the ruling that Travelers had a duty to defend." This Order unambiguously required Travelers to pay . . . [those] fees . . . .

(Brief of Atlas Copco North America, LLC in Support of its Motion to Hold Defendants Travelers Indemnity Company and Travelers Casualty and Surety Company, f/k/a Aetna Casualty & Surety Company in Contempt of this Court's April 5, 2013 Order at 6 (internal citation omitted)). Thus, it appears that, up until the present fee application, all interested parties (and judges) have agreed

7

that Danaher II unambiguously ordered Travelers to pay only the expenses connected with procuring the September 6 Order. Therefore, the only fees that are properly at issue in the Duty to Defend Fee Application are fees incurred up to and including September 6, 2012, and subsequent briefing on this motion should not address fees incurred after that date.

2. Attorneys' Hourly Rates

Atlas Copco claims the following hourly rates for seven attorneys from the law firm Reed Smith LLP:

> Paul Breene, a partner -- $550/hour and $500/hour, depending on when the work was performed;
>
> Jean Farrell, a partner -- $610/hour and $400/hour, depending on when the work was performed;
>
> John Berringer, a partner -- $670/hour;
>
> Ann Kramer, a partner -- $730/hour;
>
> Michael DiCanio, an associate -- $440/hour;
>
> Whitney Clymer, an associate -- $385/hour, $400/hour, and $470/hour, depending on when the work was performed;
>
> Ruth Thomas, an associate -- $340/hour.

(Reed Smith Invoices, attached to letter of Paul E. Breene dated May 31, 2013, attached as Exh. A to Affirmation of Paul E. Breene dated August 1, 2014 ("Breene Aff.")).  Rates for three paralegals range between $200/hour and $275/hour, and rates for three members of the support staff range between $125/hour and $140/hour.  (Reed Smith Invoices; Brief of the Travelers Indemnity Company and Travelers Casualty and Surety Company in Opposition to Atlas Copco North America Inc.'s Motion for Reimbursement of All Legal Fees and Costs Incurred in this Action ("Travelers Duty to Defend Memo.") at

8

15).

Inexplicably, Atlas Copco has not provided any information regarding the experience of these attorneys and staff members. Such information is required if I am to engage in the necessary "case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." Farbotko, 433 F.3d at 209. Nor has Atlas Copco bothered to compare the rates its counsel has charged to rates charged by counsel in similar cases in this district. Atlas Copco has thus failed to "adequately document[] the request" such that I cannot fulfill my "duty to determine the reasonableness" of the requested amount. Weatherization, 21 F. Supp. 2d at 327.

      3.    Compensable Hours

Travelers appears to argue that Danaher II entitles Atlas Copco to only those fees and costs expended on the motion for partial summary judgment on the duty to defend. (Travelers Duty to Defend Memo. at 10, 15; Letter of Robert W. Mauriello dated June 12, 2014, attached as Exh. B to Breene Aff., at 8 ("[W]e deducted attorney time for tasks that were related to all issues in this case rather than the motion for summary judgment.")). For example, it complains that such tasks such as drafting pleadings and participating in discovery "should not be included in the amount of defense costs Atlas Copco is seeking from Travelers for securing the September 6 Decision." (Travelers Duty to Defend Memo. at 10). There is no support in logic or law for this position. It is unclear how the ruling that Travelers had a duty to defend could have been procured without, for example, Atlas Copco's

participation in discovery in this action.  No language in Danaher I or Danaher II indicates that Atlas Copco's right to reimbursement extends only to expenses incurred in producing the motion.  Finally, the cases upon which Danaher I and Danaher II rely are plain that relief is not so limited.  See, e.g., U.S. Underwriters Insurance Co. v. City Club Hotel, 369 F.3d 102, 110 (2d Cir. 2004) ("[A]n insured who prevails in a declaratory action brought by an insurance company seeking to deny a duty to defend and indemnify is allowed to recover fees expended in defending against that action."), cited in Danaher II, 2013 WL 1387017, at *2; City Club Hotel, 3 N.Y.3d at 597-98, 789 N.Y.S.2d at 473 ("The reasoning behind [this rule] is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action."), cited in Danaher I, 2013 WL 364734, at *3.

Travelers' responsibility to pay attorneys' fees in this case grows out of its duty to defend.  See Danaher I, 2013 WL 364734, at *3.  The relevant inquiry is whether an insurer that honored its duty to defend would be responsible for paying for time expended performing a particular task.  See Chase Manhattan Bank v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005, 258 A.D.2d 1, 5, 690 N.Y.S.2d 570, 573 (1st Dep't 1999) ("[D]efense expenses are recoverable by the insured, even if incurred in defending against an insurer seeking to avoid coverage for a particular claim.  Recovery of attorneys' fees in such a case . . . is incidental to the insurer's duty to defend, and the right to such recovery arises from that contractual duty.").  The parties,

however, have not briefed the issue in this way. Atlas Copco insists <u>Danaher II</u> necessarily entitles it to everything it has expended in this action; Travelers contends it must pay only for costs and fees directly related to the motion for partial summary judgment. Because neither view is correct, the parties have failed to address pertinent issues: for example, if any of the time expenditures claimed are traceable only to Atlas Copco's counterclaims or cross-claims against other insurance companies, and, if so, whether Travelers' duty to defend requires payment for such time. <u>See, e.g.</u>, <u>Weatherization</u>, 21 F. Supp. 2d at 328 (distinguishing costs incurred in connection with affirmative claims from those incurred in defending action against insurer); <u>Smart Style Industries, Inc. v. Pennsylvania General Insurance Co.</u>, 930 F. Supp. 159, 165 (S.D.N.Y. 1996) ("[The insured] is entitled to recover costs incurred in connection with its claims for declaratory relief that were or would have been incurred in any event in connection with its defense of the counterclaims."). Supplemental briefing should therefore address the fees and costs that Atlas Copco may recover pursuant to Travelers' duty to defend.[1]

