UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAHER CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 10-CIV 0121 (JPO) (JCF) |

---

**ATLAS COPCO NORTH AMERICA, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR REIMBURSEMENT OF LEGAL FEES AND COSTS INCURRED TO DEFEND THE DECLARATORY JUDGMENT ACTION BROUGHT AGAINST ATLAS COPCO BY TRAVELERS INDEMNITY COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY**

---

REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Phone: 212.521.5400
Fax: 212.521.5450
*Attorneys for Third-Party Defendant,
Atlas Copco North America LLC*

US_ACTIVE-120029464.1-JMFARREL

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 1
ARGUMENT ............................................................................................................. 2
   I.   TRAVELERS CONCEDES THAT REED SMITH'S BILLING RATES ARE REASONABLE. .............................................................................................. 2
   II.   TRAVELERS FAILS TO REFUTE THAT ALL REQUESTED FEES ARE TYPICAL DEFENSE COSTS THAT AN INSURANCE COMPANY HONORING ITS DUTY TO DEFEND WOULD BE OBLIGATED TO PAY. ............. 4
   III.   TRAVELERS HAS FAILED TO IDENTIFY ANY FEES INCURRED SOLELY IN PURSUIT OF AFFIRMATIVE CLAIMS AGAINST ATLAS COPCO. .............................................................................................................. 7
CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

                                  **Page**

**Cases**

*Hartford Underwriting Insurance Co. v. Leardon Boiler Works, Inc.*,
   No. 602069/2009, 2014 WL 2798903 (N.Y. Sup. June 19, 2014) ................................. 7

*Smart Style Industries, Inc. v. Pennsylvania General Insurance Co.*,
   930 F. Supp. 159 (S.D.N.Y. 1996) ........................................................................ 5

Third-Party Defendant Atlas Copco North America, LLC incorrectly sued herein as Atlas Copco North America, Inc. ("Atlas Copco"), as successor to Chicago Pneumatic Tool Company ("Chicago Pneumatic") by and through its attorneys Reed Smith LLP ("Reed Smith"), hereby submits this Reply Memorandum of Law in Further Support of Its Motion for Reimbursement of Legal Fees and Costs Incurred To Defend the Declaratory Judgment Action Brought Against Atlas Copco by Travelers Indemnity Company and Travelers Casualty and Surety Company ("Travelers").

## PRELIMINARY STATEMENT

Travelers' Supplemental Opposition ("Travelers' Opp.") is largely a re-hash of its previous briefing, including arguments that already have been considered and rejected, and disregards both the September 30 Decision[1] (Dkt. 245) and the additional evidence submitted with Atlas Copco's Supplemental Memorandum (Dkt. 266).

For instance, the September 30 Decision ordered Atlas Copco to submit additional evidence of the reasonableness of the hourly rates Reed Smith LLP charged Atlas Copco, which Atlas Copco did. Travelers neither refuted this additional evidence, nor presented any contrary evidence. Indeed, Travelers only contests the applicable rates with respect to a small percentage of the requested fees, based solely on the fact that Reed Smith later charged a lower hourly rate. Travelers thus effectively <u>concedes</u> that the lower rates, which applied to the vast majority of the bills, are reasonable, and presents no credible evidence to refute evidence that the higher rates also were reasonable.

---

[1] This Reply Memorandum of Law uses the same definitions as set forth in Atlas Copco's Supplemental Memorandum of Law in Further Support of Its Motion for Reimbursement of Legal Fees and Costs Incurred to Defend the Declaratory Judgment Action Brought Against Atlas Copco by Travelers Indemnity Company and Travelers Casualty and Surety Company (the "Supplemental Memorandum").

Travelers also seeks to substantially reduce its obligation to reimburse Atlas Copco by requesting that the Court subtract fees it argues were incurred for discovery not "related" to Atlas Copco's motion on the duty to defend, an argument already rejected by this Court in the September 30 Decision. The September 30 Decision held that Travelers must pay fees that any insurance company honoring its duty to defend would have paid, specifically <u>including</u> fees incurred to participate in discovery, through September 6, 2012, the date of the decision on the Duty to Defend (Dkt. 98) (the September 6 Order"). Travelers ignored the relevant standard set forth in the September 30 Decision, and made no attempt to refute Atlas Copco's evidence that the requested fees were routine defense costs. Finally, Travelers asserts that it should not be required to pay fees incurred by Atlas Copco to prosecute its affirmative claims, but fails to identify any such fees, because there are none.

Because Atlas Copco has met its burden of proving that its fees are reasonable, and of the type typically paid by insurance companies honoring their duty to defend, it is entitled to be awarded all requested fees, through the date of the September 6 Order.

