UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                               :

DANAHER CORPORATION,               :

                    Plaintiff,    :          10-CV-121 (JPO)

                               :

           -v-                :        OPINION AND ORDER
                               :       ADOPTING REPORT AND
THE TRAVELERS INDEMNITY COMPANY, *et* :      RECOMMENDATION
*al.*,                               :

                  Defendants.  :

                               :
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Danaher Corporation ("Danaher") brought this suit in 2010 against, among others, the

Travelers Indemnity Company ("Travelers Indemnity") and Travelers Casualty and Surety

Company ("Travelers C&S") (collectively, "Travelers"), to resolve disputes concerning

insurance coverage for underlying silica- and asbestos-related claims against Chicago Pneumatic

Tool Company ("Chicago Pneumatic"). Travelers later impleaded Atlas Copco North America

LLC ("Atlas Copco"), seeking a declaratory judgment on insurance coverage. On September 6,

2012, the Court held that Travelers has a duty to defend Danaher and Atlas Copco against such

claims "in the past and in the future." (Dkt. No. 98; Dkt. No. 117, Ex. D at 8.)

      Now before the Court is Magistrate Judge Francis's Report and Recommendation (Dkt.

No. 283 (the "Report")) regarding two subsequent motions by Danaher and Atlas Copco seeking

reimbursement for attorney's fees and costs. The Report recommends granting the motions.

Travelers objects to the amount of the fee awards recommended by the Report. For the reasons

that follow, Travelers' objections are overruled and Judge Francis's thorough and well-reasoned

Report is adopted in full.

I.      **Background**[1]

On March 21, 2014, the Court referred two issues to Magistrate Judge Francis for a report and recommendation: first, the question of the reasonableness of the amount of attorney's fees incurred by Danaher and Atlas Copco, both in obtaining the duty to defend ruling and in the underlying actions; and second, whether statutory prejudgment interest should run on those fees. (Dkt. No. 189, at 14-15.)  Danaher and Atlas Copco filed motions for attorney's fees on August 1, 2014.  (Dkt. Nos. 225, 230.)  On September 30, 2014, Judge Francis filed a memorandum and order in which he directed the parties to file additional briefing on the motions.  (Dkt. No. 245.)

On January 16, 2015, Judge Francis issued the Report, which recommends that the Court conclude that the fees and costs sought by Danaher and Atlas Copco are reasonable.  (Dkt. No. 283.)  Judge Francis issued a clerical correction to the Report on January 29, 2015.  (Dkt. No. 285.)  Travelers objected to the Report on the same day.  (Dkt. No. 286.)  Danaher and Atlas Copco have responded to Travelers' objections.  (Dkt. Nos. 288, 289.)

II.     **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), a district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  The district court reviews a magistrate judge's report "strictly for clear error when no objection has been made," but "will make a *de novo* determination regarding those parts of the Report to which objections have been made."  *Coach, Inc. v. O'Brien*, No. 10 Civ. 6071 (JPO) (JLC), 2012 WL 1255276, at *1 (S.D.N.Y. Apr. 13, 2012) (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)).  "In order to merit de novo review, a party's objections must be specific rather than conclusory or general."

---

[1] A more comprehensive account of the relevant procedural history of this case is set out in Judge Francis's Report, familiarity with which is assumed.  (*See* Report at 2-4.)

*DeJesus v. Comm'r of Soc. Sec.*, No. 13 Civ. 2251 (AJN) (HBP), 2014 WL 5040874, at *1

(S.D.N.Y. Sept. 29, 2014).[2]

### III.   Discussion

#### A.      Reasonableness of Attorney's Fees[3]

Judge Francis's Report, as amended, recommends an award to Atlas Copco of

$234,490.45 for the fees and costs arising from the duty to defend litigation, and to both Atlas

Copco and Danaher of $8,720,181.85 arising from the underlying claims, each sum accompanied

by statutory prejudgment interest.  (Report at 39; Dkt. No. 285.)  Travelers objects to both of

these recommendations.  (Dkt. No. 286 ("Objection") at 1.)  According to Travelers, Atlas

Copco is owed only $117,647.58 for fees and costs relating to the duty to defend litigation, and

Atlas Copco and Danaher are owed $7,840,181.55 stemming from the underlying claims.

