UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANAHER CORPORATION,                          :
                                  Plaintiff,   :
                                            :          10-CV-121 (JPO)
                        -v-                  :
                                            :          OPINION AND ORDER
THE TRAVELERS INDEMNITY COMPANY, :
*et al.*,                                                        :
                                  Defendants.  :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       This dispute concerns insurance coverage for silica- and asbestos-related claims against Chicago Pneumatic Tool Company ("Chicago Pneumatic"). On September 6, 2012, the Court held that Defendants The Travelers Indemnity Company and Travelers Casualty and Surety Company (collectively "Travelers") have a duty to defend such claims. (Dkt. No. 98.) Travelers moves to certify that order, along with two later orders concerning attorney's fees, as a partial final judgment under Federal Rule of Civil Procedure 54(b). Separately, Travelers seeks leave to amend the Second Amended Third Party Complaint, pursuant to Federal Rules of Civil Procedure 15 and 21, to reinstate claims against Trygg-Hansa Insurance Company, Ltd. ("Trygg-Hansa"). For the reasons that follow, the motion to certify is denied and the motion to amend is granted.

**I.    Background**

       Familiarity with the factual background of this action is presumed.[1] In brief, Plaintiff Danaher Corporation ("Danaher") purchased Chicago Pneumatic in 1986 and sold the company to Atlas Copco North America, Inc. ("Atlas Copco") in 1987. Danaher retained liability for

---

[1] Unless otherwise noted, the facts in this section are taken from the Second Amended Third Party Complaint (Dkt. No. 192) and documents incorporated by reference in or integral to that pleading, including the Amended Complaint (Dkt. No. 22) and the Amended Third Party Complaint (Dkt. No. 123).

products liability losses arising from products manufactured by Chicago Pneumatic prior to the sale, and obtained rights to receive the proceeds of insurance policies covering those losses. Chicago Pneumatic has been and continues to be a defendant in claims arising from the use of its products (the "Underlying Claims"). Danaher has incurred defense and indemnity costs as a result of the Underlying Claims.

Travelers issued general liability insurance policies to Chicago Pneumatic and Danaher between 1936 and 1987. Danaher filed this action on January 7, 2010, seeking coverage of the Underlying Claims. (Dkt. No. 1.) Danaher then filed an Amended Complaint naming additional insurers as Defendants, and after two years of discovery, moved with Atlas Copco for summary judgment on whether Travelers had a duty to defend the Underlying Claims. (Dkt. No. 53.)

On September 6, 2012, the Court ruled that Travelers has a duty to defend. (Dkt. No. 98.) Atlas Copco thereafter moved for an order directing Travelers to pay the attorney's fees and costs incurred to obtain the ruling that Travelers must defend the Underlying Claims. (Dkt. No. 107.) The Court granted Atlas Copco's motion in an April 5, 2013 order adopting a Report and Recommendation from the Honorable James C. Francis. (Dkt. No. 167.) The Court thereafter referred two issues regarding fees to Judge Francis. (*See* Dkt. Nos. 189, 295.) On April 14, 2015, the Court adopted Judge Francis's Report and Recommendation and granted the motions for attorney's fees filed by Atlas Copco and Danaher. (Dkt. No. 295.) Travelers now seeks to certify the orders concerning the duty to defend and the award of fees—specifically, the September 6, 2012 decision, the April 5, 2013 decision, and the April 14, 2015 decision— collectively as a partial final judgment.

Travelers also seeks to amend the Second Amended Third Party Complaint to add claims for contribution and allocation against Trygg-Hansa. (Dkt. No. 302.) Travelers previously asserted these claims in its Amended and Second Amended Third Party Complaints. (Dkt. Nos.

2

123, 192.)  The Court dismissed the claims against Trygg-Hansa and other impleaded insurers in the Amended Third Party Complaint because, among other reasons, Travelers had not alleged that it paid to defend the policyholders or that the impleaded insurers had failed to pay their fair share of the costs incurred.  (Dkt. No. 189 at 11-12.)

Travelers then filed a Second Amended Third Party Complaint, which several impleaded insurers moved to dismiss.  On December 12, 2014, the Court granted the motion to dismiss claims against Trygg-Hansa because Travelers had not alleged that the policies issued by Trygg-Hansa, which are excess rather than primary insurance policies, had attached after exhaustion of the primary insurance policies.  (Dkt. No. 278 at 19 ("The [Second Amended Third Party Complaint] contains no allegation that the primary policies have been or will be exhausted through indemnification of the Underlying Claims.")  Travelers now moves to reinstate its claims against Trygg-Hansa on the ground that new evidence obtained during discovery indicates that the relevant primary insurance policies have been exhausted or impaired such that it has plausible claims for contribution and allocation against Trygg-Hansa.

