UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANAHER CORPORATION, | Civil Action No. 10-CIV-0121 (JPO) (JCF) |
| Plaintiff, | Honorable J. Paul Oetken, U.S.D.J. |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY, and NORTH RIVER INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, UNIGARD MUTUAL INSURANCE COMPANY, n/k/a SEATON INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, CONTINENTAL CASUALTY COMPANY, EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, n/k/a ONEBEACON AMERICA INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY, n/k/a TIG INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AND ALLIANZ UNDERWRITERS INSURANCE COMPANY, | FOURTH AMENDED THIRD PARTY COMPLAINT |
| Defendants. | |
| THE TRAVELERS INDEMNITY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a THE AETNA CASUALTY AND SURETY COMPANY, | |
| Third Party Plaintiffs, | |
| v. | |
| ATLAS COPCO NORTH AMERICA, INC. (as successor to CHICAGO PNEUMATIC TOOL COMPANY), CENTURY INDEMNITY COMPANY (individually and | |

as successor to CCI INSURANCE
COMPANY, as successor to INSURANCE
COMPANY OF NORTH AMERICA),
LIBERTY MUTUAL FIRE INSURANCE
COMPANY, TRYGG-HANSA INSURANCE
COMPANY, LTD., INDUSTRIA
INSURANCE COMPANY LTD., ZURICH
INSURANCE COMPANY AND ZURICH
INSURANCE PLC,

                    Third Party Defendants.

Defendants and Third Party Plaintiffs The Travelers Indemnity Company and

Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Surety Company

(collectively, "Travelers"), by way of Fourth Amended Third Party Complaint against Third

Party Defendants Atlas Copco North America, Inc. ("Atlas Copco"), as successor to Chicago

Pneumatic Tool Company, and Century Indemnity Company (individually and as successor to

CCI Insurance Company, as successor to Insurance Company of North America), Liberty Mutual

Fire Insurance Company, Trygg-Hansa Insurance Company, Ltd., Industria Insurance Company

Ltd., Zurich Insurance Company and Zurich Insurance plc (collectively, the "Third Party Insurer

Defendants"), say:

<u>FACTUAL BACKGROUND</u>

1.      On January 7, 2010, Danaher Corporation ("Danaher") filed a declaratory

judgment action in the United States District Court for the Southern District of New York against

Travelers and North River Insurance Company ("North River").

2.      Through its Complaint, Danaher seeks a determination as to the parties'

respective rights and obligations under certain insurance policies allegedly issued by Travelers

(the "Travelers Policies") and North River (the "North River Policies") to Danaher's former

2

subsidiary, Chicago Pneumatic Tool Company ("Chicago Pneumatic"), for asbestos-bodily injury claims (the "Asbestos Claims") and silica-bodily injury claims (the "Silica Claims") (collectively, the "Underlying Claims") asserted against Chicago Pneumatic, Atlas Copco and/or Danaher, allegedly arising from Chicago Pneumatic's historical products and/or operations. (Danaher provided a list of the Asbestos Claims and Silica Claims to all counsel on April 15, 2014).

3.       Danaher has alleged in its Complaint that, on or about June 4, 1987, Danaher sold all of its stock in the historical Chicago Pneumatic to Atlas Copco pursuant to a stock purchase agreement.

4.       Danaher has further alleged that, based on the stock purchase agreement, Danaher "obtained rights to receive the proceeds of insurance policies covering any [products liability] losses" arising from products manufactured by Chicago Pneumatic prior to June 4, 1987 and that, as a result, Travelers has an obligation to provide defense and indemnity payments to Danaher under the Travelers Policies for the Underlying Claims.

5.       Chicago Pneumatic, Atlas Copco and/or Danaher have tendered claims to Travelers seeking insurance coverage under the Travelers Policies for, among other things, the Underlying Claims.

6.       On January 3, 2011, Danaher filed an Amended Complaint, joining several other insurance companies as defendants in this action, including American Home Assurance Company, Unigard Mutual Insurance Company, n/k/a Seaton Insurance Company, Employers Insurance Company of Wausau, Continental Casualty Company, Employers Commercial Union Insurance Company, n/k/a OneBeacon America Insurance Company, International Insurance Company, n/k/a TIG Insurance Company, Granite State Insurance

2711560.1

Company, National Union Fire Insurance Company of Pittsburgh, PA and Allianz Underwriters

Insurance Company (collectively, the "Excess Insurer Defendants").