    C.   <u>Underlying Claims Fee Application</u>

Danaher and Atlas Copco seek approximately $8.8 million in defense fees and costs incurred in the defense of the underlying claims, plus pre-judgment interest. (Brief in Support of Danaher Corporation's and Atlas Copco North America LLC's Motion for

---

[1] This is not an invitation for Travelers to re-argue issues presented and decided in <u>Danaher I</u> and <u>Danaher II</u>.

11

Reimbursement of Legal Fees and Costs Incurred as a Result of Travelers' Breach of its Duty to Defend and for Pre-Judgment Interest ("Danaher Memo."), at 1-2). In support of the application, they submit, among other things, a ledger reflecting the defense cost information for each of the claims[2] and a declaration providing an opinion on the fees charged by the firms litigating those claims (Declaration of Teresa Bohne-Huddleston in Support of Danaher Corporation's and Atlas Copco North America LLC's Motion for Reimbursement of Legal Fees and Costs Incurred as a Result of Travelers' Breach of its Duty to Defend and for Pre-Judgment Interest dated July 31, 2014 ("Bohne-Huddleston Decl."))[3]. The ledger includes almost 9,000 entries reflecting invoices issued in connection with attorneys' fees and costs in the underlying actions. It includes information such as the claimant's name, payee, amount due (including the total amount, as well as the amount for services and for expenses), and the forum court. Travelers has received the ledger as well as all of the underlying invoices. (Travelers Underlying Claims Memo. at 12 n.4).

Focusing on approximately 20 of the costliest underlying claims, Travelers challenges the fees on a number of grounds, arguing that some firms charged unreasonable hourly rates,

---

[2] Because of its size, this ledger was provided to the Court on a CD. (Danaher Memo. at 4 n.1).

[3] Travelers argues that this declaration should be excluded. (Brief of the Travelers Indemnity Company and Travelers Casualty and Surety Company in Opposition to Danaher Corporation's and Atlas Copco North America, LLC's Motion for Legal Fees and Costs Incurred in Defense of the Underlying Claims ("Travelers Underlying Claims Memo.") at 19-22). I reserve decision on that issue at this time.

12

overstaffed their cases, and block-billed an unreasonably high proportion of invoice entries. (Travelers Underlying Claims Memo. at 6-10). Danaher and Atlas Copco contend that the hourly rates are reasonable, comparing them to hourly rates approved in actions litigated in this district. (Danaher Memo. at 7). They further argue that Travelers should not compare the charged hourly rates to rates that Travelers has approved in other cases, pointing to Ms. Bohne-Huddleston's opinion that insurance companies are able "obtain volume discounts on rates for time that is charged from law firms on their approved defense counsel list." (Danaher Memo. at 8-9; Bohne-Huddleston Decl., ¶ 14). According to Danaher and Atlas Copco, the fact that they actually paid the hourly rates charged makes such rates "presumptively reasonable, and Travelers has failed to rebut this presumption. (Danaher Memo. at 6; Reply Brief in Further Support of Danaher Corporation's and Atlas Copco North America LLC's Motion for Reimbursement of Legal Fees and Costs Incurred as a Result of Travelers' Breach of its Duty to Defend and for Pre-Judgment Interest at 2-3).

However, even where a client has actually paid counsel's hourly rates after its insurer breaches its duty to defend, the court must still determine whether such rates are reasonable. <u>See, e.g.</u>, <u>Weatherization</u>, 21 F. Supp. 2d at 326-27. Danaher and Atlas Copco have not attempted to show that the rates charged are in line with rates charged in similar cases <u>in the forums in which they were litigated</u>. Moreover, the submissions indicate that, in some of the actions identified by Travelers, out-of-district counsel was retained. (Travelers Underlying Claims Memo. at 7). But there is

13

no discussion of whether out-of-district counsel charged higher rates than counsel within the district would have and, if so, why those rates are reasonable. Both of these issues should be addressed in supplemental briefing.

Conclusion

Within 30 days of the date of this order, Danaher and Atlas Copco shall submit supplemental memoranda (one for each fee application at issue) addressing the deficiencies identified above. Travelers shall have 14 days to respond, and Danaher and Atlas Copco shall submit replies, if any, within seven days of those responses.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         September 30, 2014

Copies mailed this date:

Brian J. Osias, Esq.
Gita F. Rothschild, Esq.
McCarter & English LLP
245 Park Avenue, 27th Floor
New York, New York 10167

Stephen V. Gamigliano, Esq.
Robert W. Mauriello, Jr., Esq.
Graham Curtin PA
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962

Paul E. Breene, Esq.
Jean M. Farrell, Esq.
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, New York  10022