## ARGUMENT

### I. TRAVELERS CONCEDES THAT REED SMITH'S BILLING RATES ARE REASONABLE.

The September 30 Decision ordered Atlas Copco to submit a supplemental memorandum providing additional documentation to support its assertion that the hourly billing rates it paid its counsel were reasonable, including evidence of the "experience of [the] attorneys and staff members" who billed the fees at issue, September 30 Decision at 9, as well as of "the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Id.* Atlas Copco did precisely that, providing biographical

information for each time-keeper on this matter, as well as substantial evidence, in the form of market surveys, and decisional law of this district, of the prevailing market rates in the Southern District of New York. See Breene Affirmation in support of Supplemental Memorandum, dated October 29, 2014 ("Breene Aff."), Exs. C-F, and Supplemental Memorandum, Dkt. 266, at 9-20. In addition, Atlas Copco submitted the affirmation of the billing attorney on the matter attesting to the fact that Reed Smith clients paid similar, or higher, rates for similar matters during the relevant time period, as well as noting that the Bankruptcy Court for the Southern District of New York, in *In re: Metex Mfg. Corp. (f/k/a Kentile Floors, Inc.)*, Case No. 12-14554 (CGM) (the "*Metex* Matter"), approved as "reasonable" a billing rate for Mr. Breene's time that was substantially higher than the rate that was billed to Atlas Copco at any point in this matter. Breene Aff., ¶¶ 16, 39.[2]

This evidence shows that even the highest rates charged by Reed Smith at any point in its retention on this matter were well within, if not below, prevailing market rates for counsel of similar skill and experience doing similar work. Travelers simply ignores all of this evidence, however, and presents no countervailing evidence. Indeed, Travelers' primary "evidence" that the billing rates for any part of the fees is unreasonable is the fact that Reed Smith at one point agreed to charge a lower rate to Atlas Copco with respect to future work. Travelers argues that it should only have to pay the fees billed at the higher rate at the lowest rate charged. Travelers therefore

---

[2] Travelers argues that the fact that certain associates in the *Metex* Matter were billed at slightly lower rates than associates of comparable experience were billed in this matter somehow is evidence that the billing rates in this matter were unreasonable. Travelers' Opp. at 5. This "evidence," is irrelevant, however, as the associates on the *Metex* Matter are based in Reed Smith's Pittsburgh office, an entirely different, and much smaller, legal market than the Southern District of New York. See Breene Reply Affirmation, dated November 21, 2014 ("Breene Reply Aff.") at ¶ 4.

effectively admits that the lower rates, which were in effect for most of the representation, were reasonable.

Travelers does not present any of the type of credible evidence typically considered by courts in this district that the higher rates charged by Reed Smith were unreasonable. Travelers argues only that Atlas Copco "rejected" those higher rates, and thus Travelers should not have to pay them. Travelers Opp. at 1. Of course, as explained in the affirmation of John J. Henschel, Atlas Copco's general counsel, Atlas Copco did not reject those rates—it paid them. Affirmation of John J. Henschel, dated October 29, 2014, Breene Aff., Ex. B. The fact that Atlas Copco subsequently negotiated a lower rate does not make the original rate unreasonable, and the fact that Atlas Copco actually paid the higher rates is one factor confirming that such rates were reasonable.

## II. TRAVELERS FAILS TO REFUTE THAT ALL REQUESTED FEES ARE TYPICAL DEFENSE COSTS THAT AN INSURANCE COMPANY HONORING ITS DUTY TO DEFEND WOULD BE OBLIGATED TO PAY.

The September 30 Decision rejected Travelers' argument, repeated in Travelers Opposition, at 2, 8, that it should only have to pay those fees "related" to the Duty to Defend Motion. The Court found no support in "logic or law" for such an argument. September 30 Decision at 9. Rather, the Court found that the "relevant inquiry" in determining which fees Travelers should pay is what an insurance company "that honored its duty to defend would be responsible for paying." *Id.* at 10. The September 30 Decision specifically noted that "it is unclear how the ruling that Travelers had a duty to defend could have been procured without, for example, Atlas Copco's participation in discovery in this action." *Id.* at 9-10. There is nothing in the September 30 Decision to indicate that the "discovery" it referenced must "relate" to the Duty to Defend Motion.

Atlas Copco presented evidence that all the requested fees were of the type "ordinarily incurred in the usual course of litigation," see *Smart Style Indus. Inc. v. Pa. Gen'l Ins. Co.*, 930 F. Supp. 159 (S.D.N.Y. 1996), and thus meet the relevant standard. Supplemental Memo. at 3. Ignoring both the applicable standard, and Atlas Copco's Supplemental Memorandum, however, Travelers seeks to cut more than $100,000 of the fees it must pay based on its argument that those fees do not "relate to the duty to defend motion." *See, e.g.*, Travelers' Opp. at 8. Travelers argues that, because the fees it seeks to avoid were incurred after the Duty to Defend Motion was made, it should not have to pay them. *Id.* There is nothing in the September 30 Decision, or in "logic or law," to support any distinction between fees incurred before and after the duty to defend motion was made. Travelers has been ordered to pay ordinary defense costs "<u>through and including</u>" September 6, 2012, the date of the Duty to Defend decision. September 30 Decision at 8.