(Objection at 7, 9.)

#### 1.      Duty to Defend

Atlas Copco seeks fees and costs incurred during its defense of the declaratory judgment

action brought against it in this suit as a third-party action by Travelers, in the amount of

$234,490.45.  (Dkt. No. 243, at 10 & n.4.)  In its initial brief, Travelers asserted that Atlas Copco

---

[2] Atlas Copco and Danaher urge this Court to review the entire Report only for clear error, because Travelers reiterates the arguments it made before Judge Francis.  The Court declines to do so.  "While courts in this district sometimes state that objections that 'simply reiterate the original arguments' merit only clear error review, this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) [or] Rule 72(b)(2), and is, moreover, at odds with the rule regarding waiver" of arguments not presented to the magistrate judge.  *Crowley v. Colvin*, No. 13 Civ. 1723 (AJN) (RLE), 2014 WL 4631888, at *1 (S.D.N.Y. Sept. 15, 2014) (citing *Jones v. Astrue*, No. 09 Civ. 5577 (DAB), 2012 WL 4473258, at *1 (S.D.N.Y. Sept. 8, 2012); *Watson v. Geithner*, No. 11 Civ. 9527 (AJN) (HBP), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)) (internal citations and brackets omitted).

[3] Travelers does not object to the legal standard that the Report articulates, and the Court concludes that that standard is correct.  To avoid repeating these uncontroverted principles of law, the standard set out in the Report is incorporated here.  (*See* Report at 4-6.)

should be awarded "no more than $60,000 in legal fees and costs" incurred in litigation leading up to the duty to defend decision.  (Dkt. No. 236, at 17.)  After Judge Francis ordered supplemental briefing and clarified the scope of the Court's prior decision regarding the duty to defend, *see Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 121 (JPO) (JCF), 2014 WL 4898754, at *5 (S.D.N.Y. Sept. 30, 2014), Travelers now takes the position that Atlas Copco is owed "no more than $117,647.58 in legal fees and costs."  (Dkt. No. 269, at 12.)

The Report comprehensively details the experience and practice specialization of all of the attorneys and support staff who billed hours relating to the duty to defend decision.  (Report at 6-9.)  It also notes, on the basis of evidence submitted by Atlas Copco, that these rates are in line with those of attorneys and staff of "roughly comparable" law firms.  (*Id.* at 9-10).  Travelers does not object to these determinations.  However, it states that the Report is erroneous for two reasons.

First, Travelers contends that the Report incorrectly "fail[ed] to give any weight" to the reduction in the hourly rates Atlas Copco paid to its attorneys during the course of the litigation. (Objection at 8.)  The Court disagrees.  As Judge Francis correctly found, both the higher and lower rates were "comparable to those charged by other similar firms."  (Report at 11.) Travelers' objection does not present any persuasive rationale that undermines the reasonableness of either rate.  The fact that Atlas Copco negotiated a reduction from one reasonable rate to another reasonable rate does not negate Travelers' obligation to pay these reasonable fees that Atlas Copco incurred in relation to the duty to defend ruling.

Second, Travelers argues that certain attorney's fees and costs for which Atlas Copco seeks reimbursement should be rejected because they "solely relate to Travelers['] claim for contribution of defense and indemnity costs against Danaher and Chicago Pneumatic/Atlas Copco's other insurers, including billing entries reflecting work performed by various . . .

attorneys relating to Atlas Copco's post-1987 insurance coverage." (Objection at 8.) As the Report states, however, the post-1987 coverage was an issue in the declaratory judgment action commenced by Travelers because Travelers sought discovery relating to the Atlas Copco's post-1987 insurance policies. (Report at 17.) Judge Francis noted in a previous opinion, "[i]t is unclear how the ruling that Travelers had a duty to defend could have been procured without . . . Atlas Copco's participation in discovery," *Danaher*, 2014 WL 4898754, at \*5, and the Report concluded that "Travelers has not explained why responding to discovery requests promulgated to Atlas Copco by Travelers should be excluded from compensable expenses" (Report at 17). Travelers' objection to the Report makes no effort to challenge this proper conclusion.