## II. Discussion

### A. Motion to Certify

As a general rule, "there is a historic federal policy against piecemeal appeals." *S.E.C. v. Frohling*, 614 F. App'x 14, 17 (2d Cir. 2015) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)) (internal quotation marks omitted).  "In an exception to this general principle, Rule 54(b) gives the district court authority to enter a final judgment as to fewer than all of the claims by or against a given party . . . thereby permitting an immediate appeal before the action is concluded."  *Id.*  District courts may certify partial final judgments only after "expressly determin[ing] that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  In making that determination, courts consider both "judicial administrative interests" and "the equities

3

involved." *Frohling*, 614 F. App'x at 17 (quoting *Curtiss-Wright*, 446 U.S. at 8).  While "the decision to certify is left to the sound judicial discretion of the district court," *id.* (quoting *Curtiss-Wright*, 446 U.S. at 10) (internal quotation marks omitted), the Second Circuit has cautioned that the power to enter a partial final judgment should "be exercised sparingly." *Id.* (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)); *see also In re Vivendi Universal, S.A. Sec. Litig.*, No. 02-CV-5571, 2012 WL 362028, at *2 (S.D.N.Y. Feb. 6, 2012) (quoting *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d. Cir. 2011) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues.") (alteration omitted))).

     Certification of the three decisions at issue is inappropriate at this time.  While the duty to defend is arguably distinct from claims for indemnification, contribution, and allocation, "not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Frohling*, 614 F. App'x at 17 (citation and alterations omitted).  This complex, multi-party suit has progressed to the filing of fifteen separate full or partial motions for summary judgment.  (See Dkt. No. 382.)  Trial on at least some of the remaining issues could occur within the year and Travelers has not demonstrated a "danger of hardship or injustice" that offsets the obvious efficiency benefits of a single appeal. *In re Vivendi*, 2012 WL 362028, at *4 (citation omitted).  Permitting Travelers to appeal three decisions, issued years apart, at this stage of the litigation does not "advance the interests of sound judicial administration." *Novick*, 642 F.3d at 311 (citation omitted).  The motion for entry of a partial final judgment is therefore denied.

### B.     Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be given "freely . . . when justice so requires."  Under this standard, courts grant leave to amend unless the proposed amendment is futile, the amendment would unduly prejudice the opposing party, or the movant has unduly delayed, acted in bad faith, or repeatedly failed to cure deficiencies in previous pleadings.  *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281-82 (S.D.N.Y. 2010) (citation omitted).  Where, as here, a third-party plaintiff seeks to add a defendant, a request to amend is often construed as a motion under Federal Rule of Civil Procedure 21, which permits courts to add or drop parties "at any time, on just terms."  *Agerbrink v. Model Serv. LLC*, No. 14-CV-7841, 2016 WL 93865, at *2 (S.D.N.Y. Jan. 7, 2016) (quoting Fed. R. Civ. P. 21).  "In practice, the standard for deciding whether to permit joinder under Rule 21 is the same standard of liberality afforded to motions to amend pleadings under Rule 15."  *Id.* (citation and internal quotation marks omitted).

Trygg-Hansa opposes Travelers' motion on the grounds that it is unduly delayed and futile.[2]  The motion is not unduly delayed because Travelers filed promptly, within weeks after receiving documents from Century Indemnity Company, the primary insurer at issue, indicating that its policies were either exhausted or significantly impaired.[3]  (*See* Dkt. No. 320 at 3, 6.)

---

[2] Travelers appears to argue that Trygg-Hansa lacks standing to oppose the motion to amend. (*See* Dkt. No. 320 at 2 n.2.)  Courts in this circuit have observed that a non-party's standing to oppose a motion to amend "is, at best, dubious." *Copantitla v. Fiskardo Estiatorio, Inc.*, No 09-CV-1608, 2010 WL 1327921, at *4 (S.D.N.Y. Apr. 5, 2010) (quoting *Vasquez v. Summit Women's Ctr., Inc.*, No. 301-CV-955, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001)). Even in the absence of an opposition, however, the Court must consider whether the proposed amendment is futile or unduly delayed.  Accordingly, it is not necessary for the Court to decide whether Trygg-Hansa has standing to oppose the motion.

[3] According to Travelers, Century is successor to CCI Insurance Company, which is successor to Insurance Company of North America, "the insurer that issued the primary policies sitting directly below the Trygg-Hansa Policies from 1987 to 1992." (Dkt. No. 303 at 1.)  The Second

As to futility, "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see AEP Energy Servs. Gas Holding Co. v. Bank of Am. NA*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact"); *McGuire v. Warren*, 207 F. App'x 34, 35 (2d Cir. 2006) ("Dismissal [under Rule 12(b)(6)] is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citation and internal quotation marks omitted).