7.      Danaher alleged in its Amended Complaint that the Excess Insurer

Defendants "issued and/or sold to Chicago Pneumatic various excess insurance policies between

1972 and 1986."

8.      On September 6, 2012, this Court issued a decision (the "September 6,

2012 Decision") in which it determined that Travelers has a duty to defend "Chicago Pneumatic

and, therefore, Atlas Copco" ("Chicago Pneumatic/Atlas Copco") under the Travelers Policies in

connection with the Underlying Claims.

9.      In accordance with the September 6, 2012 Decision, Travelers is currently

paying for the defense of Chicago Pneumatic/Atlas Copco under the Travelers Policies for the

pending Underlying Claims, subject to a complete reservation of rights including, but not limited

to, Travelers right of contribution from Chicago Pneumatic/Atlas Copco's other insurers.

10.     In order to fully and finally resolve the claims asserted by Danaher and

Chicago Pneumatic/Atlas Copco, Travelers, by way of its Counterclaims, Crossclaims and this

Fourth Amended Third Party Complaint, seeks (1) a declaration as to the respective rights and

obligations of Danaher, Chicago Pneumatic/Atlas Copco and Travelers under the Travelers

Policies for the Underlying Claims; (2) a declaration as to the respective obligations of the

Excess Insurer Defendants and Third Party Insurer Defendants to make contribution payments,

both with respect to past and future defense costs, to Travelers for the defense of Chicago

Pneumatic/Atlas Copco  for the Underlying Claims; and (3) a declaration as to the allocation of

indemnity payments among Travelers, Danaher, Chicago Pneumatic/Atlas Copco, the Excess

Insurer Defendants and the Third Party Insurer Defendants.

2711560.1

JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332(a)(1) because Travelers, Atlas Copco and Third Party Insurer Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

12.     Venue is proper in this Court pursuant to 28 U.S.C. 1391 because the insurance policies at issue in this action (1) were issued to Chicago Pneumatic while Chicago Pneumatic had its principal place of business in New York, New York and was authorized to transact business and was doing business in the State of New York; or (2) were issued to Atlas Copco while Atlas Copco was authorized to transact business and/or was doing business in the State of New York.  By issuing insurance policies to corporations authorized to do business in the State of New York, including in this District, Third Party Insurer Defendants are subject to personal jurisdiction in this District.

PARTIES

13.     Upon information and belief, Chicago Pneumatic was a corporation organized under the laws of the State of New Jersey and, during all relevant times, had its principal place of business in New York, New York and was authorized to transact business and was doing business in the State of New York.  (attached hereto as Exhibit A is a business entity status report for Chicago Pneumatic Tool Company, which is publicly available from the New York State Department of State, Division of Corporations).  Chicago Pneumatic's successor in interest, Atlas Copco, is a corporation organized under the laws of the State of Delaware, maintains its principal place of business in Pine Brook, New Jersey and, during all relevant times, was authorized to transact business and was doing business in the State of New York. (attached hereto collectively as Exhibit B are search results and business entity status reports for

5

Atlas Copco North America, Inc., Atlas Copco, Inc. and Atlas Copco USA Holdings, Inc., which are publicly available from the New York State Department of State, Division of Corporations). At all relevant times prior to Atlas Copco's acquisition of Chicago Pneumatic, Chicago Pneumatic was authorized to transact business and was doing business in the State of New York. (See Exhibit A).

14.     Upon information and belief, Century Indemnity Company ("Century") (named herein individually and as successor to CCI Insurance Company, as successor to Insurance Company of North America ("INA")) is a corporation organized under the laws of the State of Pennsylvania, has its principal place of business in Philadelphia, Pennsylvania and is licensed to transact business and is doing business in the State of New York.

15.     Upon information and belief, Liberty Mutual Fire Insurance Company ("Liberty") is a corporation organized under the laws of the State of Wisconsin, has its principal place of business in Boston, Massachusetts and is licensed to transact business and is doing business in the State of New York.

16.     Upon information and belief, Trygg-Hansa Insurance Company, Ltd. ("Trygg Hansa") is a corporation organized under the laws of Sweden, is a wholly-owned subsidiary of Codan A/S, Copenhagen, and a member of RSA Insurance Group plc, London, and has its United States branch located in Nanuet, New York.  Trygg-Hansa issued insurance policies covering the liabilities of Atlas Copco, among other subsidiaries and affiliates of Atlas Copco AB, a company which was licensed to transact business and was doing business in the State of New York during all relevant times.  Based upon documents produced and representations made by Trygg-Hansa during discovery in this action, Trygg-Hansa allegedly transferred the insurance portfolio of its Industrial and Marine Business (including the insurance

2711560.1

policies issued by Trygg-Hansa which cover the liabilities of Atlas Copco) to Zurich Insurance

Company, a corporation organized under the laws of Switzerland with its principal place of

business in Zurich, Switzerland.  Upon information and belief, and based upon documents

produced and representations made by Trygg-Hansa during discovery in this action, Zurich

Insurance Company subsequently transferred those insurance policies to Zurich Insurance plc, a

corporation organized under the laws of Ireland with its principal place of business in Dublin,

Ireland.

    17. Upon information and belief, Industria Insurance Company Ltd.

("Industria") is an in-house insurance company owned by Atlas Copco AB, which is a

corporation organized under the laws of Sweden and has its principal place of business in

Stockholm, Sweden.  Industria issued insurance policies covering the liabilities of Atlas Copco,

among other subsidiaries and affiliates of Atlas Copco AB, a company which was licensed to

transact business and was doing business in the State of New York during all relevant times.

INSURANCE POLICIES

Century Policies

    18. INA issued various primary liability insurance policies (the "Century

Policies") to Atlas Copco North America, Inc. including, but not limited to, the following

policies:

| Policy Number | Policy Period |
| --- | --- |
| GLP G10086395 | 5/1/87 to 5/1/88 |
| GLP G11545427 | 5/1/88 to 5/1/89 |
| GLP G09917184 | 5/1/89 to 5/1/90 |
| GLP G12430991 | 5/1/90 to 4/30/91 |

GLP G12433578          4/30/91 to 4/30/92

19.     The Century Policies provide coverage to Chicago Pneumatic/Atlas Copco for certain, if not all, of the Underlying Claims

20.     By letter dated June 28, 2005, Century agreed to participate in the defense of Chicago Pneumatic under the Century Policies for the Silica Claims.  (a copy of this letter is attached hereto as Exhibit C).  Upon information and belief, there may be additional letters from Century in which it agreed to participate in the defense of Chicago Pneumatic similar to Exhibit C.

21.     Upon information and belief, Century has not paid any defense costs in connection with the Silica Claims or any of the other Underlying Claims or has paid less than its equitable share of such costs.

Trygg-Hansa Policies

22.     Trygg-Hansa issued various excess (umbrella) liability insurance policies (the "Trygg-Hansa Policies") to Atlas Copco AB and all of its subsidiaries, such as Atlas Copco North America, Inc., including, but not limited to, the following policies:

| Policy Number | Policy Period |
| --- | --- |
| 71 92002 4 0 00 | 5/1/87 to 5/1/88 |
| 71 92002 4 0 03 | 5/1/88 to 5/1/89 |
| 71 92002 4 0 04 | 5/1/89 to 5/1/90 |
| 71 92002 4 0 05 | 5/1/90 to 5/1/91 |
| 71 92002 4 0 06 | 5/1/91 to 5/1/92 |
| 71 92002 4 0 07 | 5/1/92 to 5/1/93 |
| 71 92002 4 0 08 | 5/1/93 to 5/1/94 |

8

Based upon documents produced and representations made by Trygg-Hansa during discovery in this action, Trygg-Hansa allegedly transferred the insurance portfolio of its Industrial and Marine Business, including the Trygg-Hansa Policies, to Zurich Insurance Company and, thereafter, Zurich Insurance Company allegedly transferred the Trygg-Hansa Policies to Zurich Insurance plc.

23. The Trygg-Hansa Policies in effect from 1987 to 1992 sit directly above the Century Policies effective during that time period, while the Trygg-Hansa Policies in effect from 1992 to 1994 sit directly above the Industria Policies (as defined below) effective during that time period.

24. Under the Trygg-Hansa Policies, Trygg-Hansa may have an obligation to participate where the underlying insurance policy is exhausted or does not otherwise provide coverage to Atlas Copco/Chicago Pneumatic for an Asbestos Claim or Silica Claim.

25. Based upon documents produced by Century during discovery in this action, the limits of liability of the underlying Century Policies in effect from May 1, 1989 to May 1, 1990 and from May 1, 1990 to April 30, 1991 (collectively, the "1989-1991 Century Policies") allegedly are exhausted by Century's payment of other claims on behalf of Atlas Copco.

26. In addition, documents produced by Century reflect that the limits of liability of the underlying Century Policies in effect from May 1, 1988 to May 1, 1989 (the "1988-1989 Century Policy") and from April 30, 1991 to April 30, 1992 (the "1991-1992 Century Policy") allegedly are substantially impaired by Century's payment of other claims on behalf of Atlas Copco.

27.     The Trygg-Hansa Policies in effect from May 1, 1988 to May 1, 1992 (the "1988-1992 Trygg-Hansa Policies"), which sit directly above the allegedly exhausted and impaired Century Policies, specifically provide coverage for up to $5 million in asbestos liabilities.  In addition, the Trygg-Hansa Policies in effect from May 1, 1992 to May 1, 1994 do not contain any exclusions or restrictions for the Asbestos Claims based upon the documents produced by Atlas Copco.

28.     None of the Trygg-Hansa Policies contain any exclusions or restrictions for the Silica Claims based upon the documents produced by Atlas Copco.

29.     With respect to the Asbestos Claims, the 1988-1992 Trygg-Hansa Policies appear to currently have an obligation to participate because, based upon the documents produced by Century, the 1988-1992 Century Policies allegedly are exhausted and/or otherwise exclude coverage for the Asbestos Claims.

30.      With respect to the Silica Claims, the 1989-1991 Trygg-Hansa Policies appear to currently have an obligation to participate because, based upon the documents produced by Century, the 1989-1991 Century Policies allegedly are exhausted.  In addition, the 1988-1989 and 1991-1992 Trygg-Hansa Policies likely will have an obligation to participate in the near future for the Silica Claims because, based upon documents produced by Century, the 1988-1989 and 1991-1992 Century Policies allegedly are significantly impaired.

31.     As a result, Trygg-Hansa and/or Zurich Insurance Company and Zurich Insurance plc (collectively, "Zurich") have an obligation to contribute to defense and indemnity costs for the Asbestos Claims and Silica Claims for the periods of Trygg-Hansa's triggered policies.

2711560.1

32. Upon information and belief, Trygg-Hansa and Zurich have not paid any defense costs yet in connection with the Asbestos Claims or Silica Claims or have paid less than their equitable shares of such costs.

Industria Policies

33. Industria Insurance Company Ltd. issued various primary liability insurance policies (the "Industria Policies") to Atlas Copco AB and all of its subsidiaries and affiliates, such as Atlas Copco North America, Inc., including, but not limited to, the following policies:

| Policy Number | Policy Period |
|---|---|
| 920501-0030 | 5/1/92 to 5/1/93 |
| 930501-0030 | 5/1/93 to 5/1/94 |
| 940501-0030 | 5/1/94 to 5/1/95 |
| 950501-0030 | 5/1/95 to 5/1/96 |
| 960501-0030 | 5/1/96 to 5/1/97 |
| 970501-0030 | 5/1/97 to 5/1/98 |
| 980501-0030 | 5/1/98 to 5/1/99 |
| 990501-0030 | 5/1/99 to 5/1/00 |
| 000501-0030 | 5/1/00 to 5/1/01 |
| 010501-0030 | 5/1/01 to 5/1/02 |
| 020501-0030 | 5/1/02 to 5/1/03 |

34. The Industria Policies provide coverage to Chicago Pneumatic/Atlas Copco for certain, if not all, of the Underlying Claims.

2711560.1

35.     Upon information and belief, Industria has not paid any defense costs in connection with the Underlying Claims or has paid less than its equitable share of such costs.

Liberty Mutual Policy

36.     Liberty Mutual Fire Insurance Company issued at least one primary liability insurance policy (the "Liberty Mutual Policy") to Atlas Copco North America, Inc., including, but not limited to, the following policy:

| Policy Number | Policy Period |
|---|---|
| RG2-631-004250-043 | 5/1/03 to 5/1/04 |

37.     The Liberty Mutual Policy provides coverage to Chicago Pneumatic/Atlas Copco for certain, if not all, of the Underlying Claims.

38.     By letter dated December 10, 2004, Liberty Mutual agreed to participate in the defense of Chicago Pneumatic/Atlas Copco for Silica Claims under Liberty Mutual Policy no. RG2-631-004250-043.  (a copy of this letter is attached hereto as Exhibit D).  Upon information and belief, there may be additional letters from Liberty Mutual in which it agreed to participate in the defense of Chicago Pneumatic similar to Exhibit D.

39.     Upon information and belief, Liberty Mutual has not paid any defense costs in connection with the Silica Claims or any of the other Underlying Claims or has paid less than its equitable share of such costs.

## FIRST COUNT

(Declaratory Judgment as to Chicago Pneumatic/Atlas Copco)

40.     Travelers incorporates by reference each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

2711560.1

41.     An actual controversy exists between Travelers, on the one hand, and Chicago Pneumatic/Atlas Copco and Danaher, on the other, as to the scope and extent of insurance coverage available to Danaher and/or Chicago Pneumatic/Atlas Copco under the Travelers Policies.

42.     The terms, conditions and exclusions of the Travelers Policies govern who is entitled to insurance coverage and the scope and extent of insurance coverage for the Underlying Claims under the Travelers Policies.  Travelers expressly reserves its right to assert the terms, conditions and exclusions contained in the Travelers Policies, as well as the affirmative defenses set forth in its Answer to the Complaint, as defenses to coverage in connection with past and future Underlying Claims tendered by Danaher and/or Chicago Pneumatic/Atlas Copco to Travelers.

43.     The Travelers Policies do not provide coverage for Underlying Claims to the extent that the Underlying Claims, in whole or in part, are barred by the terms, conditions or exclusions contained in the Travelers Policies.

44.     Any alleged obligation of Travelers to pay either defense or indemnity under the Travelers Policies in connection with an Underlying Claim is subject to the applicable deductibles and limits of liability set forth in the Travelers Policies and Travelers is entitled to a Declaratory Judgment in that regard that is binding upon both Danaher and Chicago Pneumatic/Atlas Copco.

## SECOND COUNT

(Allocation of Defense and Indemnity Payments as to Chicago Pneumatic/Atlas Copco)

45.     Travelers repeats each and every allegation contained in Paragraphs 1 through 44 as if set forth at length herein.

2711560.1

46.     To the extent that it is determined that Danaher and/or Chicago Pneumatic/Atlas Copco are entitled to coverage under the Travelers Policies, an actual controversy exists between the parties concerning the parties' respective rights and obligations with respect to the allocation of defense and/or indemnity payments made or to be made in connection with Underlying Claims, including but not limited to the obligations of Danaher and/or Chicago Pneumatic/Atlas Copco to pay amounts attributable to periods in which there is no applicable insurance coverage or where such coverage has been exhausted or is otherwise unrecoverable.

47.     To the extent that Danaher and/or Chicago Pneumatic/Atlas Copco are entitled to coverage under their respective insurance policies, Travelers is only obligated, if at all, to participate in the defense and/or indemnity of Chicago Pneumatic/Atlas Copco in the Underlying Claims for its pro-rata, time-on-the-risk share, and Danaher and/or Chicago Pneumatic/Atlas Copco and/or their other insurers are responsible for amounts attributable to periods other than the periods of the Travelers Policies.

48.     There exists between the parties a substantial, bona fide, actual and justiciable dispute regarding the parties' respective rights and obligations with respect to the allocation of defense and/or indemnity payments made or to be made in connection with Underlying Claims.

49.     Travelers is entitled to a declaration of the parties' respective rights and obligations with respect to the allocation of defense and indemnity payments made or to be made in connection with Underlying Claims, including but not limited to the obligations of Danaher and/or Chicago Pneumatic/Atlas Copco for amounts attributable to periods in which there is no

14

applicable insurance coverage or such coverage has been exhausted or is otherwise unrecoverable.

THIRD COUNT

(Contribution Claim for Defense Costs As To Third Party Insurer Defendants)

50.     Travelers repeats each and every allegation contained in Paragraphs 1 through 49 as if set forth at length herein.

51.     On September 6, 2012, this Court determined that Travelers has a duty to defend Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims.

52.     In accordance with the September 6, 2012 Order, Travelers is currently paying for the defense of Chicago Pneumatic/Atlas Copco under the Travelers Policies for the pending Underlying Claims, subject to a complete reservation of rights including, but not limited to, Travelers right of contribution.

53.     Each of the Third Party Insurer Defendants issued insurance policies to Atlas Copco and/or Chicago Pneumatic which provide coverage to Atlas Copco and/or Chicago Pneumatic for certain, if not all, of the Underlying Claims.  As of March 2017, Travelers has spent more than $3.5 million in the defense of the Underlying Claims and Travelers is continuing to incur defense costs for the Underlying Claims.  Additionally, Danaher has sought millions of dollars in reimbursement from Travelers for past defense costs for the Underlying Claims which will be subject to Travelers right of contribution.

54.     Upon information and belief, Century and Liberty Mutual have previously made offers to participate financially in the defense of Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims but either have not paid any defense costs in connection with the Silica Claims or have paid less than their appropriate share of such costs.

15

55.     There exists a substantial, bona fide, actual and justiciable dispute among the parties regarding Travelers entitlement to contribution from the Third Party Insurer Defendants for any past or future defense costs or other sums that Travelers has paid or will pay in connection with the Underlying Claims.

56.     Travelers is entitled to contribution from the Third Party Insurer Defendants because, although Travelers and the Third Party Insurer Defendants are co-insurers of the same risk, Travelers has been paying and continues to pay more than its equitable share of Chicago Pneumatic/Atlas Copco's defense costs for the Underlying Claims.  Additionally, Danaher is seeking reimbursement from Travelers for more than Travelers equitable share of the past defense costs for the Underlying Claims.

57.     As a result, Travelers seeks a judicial determination that it is entitled to contribution from the Third Party Insurer Defendants for any past or future defense costs or other sums that Travelers has paid or will pay to or on behalf of Chicago Pneumatic/Atlas Copco in connection with the Underlying Claims.

<u>FOURTH COUNT</u>

(Allocation of Indemnity Payments as to Third Party Insurer Defendants)

58.     Travelers incorporates by reference paragraphs 1 through 57 above as if set forth at length herein.

59.     To the extent that it is determined that Danaher and/or Chicago Pneumatic/Atlas Copco are entitled to indemnity payments from Travelers under the Travelers Policies, an actual controversy exists between the parties concerning the parties' respective rights and obligations with respect to the allocation of indemnity payments made or to be made in connection with the Underlying Claims including, but not limited to, the obligations of the Third

16

Party Insurer Defendants, the Excess Insurer Defendants, Chicago Pneumatic/Atlas Copco and/or Danaher to pay for the amounts attributable to periods other than the periods of the Travelers Policies.

60.     To the extent that Danaher and/or Chicago Pneumatic/Atlas Copco are entitled to coverage under the insurance policies at issue in this action, Travelers is only obligated, if at all, to participate in the indemnity on behalf of Chicago Pneumatic/Atlas Copco in the Underlying Claims for its pro-rata, time-on-the-risk share, and Third Party Insurer Defendants, the Excess Insurer Defendants, Chicago Pneumatic/Atlas Copco and/or Danaher are responsible for amounts attributable to periods other than the periods of the Travelers Policies.

61.     There exists between the parties a substantial, bona fide, actual and justiciable dispute regarding the parties' respective rights and obligations with respect to the allocation of indemnity payments made or to be made in connection with Underlying Claims.

62.     Travelers is entitled to a declaration of the parties' respective rights and obligations with respect to the allocation of indemnity payments made or to be made in connection with Underlying Claims on behalf of Chicago Pneumatic/Atlas Copco, including but not limited to the obligations of the Third Party Insurer Defendants for amounts attributable to periods other than the periods of the Travelers Policies.

WHEREFORE, Travelers respectfully requests that this Court:

(a)     Issue a declaration determining the extent to which Travelers is entitled to contribution of past and future defense costs from the Third Party Insurer Defendants made or to be made in connection with the Underlying Claims;

(b)     Issue a declaration that Travelers has no indemnity obligation under the Travelers Policies for the Underlying Claims;

2711560.1

   (c)  If the Court does not issue a declaration that Travelers has no indemnity obligation under the Travelers Policies for the Underlying Claims, then issue a declaration determining all parties' respective rights and obligations with respect to the allocation of past and future indemnity payments made or to be made in connection with the Underlying Claims; and

   (d)  award Travelers such further relief that this Court deems just and proper.

By:   s/Robert W. Mauriello, Jr.
   Robert W. Mauriello, Jr.
   GRAHAM CURTIN, P.A.
   4 Headquarters Plaza
   P.O. Box 1991
   Morristown, New Jersey 07962-1991
   (973) 292-1700

   3 Park Avenue, 22nd Fl.
   New York, New York 10016
   (212) 847-3667

   Attorneys for Defendants/Third-Party Plaintiffs
   The Travelers Indemnity Company and
   Travelers Casualty and Surety Company
   (f/k/a The Aetna Casualty and Surety Company)

Dated: March 16, 2017

2711560.1