Travelers specifically argues that it should not have to pay for any time billed by Atlas Copco to review and analyze Industria insurance policies, which were sold to Atlas Copco through a captive, off-shore insurance company, or any other post-1986 policies. To the contrary, Atlas Copco's review and analysis of the Industria policies, and other post-1986 policies, during the relevant time frame, was in <u>direct response</u> to Travelers' requests for discovery, and thus are precisely the type of fees that an insurance company honoring its duty to defend would have to pay.

For example, Travelers served document requests on Atlas Copco seeking "all insurance policies under which you seek coverage for the underlying claims." See Travelers' Request for the Production of Documents, dated September 15, 2011,

- 5 -

Breene Reply Aff., Ex. A. Travelers also served a 30(b)(6) deposition notice on Atlas Copco, seeking testimony on, among other topics, "[a]ll facts relating to any insurance policies which you allege provide coverage to you and/or Danaher for the underlying claims," and "[a]ll facts relating to any insurance policies purchased by Danaher and/or you for the Chicago Pneumatic Tool Company issued and in effect during and after the 1986 to 1987 policy periods." See 30(b)(6) Deposition Notice, dated September 15, 2011, Breene Reply Aff., Ex. B.

Although Atlas Copco has denied that the underlying claims are covered under those policies, because Travelers sought them in discovery, and sought deposition testimony about them in this action, Atlas Copco was required, in the usual course of litigation, to identify and produce all post-1986 insurance policies, and to prepare its corporate designee, John J. Henschel, to testify with respect to insurance coverage under those policies. Breene Reply Aff., ¶ 7. Indeed, the time billed to review and analyze the Industria and other post-1986 insurance policies was incurred specifically for the purpose of preparing Mr. Henschel for his 30(b)(6) deposition, on the topics noticed by Travelers. Id.¶ 8.

In fact, Travelers' counsel questioned Mr. Henschel at length at his deposition about his understanding of the coverage under those insurance policies. See Relevant pages from deposition of John J. Henschel, Breene Reply Aff., Ex. C. Accordingly, the fees incurred in connection with analysis of the "Industria policies," and any analysis of "post-1986 insurance coverage" were simply fees incurred in the usual course of defending this declaratory judgment action, and Travelers should be required to reimburse Atlas Copco for those fees.

Similarly, fees with respect to Atlas Copco's preparation of an expert witness were incurred in the ordinary course of defending this action. Atlas Copco identified an expert witness, and, after Travelers produced its expert report, worked with its own expert both to rebut Travelers' expert witness, and provide its own expert opinion. Breene Reply Aff., ¶¶ 11-12; see Expert Report of Donald J. Malecki, dated June 29, 2012, Breene Aff., Ex. D. Because those fees are of the type that an insurance company honoring its duty to defend would have to pay, Atlas Copco is entitled to be reimbursed for those fees.

### III. TRAVELERS HAS FAILED TO IDENTIFY ANY FEES INCURRED SOLELY IN PURSUIT OF AFFIRMATIVE CLAIMS AGAINST ATLAS COPCO.

As set forth in the Breene Affirmation, no fees (other than those fees incurred in connection with the Duty to Defend Motion) were incurred specifically to pursue Atlas Copco's counterclaim or cross-claims that would not otherwise have been incurred in defense of the declaratory judgment action. Breene Aff., ¶ 6. All fees Atlas Copco seeks to recover were incurred <u>to defend</u> Atlas Copco in this declaratory judgment action. Indeed, Travelers has failed to identify any fees that were incurred solely in pursuit of any of Atlas Copco's affirmative claims or counterclaims, and not to defense of Travelers' claims, and thus the legal issue of whether such fees would be covered defense costs is moot.

Even if any fees could be attributed to Atlas Copco's pursuit of its affirmative claims, however, Atlas Copco would be entitled to collect those fees. Such fees are considered covered defense costs under New York law, particularly where, as here, they are incurred by a policyholder defending an action brought by its insurance company seeking to avoid coverage. See, e.g., Hartford Underwriting Ins. Co. v.

*Leardon Boiler Works, Inc.*, No. 602069/2009, 2014 WL 2798903, *4 (N.Y. Sup. June 19, 2014) (holding that attorneys' fees incurred in connection with policyholder's counterclaim against its insurer, and cross-claims against other insurer defendants, were recoverable defense costs, because they were "incurred solely as a consequence of Hartford's actions" in putting the policyholder in a defensive posture). Travelers simply ignores this directly-on-point case.

Accordingly, all of the fees sought by Atlas Copco are of the type that an insurance company honoring its duty to defend would be required to pay, and Travelers should be required to reimburse Atlas Copco for those fees.

## CONCLUSION

For the foregoing reasons, the Court should order Travelers to reimburse Atlas Copco for all requested attorney's fees and costs incurred in defense of the declaratory judgment action through September 6, 2012, in the amount of $ 234,490.45, plus statutory interest.

Dated: November 21, 2014

By: *s/ Paul E. Breene*
Paul E. Breene (PB7989)
Jean M. Farrell (JF0485)
Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Phone: 212.521.5400
Fax: 212.521.5450
*Attorneys for Third-Party Defendant Atlas Copco North America LLC*