Travelers also states that the time entries it identified were "incurred by Atlas Copco *after* the filing of the duty to defend motion," and therefore "had no bearing upon that motion at all." (Objection at 8.) But Travelers must pay all those fees and costs incurred in connection with Atlas Copco's defense against Travelers' unsuccessful attempt to avoid defense and coverage in this case. *See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 110 (2d Cir. 2004) ("[A]n insured who prevails in a declaratory action brought by an insurance company seeking to deny a duty to defend and indemnify is allowed to recover fees expended in defending against that action."); *see also Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 121 (JPO) (JCF), 2013 WL 1387017, at \*2 (S.D.N.Y. Apr. 5, 2013). The fees recoverable by Atlas Copco are not limited to those incurred before the filing of the duty to defend motion.

For these reasons, Travelers' objections concerning fees and costs connected to the duty to defend litigation are overruled.

### 2.     Underlying Claims

Travelers contends that the Report incorrectly approved the fee amounts requested by Danaher and Atlas Copco in connection with the underlying claims. Travelers essentially

concedes that $7,840,181.55 of these fees are reasonable (Objection at 11), but requests a

reduction of approximately $880,000 due to "unreasonably high billing rates, overstaffing of

cases[,] and excessively high block billing entries" (*id.* at 2).  The Court considers each category

of claimed excess in turn.

*Billing rates.*  First, Travelers asserts that firms defending the underlying claims on

behalf of Danaher and Atlas Copco charged rates that were unreasonably high in the relevant

legal markets and requests a 34% across-the-board reduction.  (*Id.* at 3.)  The Report canvasses

all of the states in which Travelers objects to billing rates and concludes that the billed rates are

reasonable in light of prevailing rates in each forum.  (Report at 23-32.)  The Court agrees.

Part of the foundation for Travelers' objection is that several of the firms retained in the

underlying cases charge rates that exceed *Travelers'* own approved rates for those legal markets.

On this basis, Travelers asserts that Danaher and Atlas Copco "had the opportunity and ability to

obtain counsel at more reasonable billing rates."  (Dkt. No. 233, at 8.)  But the fact that

Travelers' own approved rates are lower has little impact on the determination of whether the

rates charged by the firms acting for Danaher and Atlas Copco were reasonable.

Travelers specifically objects only to two conclusions regarding the reasonableness of fee

rates in the Report: first as to rates billed in two Alabama cases, and second as to the retention of

out-of-district defense counsel for a case in Washington.  The Alabama dispute concerns the

rates of Starnes & Atchison LLP, a law firm that was retained for the defense of two asbestos

claims.  (Report at 23; Dkt. No. 233, at 7.)  According to Travelers' submission, partners at

Starnes & Atchison bill at $290/hour, associates at $220/hour, and paralegals at $125/hour.  (Dkt.

No. 233, at 7.)  Travelers says that its own approved billing rates for "comparable firms" in

Alabama are $250/hour for partners, $165/hour for associates, and $110/hour for paralegals.  (*Id.*

at 8.)  But as Judge Francis correctly points out, a reasonable rate "need not be the lowest possible rate"; it must simply be reasonable.  (Report at 22.)

Travelers' main support for its contention that the Starnes & Atchison rates are unreasonable is a fee decision in *Brown v. Boeing Co.*, No. 12-0414-CG-C, 2012 WL 6045924 (S.D. Ala. Dec. 4, 2012).  There, an Alabama district judge concluded in an asbestos case that a billing rate of $255/hour was reasonable for a partner.  *Id.* at *3.  The court also reduced an associate's rate to $150/hour and a paralegal's rate to $75/hour.  *Id.* at *3-4.  But in *Brown*, the plaintiff discontinued the action after the defendants moved for judgment on the pleadings on the basis that the action was time-barred.  *Id.* at *1.  The court observed that the case "barely made it out of the pleading stage" and, "as such, did not require highly specialized expertise" needed to litigate asbestos suits.  *Id.* at *3 n.4.  Accordingly, *Brown* is distinguishable.  The other cases cited in the Report provide sufficient support for the conclusion that the requested fees are reasonable relative to rates typical in the forum.  *See, e.g.*, *Transmontaigne Prod. Servs., Inc. v. Clark*, No. 09-0023-CG-B, 2010 WL 3171656, at *1 & n.1 (S.D. Ala. Aug. 10, 2010).

As to the Washington case, Travelers protests that Danaher and Atlas Copco retained "multiple out-of-district defense firms[,] certain of which charged higher rates than in-district counsel."  (Objection at 4.)  "[C]ourts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee" pursuant to the "forum rule."  *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).  But the mere fact that an in-district firm charged less than an out-of-district firm does not render the out-of-district firm's rates unreasonable.  Even setting aside the exception to the forum rule in cases where a party can "demonstrate[] that [its] retention of an out-of-district attorney was reasonable under the circumstances," *id.*, the forum rule requires only that each firm's billing rate be reasonable when evaluated by reference to the

hourly rates usually employed in the district.  Accordingly, the fact that an in-district firm may charge a lower rate is irrelevant.  *See, e.g.*, *Stormans Inc. v. Selecky*, No. C07-5374 RBL, 2015 WL 224914, at *8 (W.D. Wash. Jan. 15, 2015) ("[A]n attorney's rate is not necessarily unreasonable just because some lower amount may also be reasonable.").

Here, the Court concludes that the retained firms' rates are reasonable in the forum.  *See id.* (approving rates of up to $465/hour in constitutional litigation); *Cornhusker Cas. Ins. Co. v. Kachman*, Civil Nos. 3:05-cv-05026-RBL, 2:09-cv-00273-RBL, 2009 WL 2853119, at *4 (W.D. Wash. Sept. 1, 2009) (approving $450/hour partner rate in insurance coverage dispute); *see also Elf-Man, LLC v. C.G. Chinque Albright*, No. 13 Civ. 115-TOR, 2014 WL 5543845, at *9-11 (E.D. Wash. Oct. 31, 2014) (preliminarily approving $495/hour rate for partner in an intellectual property case, although ultimately reducing that rate because the case proceeded by default judgment).  Because these billing rates, along with the other rates addressed in the report, are reasonable, Travelers' objections on these grounds are overruled.

*Overstaffing.*  Second, Travelers complains that certain work on underlying claims was overstaffed with attorneys and urges that attorney's fees for the underlying claims should be subject to a 1% reduction.  (Objection at 5.)  Travelers contends that there is no reason that multiple attorneys should have participated in "the same hearings or conferences."  (Dkt. No. 233, at 19.)  But a review of the supporting records reveals that Travelers is objecting to meetings attended by several attorneys in preparation for a significant deposition.  (*See* Dkt. No. 234, Ex. E at 18.)  The Court concludes that the entries to which Travelers objects are not unreasonable.  *See Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (determining that it was not unreasonable for multiple attorneys to attend proceedings at "the most critical points in the litigation, such as the depositions of key witnesses"); *Etna Prods. Co. v. Q Mktg. Grp., Ltd.*, No. 03 Civ. 3805 (SAS) (FM), 2005 WL 2254465, at *4 (S.D.N.Y. June 6, 2005)

(determining that it was reasonable for two attorneys to "participat[e] in the same conference with the Court or their client").

Travelers also argues that "it remains unclear why twenty attorneys and paralegals all needed to 'familiarize themselves' with" one claim.  (Objection at 5.)  However, "[t]he use of multiple attorneys is not unreasonable *per se*."  *Simmonds v. N.Y.C. Dep't of Corr.*, No. 06 Civ. 5298 (NRB), 2008 WL 4303474, at \*6 (S.D.N.Y. Sept. 16, 2008) (ellipsis and internal quotation marks omitted).  Furthermore, a review of the relevant entries shows that over 60% of the hours that Travelers contests were billed by four attorneys.  (*See* Dkt. No. 234, Ex. F at 37.)  The fact that other attorneys and support staff also contributed work on a complex case in a particular billing cycle does not undermine the overall reasonableness of the attorney's fees.  For these reasons, the Court rejects Travelers' objection that the number of attorneys staffed on the underlying claims renders the attorney's fee amount unreasonable.

*Block billing.*  Last, Travelers argues for a 0.5% reduction of the fees and costs incurred in relation to the underlying claims for "excessively high block billing entries."  (Objection at 6.)  However, "[b]lock billing is not prohibited in this Circuit as long as the Court can determine the reasonableness of the work performed."  *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS), 2015 WL 898974, at \*4 (S.D.N.Y. Mar. 2, 2015) (quoting *Zimmerman v. Portfolio Recovery Assocs.*, LLC, No. 09 Civ. 4602 (PGG), 2013 WL 6508813, at \*11 (S.D.N.Y. Dec. 12, 2013)) (internal quotation marks omitted).  The entries that Travelers disputes appear to have taken place at a time when attorneys were in the midst of intensive preparation for the depositions of multiple fact and expert witnesses.  (*See* Dkt. No. 234, Ex. G.)  The Court agrees with Judge Francis's determination that the block-billed entries do not prevent the Court from determining their reasonableness.  In the context of the complex underlying dispute, the Court finds the

requested fee amounts to be reasonable without the across-the-board reduction sought by
Travelers for block billing.

Accordingly, Travelers' objections to the fees related to the underlying claims are
overruled.

### B.        Calculation of Prejudgment Interest

Travelers contends that the Report errs in its determination that statutory prejudgment
interest should begin on the date that each invoice was issued, as opposed to when those invoices
were produced to Travelers. (Objection at 9.)  The New York statute governing prejudgment
interest provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of
performance of a contract," N.Y. C.P.L.R. § 5001(a), and that such interest "shall be computed
from the earliest ascertainable date the cause of action existed, except that interest upon damages
incurred thereafter shall be computed from the date incurred," *id.* § 5001(b).  The Second Circuit
"has consistently held that, in diversity cases commenced under New York law, the source of the
right to prejudgment interest" is section 5001.  *Ginett v. Computer Task Grp., Inc.*, 962 F.2d
1085, 1101 (2d Cir. 1992).

As Judge Francis concluded, the language of the statute is clear.  It has no provision that
requires a later date for the commencement of prejudgment interest than the invoice date.  (*See*
Report at 37.)  The cases cited by Travelers do not compel a contrary conclusion.  Rather, as the
Report discusses, they are either consistent with the rule that damages are incurred from the date
of breach or inapposite because they involve equitable claims, which are governed by a different
rule. (*See id.* at 37-38.)

Furthermore, the Second Circuit decided an issue similar to the one presented here in
*Ginett*.  There, a former employer breached an employment contract, in part, by failing to pay
severance to an employee who had been fired.  962 F.2d at 1087, 1089, 1100.  The employer

argued that prejudgment interest should be computed from the date of a demand for payment by the employee—that is, the date the employee filed suit—rather than from the date of termination. *Id.* at 1101.  The Second Circuit rejected the argument.  Holding that the aim of prejudgment interest is "to protect plaintiffs from the economic hardship of delay," the court concluded that there was "no . . . reasonable reading" of section 5001 that would require the employee "to make a demand in order to start the clock on prejudgment interest." *Id.*

The same reasoning applies in this case.  Travelers has set forth no plausible reading of the statute that would lead to the conclusion that the prejudgment interest clock must start when Travelers received each invoice, rather than when each invoice was issued.[4]  Accordingly, Travelers' objections pertaining to the calculation of prejudgment interest are overruled.

## IV.   Conclusion

For the foregoing reasons, Travelers' objections are OVERRULED following the Court's de novo review.  The Court has also reviewed the remainder of the Report, to which Travelers did not specifically object, and concludes that it is not clearly erroneous.  Accordingly, Magistrate Judge Francis's Report and Recommendation is ADOPTED in full.

The motions for attorney's fees by Atlas Copco and Danaher are GRANTED.  Atlas Copco is awarded $234,490.45, plus statutory prejudgment interest from the date of each invoice, for fees and costs arising from the duty to defend litigation.  Additionally, Atlas Copco

---

[4] Section 5001 does provide that where damages from a breach of contract are "incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b). "[S]ection 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest."  *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).  No party appears to request that the Court set a "single reasonable intermediate date," and accordingly, the Court adopts Judge Francis's sound recommendation that interest be awarded from the date damages were incurred.  (*See* Report at 20 & n.6.)

and Danaher are awarded $8,720,181.85, plus statutory prejudgment interest from the date of

each invoice, for fees and costs arising from the underlying claims.

The Clerk of the Court is directed to terminate the motions at docket numbers 225 and

230.

SO ORDERED.


Dated: April 13, 2015
       New York, New York

_____
            J. PAUL OETKEN
         United States District Judge