Trygg-Hansa argues that amending the pleading to allege that some of the primary policies are exhausted is futile because New York law requires exhaustion of all primary policies, across all policy years, before any excess insurance policy can attach. (Dkt. No. 319 at 2.) Travelers responds that the relevant primary policies—those directly underlying the Trygg-Hansa policies—have been exhausted. Travelers also asserts that whether Trygg-Hansa's theory of exhaustion applies to this case depends on the language of the relevant insurance policies. (Dkt. No. 320 at 6, 9.) A decision regarding the proper method of allocating costs among insurers could also moot an exhaustion argument. *See Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 96 (2d Cir. 2012) (noting that under New York law, "in the absence of contractual language to the contrary," courts should use a pro rata approach to allocation); *Viking Pump, Inc. v. Century Indemnity Co.*, No. 10C-06-141, 2014 WL 1305003, at *10 (Del. Super. Ct. Nov. 15, 2013) (explaining how, under New York law, "pro rata allocation may moot [an] exhaustion argument"). (*See also* Dkt. No. 303 at 4 (noting that Travelers is pursuing pro-rata allocation).)

---

Amended Third Party Complaint refers to these primary policies as the "INA Policies." (*Id.* at 6 n.3; Dkt. No. 192.)

6

Travelers' argument prevails.  Under New York law, to determine the priority of insurance policies and the appropriate allocation of costs across insurers, courts "first look to the language of the policy." *Consolidated Edison Co. of New York, Inc. v. Allstate Ins. Co.*, 774 N.E.2d 687, 628 (N.Y. 2009); *see Ali v. Fed. Ins. Co.*, 719 F.3d 83, 91 (2d Cir. 2013) (examining "the relevant language in the excess policies" to determine whether those policies had attached); *Certain Underwriters v. Illinois Nat. Ins. Co.*, 99 F. Supp. 3d 400, 404 (S.D.N.Y. 2015) ("When evaluating priority of coverage, New York courts consider each applicable policy's language . . . ."); *Fieldston Prop. Owners Ass'n. Inc. v. Hermitage Ins. Co., Inc.*, 945 N.E.2d 1013, 1017 (N.Y. 2011) ("In resolving insurance disputes, we first look to the language of the applicable policies."); *Bovis Lend Lease LMB, Inc. v. Great Am. Ins. Co.*, 53 A.D.3d 140, 142 (N.Y. App. Div. 2008) (determining the priority of primary, excess, and umbrella insurance policies "[b]ased on an examination of the terms and role of each insurance policy at issue").  Whether Trygg-Hansa is liable depends on the specific terms of the policy it issued and the facts concerning primary insurers' liability for and payment of the Underlying Claims.  Trygg-Hansa may ultimately have arguments against Travelers' claims.  At this stage, however, Travelers has sufficiently alleged that the Trygg-Hansa policies have attached to warrant leave to amend.[4]

## III. Conclusion

For the foregoing reasons, Travelers' motion for entry of a partial final judgment under Rule 54(b) is DENIED.  Because the Rule 54(b) motion is denied, Travelers' request to stay execution of the proposed partial final judgment pending appeal is also DENIED.

---

[4] Trygg-Hansa requests that the Court stay this proceeding pending a decision by the New York Court of Appeals in *In re Viking Pump, Inc.*, 37 N.E.3d 104 (N.Y. 2015).  That case concerns the priority of insurance coverage in disputes involving policies that contain specific provisions.  Given the stage of this proceeding, and given that the specific terms of the Trygg-Hansa policies will affect any analysis of the priority of coverage in this case, the Court declines to grant a stay at this time. *Anthony L&S, LLC v. Doherty*, No. 13-CV-5495, 2014 WL 83506, at *4 (S.D.N.Y. Jan. 8, 2014) (describing courts' inherent and "broad discretion to stay proceedings").

Travelers' motion to amend the Second Amended Third Party Complaint to add claims against Trygg-Hansa is GRANTED. The motion is granted only insofar as Travelers seeks to amend the Complaint to reinstate the claims against Trygg-Hansa as described in the briefs on this issue. (Dkt. Nos. 303, 320.) Travelers may not otherwise amend the Second Amended Third Party Complaint without further leave of the Court.

Travelers is directed to file its Third Amended Third Party Complaint on or before April 6, 2016 and to serve that pleading on Trygg-Hansa. Trygg-Hansa shall file an answer within three weeks of service.

The parties that have filed motions since February 1, 2016 (*See* Dkt. Nos. 327, 329, 331, 341, 342, 345, 360, 362, 363, 375) are directed to confer and to file a joint letter indicating whether they wish to rest on the arguments in those motions in light of the Third Amended Third Party Complaint. That letter shall be submitted to the Court on or before April 13, 2016.

The Clerk of Court is directed to close the motions at docket numbers 300 and 302.

SO ORDERED.

Dated: March 30, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge